1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  JEREMY M. GOLDMAN, State Bar #218888
   TARA M. STEELEY, State Bar #231775
4  RENEE E. ROSENBLIT, State Bar #304983
   RYAN STEVENS, State Bar #306409
5  Deputy City Attorneys
   Fox Plaza
6  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
7  Telephone:    (415) 554-6762 [Goldman]
                 (415) 554-4655 [Steeley]
8                (415) 554-3975 [Stevens]
   Facsimile:    (415) 554-3837
9  E-Mail:       Jeremy.Goldman@sfcityatty.org
                 Tara.Steeley@sfcityatty.org
10               Renee.Rosenblit@sfcityatty.org
                 Ryan.Stevens@sfcityatty.org
11
   Attorneys for Defendant
12 CITY AND COUNTY OF SAN FRANCISCO

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16 | HASTINGS COLLEGE OF THE LAW, a           | Case No. 4:20-cv-3033-JST
   | public trust and institution of higher education
17 | duly organized under the laws and the     | **ADMINISTRATIVE MOTION TO CONSIDER
   | Constitution of the State of California;  | WHETHER CASES SHOULD BE RELATED
18 | FALLON VICTORIA, an individual; RENE      | PURSUANT TO CIVIL LOCAL RULE 3-12**
   | DENIS, an individual; TENDERLOIN
19 | MERCHANTS AND PROPERTY                    | **NOTE:  APPLICATION FOR A TRO HAS
   | ASSOCIATION, a business association;      | BEEN FILED IN OTHER ACTION**
20 | RANDY HUGHES, an individual; and
   | KRISTEN VILLALOBOS, an individual,        | Trial Date:         Not Set
21 |
   |        Plaintiffs,
22 |
   |    vs.
23 |
   | CITY AND COUNTY OF SAN
24 | FRANCISCO, a municipal entity,
   |
25 |        Defendant.

26

27

28

**INTRODUCTION**

Defendant City and County of San Francisco ("The City") respectfully submits this Administrative Motion moving for a court order finding that this case, *Hastings College of Law et al. v. County of San Francisco, et al.*, Case No. ("*Hastings*"), is related to a second-filed action regarding the City's response to the homeless crisis created by COVID-19. The second related action is *Concerned Citizens of the Haight v. City and County of San Francisco.*, Case No. 3:20-CV-03538-CRB ("*Haight*"), filed on May 27, 2020. Declaration of Ryan Stevens, Ex. A. Plaintiffs in the *Hastings* action seek injunctive and declaratory relief requiring the removal of tents from sidewalks in the Tenderloin. Plaintiffs in the *Haight* action seek to prevent the City from establishing a "safe sleeping site" that would allow people who are currently sleeping in tents on sidewalks in the Haight neighborhood to move to a supervised location where tents will not block sidewalks, and sanitation and social services will be provided. While the neighborhoods are different, the *Haight* action seeks an order prohibiting potential solutions to problems at issue in the *Hastings* action, under the same or overlapping legal theories. ***Plaintiffs in the Haight action have requested the issuance of a temporary restraining order by Friday, May 29, 2020***.

Plaintiffs in both this action and the *Haight* action have advised us that they do not oppose this motion to relate to the two actions; however, Plaintiffs in this action asked us to state that they do not consent to any consolidation or joinder of the actions. Declaration of Ryan Stevens ¶3. Plaintiffs in the Haight action do not oppose relation. Declaration of Ryan Stevens ¶4.

**II.    LEGAL STANDARD**

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  A party that believes that an action may be related to another action that 'is or was' pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civil L. R. 3-12(b).

### III. RELATIONSHIP OF THE ACTIONS

First, actions may be considered to "concern substantially the same parties, property, transaction, or event" under Local Rule 3-12(a)(1). Here, the plaintiffs in the actions are different, but both cases sue the City over the neighborhood impacts of the homeless crisis caused by COVID-19. Even though the neighborhoods are different, there is a substantial overlap in factual allegations and legal claims. The *Haight* action explicitly references the *Hastings* action in the complaint and states that the *Haight* complaint involved "the same types of health and safety dangers". *See Haight* Complaint ¶41. Many paragraphs setting forth the causes of action in the *Haight* complaint seem to have been copied directly from the *Hastings* complaint. These factors warrant treating the actions as related. *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a different underlying FOIA request"); *In re Leapfron Enters., Inc. Sec. Litig.,* No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

Second, the cases should be related to avoid an "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges under Civil Local Rule 3-12(a)(2). Although it is not entirely clear to what extent the two actions are at cross-purposes and to what extent they seek the same thing, either way they benefit by an order relating them and assigning them to the same judge, thereby avoiding duplication of effort and potentially conflicting rulings. *See Pepper v. Apple,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal Aug. 22, 2019)

### CONCLUSION

Because *Haight* and *Hastings* contain substantively similar allegations and claims, and because

relating the case may conserve judicial resources, Defendants respectfully ask this Court to relate the two cases.

Dated: May 28, 2020

                              DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
JEREMY M. GOLDMAN
TARA M. STEELEY
RENEE E. ROSENBLIT
RYAN STEVENS
Deputy City Attorney


By: */s/ Ryan Stevens*
     RYAN STEVENS

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO