**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>        Defendant. | **Case No. 4:20-cv-3033-JST**<br><br>**[PROPOSED] ORDER GRANTING INTERVENORS' MOTION FOR INTERVENTION**<br><br>Complaint Filed: May 4, 2020 |

1 **[PROPOSED] ORDER GRANTING INTERVENORS' MOTION FOR INTERVENTION**

2   Applicant Intervenors Coalition on Homelessness (hereinafter "the Coalition"), Faithful
3 Fools, and Hospitality House are three non-profit organizations who jointly filed a Motion to
4 Intervene as Matter of Right and Permissively in this action, pursuant to Fed. Rule of Civil
5 Procedure 24. In doing so, they assert that as organizations they collectively represent the interests
6 of unhoused Tenderloin residents whose interests are not currently represented in the action before
7 this Court.

8   The Court has reviewed the applicants' Motion for Intervention and all supporting papers.

9 **I. THE COALITION, FAITHFUL FOOLS, AND HOSPITALITY HOUSE ARE**
10 **ENTITLED TO INTERVENTION AS A MATTER OF RIGHT**

11   **A. The Standard for Intervention as a Matter of Right**

12   Federal Rules of Civil Procedure 24(a) provides that a party who "claims an interest relating
13 to the property or transaction that is the subject of the action, and is so situated that disposing of the
14 action may as a practical matter impair or impede the movant's ability to protect its interest" must be
15 allowed to intervene in a case "unless existing parties adequately represent that interest." Fed. R. of
16 Civ. Proc. 24(a)(2). To be granted intervention as a matter of right, the Coalition, Faithful Fools, and
17 Hospitality House must satisfy four requirements and demonstrate that 1) their request for
18 intervention is timely; 2) they have a "significant protectable interest" relating to the matter that is
19 the subject of the action; 3), a decision in the action may, as a practical matter, impair or impede
20 their ability to protect their interest; and 4) the existing parties may not adequately represent the
21 interests of unsheltered Tenderloin residents interest. Fed. R. Civ. P. 24(a); *Donnelly v. Glickman*,
22 159 F.3d 405, 409 (9th Cir. 1998).

23   The Court finds that the three organizations have satisfied these requirements to intervene as
24 a matter of right.

25        **1. The Request to Intervene is Timely**

26   Timeliness is measured by three factors: "(1) the stage of the proceeding at which an
27 applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of
28 the delay," if any. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal

citation omitted). A motion made "at an early stage of the proceedings" will generally satisfy the timeliness requirement. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion to intervene was timely when filed "less than three months after the complaint was filed and less than two weeks after the answer was filed"). The request to intervene in this instance is timely. It is made a little over a month after Plaintiffs initiated this case and before Defendants have filed a response. No substantive hearings have been held or are currently scheduled. The critical date in evaluating the timeliness of the intervention is the time that the applicants knew or should have known that their interests were not adequately represented and might be adversely affected by the litigation. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 934 F.2d 1092, 1095-96 (9th Cir. 1991). Here, applicants just recently learned that Plaintiff Hastings School of Law would not sign a pledge to protect homeless individuals' interests. After learning this information, applicants promptly filed this motion to intervene.

Because applicants promptly filed this motion to intervene, there was no undue delay and the original parties will not be prejudiced.

**2.     The Coalition, Faithful Fools, and Hospitality House Have a "Significant Protectable Interest"**

"[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result for the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Rule 24(a) does not require that the protectable interest at stake in the litigation be a specific legal or equitable interest. *Id.* The question is whether the intervenor (1) "asserts an interest that is protected under some law, and (2) whether there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *City of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (internal citation omitted). An interest is sufficient "if the resolution of plaintiff's claims actually will affect the applicant." *United States v. City of Los Angeles*, 288 F.3d 391, 398-99 (9th Cir. 2002) (quoting *Donnelly*, 159 F.3d at 410).

1  The Coalition, Faithful Fools, and Hospitality House have demonstrated that unsheltered Tenderloin residents, whose interests they represent, have a significant protectable interest based in law that relate to Plaintiffs' claims. Plaintiffs bring fourteen causes of action against Defendant. The factual basis underlying each of Plaintiffs' claims relate to the presence of unsheltered individuals in the Tenderloin neighborhood. Taken together, Plaintiffs call for the removal of homeless people, tents, and their other property from the Tenderloin neighborhood. The Coalition, Faithful Fools, and Hospitality House assert that unsheltered Tenderloin residents, who are disproportionately individuals with disabilities, have protectable interests under federal disability laws. All unsheltered individuals also have constitutional protections that may be implicated in any decision or resolution of Plaintiffs' claims. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (finding that homeless persons have a constitutionally protected interest in their personal belongings, even those left temporarily unattended in public spaces); *Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019) (holding that "as long as there is no option of sleeping indoors, the government cannot criminalize indigent, homeless people for sleeping outdoors, on public property, on the false premise they had a choice in the matter."). These legal interests relate to and are implicated by Plaintiffs' claims against Defendants.

### 3. This Action will Impact the Ability to Protect Unsheltered Tenderloin Residents Protected Interests

In the third prong to intervene as a matter of right, courts ask whether "the disposition of this case may, as a practical matter, affect" the interest at stake. *California ex rel Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006). Applicants must show that in their absence, their interests would "would be substantially affected in a practical sense by the determination made in an action." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24, Advisory Committee Notes).

