**Declaration of Lauren Hansen**

1. I am an attorney with the Public Interest Law Project. I represent Proposed Intervenors Hospitality House, Coalition on Homelessness, and Faithful Fools in Proposed Intervenors' request for an Order Shortening Time, under Civil Rule 6-3, for the Court to hear the Motion to Intervene.

2. I have made efforts to contact both Plaintiffs and Defendant's Counsel to inform them of Proposed Intervenors' interests in this case and to see if they would not oppose our Motion for Intervention, filed concurrently.

3. On June 2, 2020, I contacted Counsel for Plaintiffs and Defendants by email, and sent them a letter informing them of Proposed Intervenors' intention to intervene in this case, explaining the reasons that we believe Proposed Intervenors should be granted intervention, and to learn whether they would oppose the motion.

4. On June 3, 2020, I called both parties' counsel to follow-up on my email and to discuss intervention. Neither counsel was available at the time.

5. Later that day, at around 4:30 p.m., Plaintiffs' Counsel, Michael Kelly, responded by email that he was unable to agree to not oppose our attempt to intervene in the case, but also said that he would review the intervention papers after filing and determine the most appropriate response.

6. On June 4, 2020, I spoke to Defendant's counsel Jeremy Goldman, City Attorney for the City and County of San Francisco, who also indicated he could not agree to not oppose our motion to intervene at this time, but would review the papers after filing.

7. I understand from the court docket that there are no substantive hearings scheduled and none have occurred. I also understand that the parties have participated in multiple settlement conferences.

8. On June 5, 2020, at around 4:00 p.m., I called Jeremy Goldman again to gain a better understanding of the likelihood of settlement and whether he thought settlement was imminent.

9. Mr. Goldman was unable to give me any specific updates, other than that the parties would be meeting to discuss settlement on Monday, June 8, 2020.

10. I do not believe that an order shortening time would have an effect on the schedule for the case. Civil L.R. 6-3(a)(6).

1. 11. The most recent scheduling entries on ECF shows a scheduling conference on June 8 at 12:00 p.m., a Case Management Statement deadline on June 18, and a further case management conference on June 19 at 2:00 p.m.

12. I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 9, 2020

By: _____
LAUREN HANSEN