Lauren Hansen (CA BAR NO. 268417)
Melissa A. Morris (CA BAR NO. 233393)
PUBLIC INTEREST LAW PROJECT
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: lhansen@pilpca.org

ATTORNEYS FOR PROPOSED INTERVENORS
HOSPITALITY HOUSE; COALITION ON
HOMELESSNESS; AND FAITHFUL FOOLS

Lili V. Graham (CA BAR NO. 284264)
Tiffany L. Nocon (CA BAR NO. 301547)
DISABILITY RIGHTS CALIFORNIA
350 S Bixel Street, Ste 290
Los Angeles, CA 90017-1418
Tel: (213) 213-8000
Fax: (213) 213-8001
Email: Lili.Graham@disabilityrightsca.org

ATTORNEYS FOR PROPOSED INTERVENORS
HOSPITALITY HOUSE; COALITION ON
HOMELESSNESS; AND FAITHFUL FOOLS

Michael David Keys
(CA BAR NO. 133815)
Jessica Berger (CA BAR NO. 319114)
BAY AREA LEGAL AID
1454 43rd Avenue
San Francisco, CA 94122
Tel: (415) 982-1300
Fax: (415) 982-4243
Email: mkeys@baylegal.org

ATTORNEYS FOR PROPOSED
INTERVENORS COALITION ON
HOMELESSNESS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>Defendant. | **Case No. 4:20-cv-3033-JST**<br><br>**DECLARATION OF LINDA CHRISMAN IN SUPPORT OF PROPOSED INTERVENORS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE MOTION FOR INTERVENTION**<br><br>Date:<br>Time:<br>Place: Courtroom 6, Second Floor<br>Judge: Hon. Jon S. Tigar<br><br>Complaint Filed: May 4, 2020<br>Trial Date: None Set |

I, Linda Chrisman, declare:

1. Faithful Fools is a non-profit organization and a Proposed Intervenor in *Hastings College of the Law, et al. v. City & County of San Francisco*: Case No.: 4:20-cv-03033-JST. For the past 11 years, my role at Faithful Fools has been to treat Tenderloin residents experiencing trauma. Over 80% of the people I treat have disabilities. I make this Declaration in support of Proposed Intervenors' supplemental brief in support of the Motion for Intervention.

2. The facts set forth below are known to me personally. I have first-hand knowledge of these facts. If called as a witness, I could and would testify competently, under oath, to such facts.

## MY CREDENTIALS

3. I have treated trauma through holistic bodywork for over 35 years. For 11 years with Faithful Fools, I have treated at least 100 people in the Tenderloin. I specialize in an integrative approach informed by extensive training in Rosen Method Bodywork, Continuum, Somatic Experiencing, and other movement and touch modalities.

4. The body-based methods I teach and utilize identify symptoms of traumatic stress and trauma. For example, in Trauma and Resiliency workshops with residents in the Tenderloin, I teach various methods for facilitating self-regulation. These methods include awareness of internal body sensations (interoception), imagery, visual orienting, grounding and centering exercises, boundary enhancing movements, and when appropriate, gentle touch from another person. These body-based methods decrease hyper-vigilance and increase a sense of safety.

5. I also have private sessions with individuals in the Tenderloin. In private sessions, I address chronic tension from trauma and the incomplete self-protective responses of fight, flight, and freeze that underlie trauma. I help people complete these innate biological responses and re-establish their inherent capacity for resilience. Chronic tension shuts down one's ability to feel connected to life and others and most importantly, to one's self. Releasing these tensions encourages physical and emotional healing. A private session can include breath, sound, movement, or touch as ways of facilitating relaxation and restoring sensation and awareness.

6. In addition to bodywork and private sessions, I write articles and teach workshops on treating trauma and the importance of interoception. I taught as an adjunct professor at JFK University and The Institute of Transpersonal Psychology. My articles appeared in Integrating Complementary Medicine into Health Systems, The Gale Group Encyclopedia of Alternative Medicine, Being Bodies: Buddhist Women on the Paradox of Embodiment, and The Massage Therapy Journal. I have lectured throughout the U.S., including providing workshops at Stanford University, San Jose State University, Kaiser Permanente Hospital, Menlo Park Chamber of Commerce, Zonta Children's Center, and the Ridhwan School.

7. I earned my Master's degree in Philosophy and Religion from the California Institute of Integral Studies, and a BA in Psychology from Stanford University. Attached as Exhibit A, Resume.  My certifications and licenses include:

- DARe- Dynamic Attachment Repatterning experience (somatic attachment for adults)
- California State Massage Therapist license (first year available)
- Somatic Experiencing (trauma resolution)
- Authorized Teacher Continuum Movement (now Continuum)
- Rosen Method Bodywork Teacher, Introductory Workshops
- Rosen Method Bodywork
- California State Massage Instructor
- Trager Psychophysical Integration bodywork
- Holistic Massage certification, State of California

8. I am a member of the Association of Bodywork and Massage Professionals and the Somatic Experiencing Trauma Institute. I served as a Member of Board of Directors at Park Day School, an independent elementary and middle school, and chair of the Special Needs and Learning Differences committee.

**MY OPINION ON THE STIPULATED INJUNCTION**

9. I had to an opportunity to review the Stipulated Injunction that the law school and the City of San Francisco entered into. I have concerns about the way that the agreement is currently written.

