MICHAEL A. KELLY, State Bar No. 71460
  MKelly@WalkupLawOffice.com
RICHARD H. SCHOENBERGER, State Bar No. 122190
  RSchoenberger@WalkupLawOffice.com
MATTHEW D. DAVIS, State Bar No. 141986
  MDavis@WalkupLawOffice.com
JADE SMITH-WILLIAMS, State Bar No. 318915
  JSmithWilliams@WalkupLawOffice.com
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street
San Francisco, CA  94108
Telephone:  415-889-2919
Facsimile:  415-391-6965

ALAN A. GREENBERG, State Bar No. 150827
  AGreenberg@GGTrialLaw.com
WAYNE R. GROSS, State Bar No. 138828
  WGross@GGTrialLaw.com
DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
GREENBERG GROSS LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017
Telephone:  213-334-7000
Facsimile:  213-334-7001

_____
SHANIN SPECTER, Pennsylvania State Bar No. 40928
  shanin.specter@klinespecter.com
PHILIP M. PASQUARELLO
  philip.pasquarello@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Telephone: 215-772-1000
Pro Hoc Vice

Attorneys for All Plaintiffs

JOHN K. DIPAOLO, State Bar No. 321942
  dipaolojohn@uchastings.edu
General Counsel
Secretary to the Board of Directors
Hastings College of the Law
200 McAllister Street
San Francisco, CA  94102
Telephone:  415-565-4787
Facsimile:  415-565-4825

Attorney for Plaintiff
HASTINGS COLLEGE OF THE LAW

PLAINTIFFS' RESPONSE TO MOTIN TO INTERVENE - CASE NO. 4:20-cv-03033-JST

1

2

3   UNITED STATES DISTRICT COURT

4   NORTHERN DISTRICT OF CALIFORNIA

5

6   HASTINGS COLLEGE OF THE LAW, a
    public trust and institution of higher
7   education duly organized under the
    laws and the Constitution of the
8   State of California;
    FALLON VICTORIA, an individual;
9   RENE DENIS, an individual;
    TENDERLOIN MERCHANTS AND
10  PROPERTY ASSOCIATION, a
    business association;
11  RANDY HUGHES, an individual; and
    KRISTEN VILLALOBOS, an individual,

12                        Plaintiffs,

13         v.

14  CITY AND COUNTY OF SAN
    FRANCISCO, a municipal entity,

15                        Defendant.

16

Case No. 4:20-cv-03033-JST

**PLAINTIFFS' RESPONSE TO
MOTIN TO INTERVENE**

Date:    July 22, 2020
Time:    2:00 p.m.
Place:   Courtroom 6, 2nd Floor

**ASSIGNED FOR ALL PURPOSES
TO THE HONORABLE JON S.
TIGAR**

Trial Date:        (None set yet)

17

18         Plaintiffs do not support or oppose the Applicants' Motion for Intervention.

19         Plaintiffs note that under Federal Rule of Civil Procedure 24(a)(2), for the

20  Motion to be granted: (1) the motion must be timely; (2) the applicant's must have a

21  "significant protectable" interest relating to the property or transaction which is the

22  subject of the action; (3) the applicant must be so situated that the disposition of the

23  action may as a practical matter impair or impede its ability to protect that interest;

24  and (4) the applicant's interest must be inadequately represented. *Retiree Support

25  Group*, 315 F.R.D. 318, 321 (N.D. Cal. 2016) (citing Freedom From Religion Found. v.

26  Geithner, 644 F.3d 836, 841 (9th Cir. 2011).

27         Applicants must satisfy all four criteria: "[f]ailure to satisfy any one of the

28  requirements is fatal to the application." *Retiree Support Group*, 315 F.R.D. at 321

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2

PLAINTIFFS' RESPONSE TO MOTIN TO INTERVENE - CASE NO. 4:20-cv-03033-JST

1   (citing Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950) (9th Cir. 2009)).

2          A party who is not entitled to intervention as a matter of right may

3   nonetheless intervene through permissive intervention pursuant to

4   Fed. R. Civ. P. 24(b).  Permissive intervention requires: (1) an independent ground

5   for jurisdiction; (2) a timely motion; and (3) a common question of law or fact between

6   the applicant's claim or defense and the main action.  *Freedom*, 644 F.3d at 843.

7          By not supporting or opposing intervention, Plaintiffs do not waive any

8   objections, including, but not limited to: standing, ripeness, presence of a case or

9   controversy, justiciability, or political question — nor do plaintiffs waive objection or

10  reply to Applicants' statements of fact or law.

11         Plaintiffs agree with the City that, "[t]he terms of the Stipulated Injunction

12  represent a massive commitment of resources by the City, and reflect Plaintiffs' and

13  the City's shared goal to improve living conditions in the Tenderloin for housed and

14  unhoused residents alike." CCSF Response to Mot. for Intervention at 1. Plaintiffs

15  also agree "the Proposed Intervenors have not demonstrated any reason why the

16  Stipulated Injunction should not be entered by the Court. Proposed Intervenors have

17  not identified any provision of the Stipulated Injunction that is unlawful or that

18  would violate the rights of unhoused persons." Id. at page 2. Finally, Plaintiffs join

19  the City's request that the Court enter the Stipulated Injunction, regardless of how it

20  rules on the Motion to Intervene.

21

22  Respectfully submitted,

23

24                          By:        /S/ MICHAEL A. KELLY

25                                  MICHAEL A. KELLY

26                                  RICHARD H. SCHOENBERGER

26                                  MATTHEW D. DAVIS

27                                  JADE SMITH-WILLIAMS

                                    Attorneys for ALL PLAINTIFFS

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3
PLAINTIFFS' RESPONSE TO MOTIN TO INTERVENE - CASE NO. 4:20-cv-03033-JST