1   Lauren Hansen (CA BAR NO. 268417)
    Melissa A. Morris (CA BAR NO. 233393)
2   PUBLIC INTEREST LAW PROJECT
    449 15th St., Suite 301
3   Oakland, CA 94612-06001
    Tel: (510) 891-9794
4   Fax: (510) 891-9727
    Email: lhansen@pilpca.org
5

6   ATTORNEYS FOR PROPOSED INTERVENORS
    HOSPITALITY HOUSE; COALITION ON
7   HOMELESSNESS; AND FAITHFUL FOOLS

8   Lili V. Graham (CA BAR NO. 284264)          Michael David Keys
    Tiffany L. Nocon (CA BAR NO. 301547)        (CA BAR NO. 133815)
9   DISABILITY RIGHTS CALIFORNIA               Jessica Berger (CA BAR NO. 319114)
    350 S Bixel Street, Ste 290                 BAY AREA LEGAL AID
10  Los Angeles, CA 90017-1418                  1454 43rd Avenue
    Tel: (213) 213-8000                         San Francisco, CA 94122
11  Fax: (213) 213-8001                         Tel: (415) 982-1300
    Email: Lili.Graham@disabilityrightsca.org   Fax: (415) 982-4243
12                                              Email:  mkeys@baylegal.org
13  ATTORNEYS FOR PROPOSED INTERVENORS
    HOSPITALITY HOUSE; COALITION ON             ATTORNEYS FOR PROPOSED
14  HOMELESSNESS; AND FAITHFUL FOOLS            INTERVENORS COALITION ON
                                                HOMELESSNESS
15

16

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual, | **Case No. 4:20-cv-3033-JST** **DECLARATION OF LAUREN HANSEN IN SUPPORT OF PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION FOR INTERVENTION** |
| Plaintiffs, | Date: Time: Place: Courtroom 6, Second Floor Judge: Hon. Jon S. Tigar |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, | Complaint Filed: May 4, 2020 Trial Date: None Set |
| Defendant. | |

*Hastings College of the Law v. City and County of San Francisco;* **Case No. 4:20-cv-3033-JST**
**DECLARATION OF LAUREN HANSEN ISO PROPOSED INTERVENORS' REPLY ISO MOTION FOR INTERVENTION**

1  I, LAUREN HANSEN, declare:

2  1.      I am an attorney with the Public Interest Law Project.  I represent Proposed Intervenors

3  Hospitality House, Coalition on Homelessness, and Faithful Fools in Proposed Intervenors'

4  Motion for Intervention in *Hastings College of the Law, et al., v. City and County of San*

5  *Francisco*, case no.:  4:20-cv-03033-JST.

6  2.      At different times, I have contacted both Plaintiffs' and Defendant's Counsel regarding

7  Proposed Intervenors' Motion for Intervention and the Stipulated Injunction that the parties filed

8  after we filed our Motion for Intervention.

9  3.      On June 2, 2020, I contacted Counsel for Plaintiffs and Defendants by email, and sent

10  them a letter informing them of Proposed Intervenors' intention to intervene in this case,

11  explaining the reasons that Proposed Intervenors should be granted intervention, and to learn

12  whether they would oppose the motion.

13  4.      On June 3, 2020, I called both parties' counsel to follow-up on my email and to discuss

14  intervention. I was told that neither counsel was available at the time.

15  5.      On June 3, 2020, I called Plaintiffs' counsel, Michael Kelly to discuss whether Plaintiffs

16  would oppose our Motion for Intervention.  Later that day, at around 4:30 p.m., Mr. Kelly

17  responded by email that he was unable to agree to not oppose our motion to intervene, but also

18  said that he would review the intervention papers after its filing and determine the most

19  appropriate response.  I never heard back from Mr. Kelly, even after the Motion to Intervene was

20  filed. The first time I heard Plaintiffs' position regarding intervention was at 5:30 pm on June 22,

21  2020, when I received Plaintiffs' filing stating they take no position on Proposed Intervenors'

22  Motion for Intervention.

23  6.      On June 4, 2020, I spoke to Defendant's counsel Jeremy Goldman, City Attorney for the

24  City and County of San Francisco, who also indicated he could not agree to not oppose our

25  motion to intervene at this time, but would review the papers after filing.

26  7.      On June 5, 2020, at around 4:00 p.m., I called Jeremy Goldman again to better

27  understand the likelihood of settlement and whether he thought settlement was imminent.