As argued by the Coalition, Faithful Fools, and Hospitality House, the presence of unsheltered Tenderloin residents and their property is at the heart of this case. In their absence, Plaintiffs may seek remedies that implicate unsheltered residents rights relating to their person,

1  disability, and property. Persons experiencing homelessness in the Tenderloin would most directly
2  bear the effects of an adverse decision or settlement adverse to their interests.

3  **4.     No Party in this Action That Will Represent the Interests of Unsheltered**
4  **Residents**

5  Whether another party can adequately represent the intervenors' interests depends on "(1)
6  whether the interest of a present party is such that it will undoubtedly make all of a proposed
7  intervenor's arguments; (2) whether the present party is capable and willing to make such
8  arguments; and (3) whether a proposed intervenor would offer any necessary elements to the
9  proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.
10 2003). "The requirement of the [r]ule is satisfied if the applicant shows that representation of his
11 interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."
12 *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538, n.10 (1972). "The 'most important
13 factor' in assessing the adequacy of representation is 'how the interest compares with the interests of
14 existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir.
15 2011) (quoting Arakaki, 324 F.3d at 1086).

16 The applicants have shown that no party will adequately represent the interests of unhoused
17 residents. Plaintiffs are a collection of housed residents, business owners, and a large law school in
18 the Tenderloin district. Their circumstances are distinct than those of unhoused Tenderloin residents,
19 and applicants have shown that so are their interests. The refusal of one of the Plaintiffs, Hastings
20 School of Law, to sign a pledge protecting the interests of homeless individuals in this litigation is
21 evidence of this fact. The applicants have shown that unsheltered residents cannot rely on Plaintiffs
22 to make all of their arguments, and Plaintiffs may be unable or unwilling to raise the arguments.

23 Defendants can also not be relied upon to adequately represent the interests of the applicants.
24 Defendants have numerous constituents with conflicting interests, some of whom are present in the
25 lawsuit, and thus Defendant's interests as a government entity is also distinct from those of unhoused
26 residents.   Additionally, the Coalition, Faithful Fools, and Hospitality House each bring expertise
27 and a distinct perspective from the existing parties. Their collective and unique experience in
28 working directly with unsheltered Tenderloin residents, many of whom have disabilities, will offer

necessary elements to the adjudication of this case that other parties may neglect to raise in addressing the issues in this action.

## II. THE COALITION, FAITHFUL FOOLS, AND HOSPITALITY HOUSE ARE GRANTED PERMISSIVE INTERVENTION

An applicant for permissive intervention must show (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the applicant's claim or defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(2); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d1297, 1308 (9th Cir. 1997).  The Court must also consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Courts have broad discretion and can consider numerous other factors in making the determination whether to grant permissive intervention. *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

The Coalition, Faithful Fools, and Hospitality House have met the requirements of permissive intervention.  Jurisdictional requirements under Rule 24(b) ensure that intervenors cannot destroy diversity jurisdiction or expand the subject of the lawsuit by bringing new state law claims. *Freedom from Religion Found, Inc. v. Geithner,* 644 F.3d 836, 843-44 (9th Cir. 2011). This Court has independent grounds for jurisdiction. This Court's jurisdiction is based on Plaintiffs' federal claims and supplemental jurisdiction over Plaintiffs' state law claims. Applicants respond to Plaintiffs claims, bring their own federal claims, and they do not raise any new state law claims.

In regard to timeliness, the same three factors for timeliness under Rule 24(a), stage of litigation, prejudice, and undue delay, is considered under Rule 24(b), however courts apply a stricter timeliness standard under permissive intervention than under intervention as a matter of right. *League of United Latin Am. Citizens,* 131 F.3d at 1308.  Here, the applicants have timely filed this motion for permissive intervention. They moved to intervene a little over a month after the initiation of this action and before Defendants have filed a response. No substantive hearings have taken place, and none are currently on calendar. Additionally, applicants just recently learned that Plaintiff Hastings School of Law would not sign a pledge to protect homeless individuals' interests. After learning this information, applicants promptly filed this motion to intervene.

Because applicants promptly filed this motion to intervene, there was no undue delay and the original parties will not be prejudiced.

Applicants have also shown that unsheltered residents' interests and claims involve common questions of fact and law relating to the main issues in this case. Plaintiffs' case revolves around the current conditions in the Tenderloin neighborhood in general, and the presence of unsheltered residents, their tents, and property in particular. The applicants' claims raise similar questions of law and fact. Both applicants and Plaintiffs raise disability claims and the factual circumstances regarding the presence of unsheltered Tenderloin residents. Further, the applicants provide crucial services to those who live on the streets and to individuals with disabilities. They can provide key factual information, relating to both applicants and Plaintiffs' claims, in light of the organizations' extensive outreach and work on the ground.

### III.     CONCLUSION

The Court finds that the Coalition on Homelessness, Faithful Fools, and Hospitality House have met the requirements for intervention as of right and permissive intervention.

**IT IS SO ORDERED.**

Dated: _____, 2020                                         _____
                                                                     Honorable Jon S. Tigar
                                                                     United States District Judge