10. The Stipulated Injunction has great potential to harm people I treat in the Tenderloin. First, where the Stipulated Injunction recites offers of shelter, there is no procedure for assessment for homeless individuals with disabilities. Chronically homeless individuals usually have trauma whether prior to becoming homeless or while homeless. Often, homeless individuals live with chronic trauma and in a hyper vigilant state that requires careful offer of services and care. It is imperative that a homeless individual be given the right to self-determination as to choose of services, care and housing options. It is also important to provide information as to what the options are so the individual can be informed and prepared for what will happen next. For individuals with disabilities, the City needs to be sure that an individuals' disabilities are adequately assessed to ensure proper options and placements.

11. I also noticed that there are no provisions for a process that will ensure appropriate placements. Appropriate placement needs to include assessment for medical needs, social needs, and access to continuation of services to consider the individuals' needs.

12. Second, I am really concerned about the way that the Stipulated Injunction currently it reads, it says people living in tents will be offered hotels, shelter or sleeping sites, but if they resist, they'll face law enforcement. My experience in the Tenderloin, I am pretty sure there are not enough shelters or spaces available, so this appears to be a false choice.

13. In terms of mental health, threatening criminal enforcement will exacerbate previous trauma and forge new trauma because it takes away choice from individuals. By telling someone that she has to stay in a hotel temporarily or go to a specific sleeping site, or else she will face criminal penalties, such as arrest or criminal citations, her agency over her life, body, and possession disappears. This lack of autonomy bodes badly for people living with trauma. To manage trauma and to feel safe, people must feel control over their lives and their bodies. In order for even a short stay in a hotel to provide respite for someone who's been on the streets for months or years, it must be voluntary. Coercion undermines the effectiveness of this

intervention, creating behaviors that appear self-destructive (for example excessive substance use, not staying in the hotel, argumentative interactions). These behaviors are not resistance to having a safe place to sleep. They are examples of resistance to coercion.

14. People experiencing trauma have difficulty functioning in society. They need stability and support to perform life activities, especially people experiencing homelessness. For many homeless individuals, emergency shelters, temporary hotels, and transitional housing may be experienced as instability. Such instability makes individuals feel like they lack control. That lack of control impedes independence. This means that the best outcome for homeless individuals experiencing trauma would be stable housing with access to treatment, like the trauma treatment I offer at Faithful Fools. Barring stable housing, temporary shelter like a hotel stay or sleeping site must be voluntary, not coerced.

15. Before the Stipulated Injunction, I helped people living in the Tenderloin manage the chronic trauma of living on the streets. Ceaseless noises surrounded them. They remained vulnerable to personal invasions and the threat of having their tent slashed or vandalized. Other people I treated reported they feared police violence. When people live in an environment promoting trauma, they develop chronic trauma. Chronic trauma requires the care of consistent services, treatment, and building of trust with service providers around them. During periods where treatment is interrupted, individuals have a difficult time managing the symptoms of their mental health disabilities and disability symptoms are exacerbated.

16. Through engaging in treatment and other services, individuals began to feel safe by noticing environmental triggers and the way their bodies react to those trauma triggers. By taking control of these physiological responses to trauma, people learned to manage their trauma symptoms and engage socially. One of the most effective ways of managing trauma is to offer appropriate social engagement. By making friends and tending to other positive relationships, people I treated learn to bond and improve their communities.

17. If the Stipulated Injunction is carried out in the way it is written now, with a focus on police enforcement and no assurances of appropriate placements or continued access to necessary services, fruitful treatment will be replaced with intensified trauma, insecurity, and

1  erratic behavior. The Stipulated Injunction may force people with trauma to thinking they have
2  an illusory choice: Go to a temporary hotel or parking lot or go to jail. The potential of coercion
3  undermines the potential good safe sleeping, either in a hotel or in a supervised site, may
4  provide. When stable community relationships are disrupted, people feel anxious, withdraw, feel
5  shame, lose trust, become hyper-vigilant, and are unable to regulate their emotions and actions.
6  Physical symptoms include difficulty sleeping, problems with eating and digestion, and difficulty
7  breathing.

8   18.   It is against all therapeutic ideologies and treatments to create a false choice.  The
9  Stipulated Injunction in its current form is a perfect example.  The individual is offered options
10 but underlying those choices is – if they are unwilling to accept the choices offered, they will be
11 arrested.  This ultimatum will only exacerbate the challenges facing a population of that is
12 already extremely physical and mentally vulnerable.  The ultimatum to choose what we offer or
13 face arrest will only further build more distrust in the community, further traumatize people, and
14 further harm the mental and physical health of homeless individuals.  Many of the individuals,
15 who we have helped in the community to help heal and become stable, will regress.

16   19.   When hotel stays will run out, nobody knows what will happen to these
17 individuals. The Stipulated Injunction as it is currently written also leaves people uncertain about
18 where they will live. Because of this uncertainty, individuals I treat will experience further
19 trauma. Stability and predictability are essential for traumatized individuals. In my opinion, the
20 Stipulated Injunction's lack of specificity about what will happen to Tenderloin residents' access
21 to services during and after the COVID-19 pandemic will harm homeless individuals with
22 disabilities.

23   I declare under penalty of perjury under the laws of the United States of America that the
24 foregoing is true and correct to the best of my knowledge.  Executed on June 18, 2020 in San
25 Francisco, California.

26
27 _____
    Linda Chrisman MA, CMT
28