28

*Hastings College of the Law v. City and County of San Francisco;* **Case No. 4:20-cv-3033-JST**
**DECLARATION OF LAUREN HANSEN ISO PROPOSED INTERVENORS' REPLY ISO MOTION FOR**
**INTERVENTION**                                                                                                1

8.      Mr. Goldman was unable to give me any specific updates, other than that the parties would be meeting to discuss settlement on Monday, June 8, 2020.

9.      On Thursday, June 11, 2020 at around 8:00 p.m. I learned that a reporter from the SF Chronicle newspaper had a copy of the Stipulated Injunction, and was prepared to announce the impending agreement in Friday's news.  This came as a surprise to me.  Neither Plaintiffs' counsel nor Defendant's counsel reached out to me about their new agreement, despite our prior conversations.

10.      On June 12, 2020, I received the notification from the court that the parties filed a Stipulated Injunction.  The document had not been shared with us prior to seeing it on Friday morning.  Mr. Goldman sent me a courtesy copy of the filing.

11.      I called Jeremy Goldman at around 12:30 p.m. on the same day to discuss the settlement. I gave him a summary of our concerns to the Stipulated Injunction, namely, that it did not contain critical protections for unhoused persons or any details about the plans to implement such an agreement.

12.      Counsel for the City and Proposed Intervenors held a conference call on June 15 to discuss the Stipulated Injunction further.  We explained in more detail our concerns with the Stipulated Judgment, including that our clients or any unsheltered people were not part of crafting such an important agreement.  The City indicated it was still determining how to respond to our Motion for Intervention.

13.      Attached as Exhibit A is true and correct copy of a settlement agreement entered by a judge in the Central District in *People's Homeless Task Force v. County of Orange*, case no. 2:18-cv-01027-DOC-JDE, related and jointly settled with *Orange County Catholic Workers v. County of Orange*, case no. 8:18-cv-00155-DOC-JDE.  I include the settlement agreement to the *People's Homeless Task Force (PHTF)* case because the facts and issues are similar to the *Hastings College of Law* case.  In the *PHTF* case, Plaintiffs challenged Orange County's removal of unhoused persons and their personal belongings from the Santa Ana riverbed. The *PHTF* agreement contains developed, inclusive protections for unhoused persons during outreach efforts, assessments for appropriate linkage to services–including a reasonable

1    accommodation process for individuals with disabilities, and accessible shelter placements.

2    Counsel on this case, Lili V. Graham, is class counsel on the *PHTF* case. The *PHTF* settlement

3    agreement is under the ongoing federal jurisdiction before Judge David O. Carter of the Central

4    District court.

5    14.        On June 18, 2020, Kelley Cutler, a homeless advocate and an employee of the Coalition

6    on Homelessness, posted a video she recorded on youtube.com.  The video highlights the

7    problems with criminal enforcement and lack of appropriate placements based on someone's

8    disabilities.  In the video, a homeless person was apparently offered a sleeping spot outside.  He

9    did not want to accept it because he said it was not safe.  The police officer involved threatened

10   him with a criminal misdemeanor if he did not accept the spot or move his tent off the sidewalk.

11   There was no follow up about the person's needs, even though he was clearly agitated.  The

12   officer seemed to reference the agreement and this lawsuit as his authority to take these actions.

13   The video shows how nuanced and complicated these issues are, and highlights the need for a

14   clear agreement that contains a thorough plan for carrying out a change of this magnitude.

15   15.        On June 19, 2020, I called Mr. Goldman to ask him if he could send me the guidance

16   issued to City staff outlining the process of implementing the Stipulated Injunction.  He informed

17   me that no such guidance exists "in one place" and confirmed that the City started implementing

18   the agreement without uniform guidance.  He agreed to send me the guidance regarding

19   implementing the agreement when it was ready.  I have not received any guidance from the City

20   as of the date of this declaration, and to my knowledge, no guidance has been made public.

21   16.        Later that same day, June 19, at around 2:45 p.m., I sent Jeremy Goldman the video of

22   the police interaction with the person experiencing homelessness that I mentioned in paragraph

23   14.  I explained the contents of the video, and stated that we moved for intervention in this case

24   to avoid a situation exactly like this one.  I went on to explain that we think the video shows how

25   police, even well-intentioned, can escalate the situation and there is not an appropriate

26   assessment of someone's disabilities.  To date, Mr. Goldman has not responded to my email.

27   ///

28   ///

*Hastings College of the Law v. City and County of San Francisco;* **Case No. 4:20-cv-3033-JST**
**DECLARATION OF LAUREN HANSEN ISO PROPOSED INTERVENORS' REPLY ISO MOTION FOR**
**INTERVENTION**                                                                                      **3**

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge. Executed on June 24, 2020 in

3    Oakland, California.

4

5                                LAUREN HANSEN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28