MICHAEL A. KELLY, State Bar No. 71460
MKelly@WalkupLawOffice.com
RICHARD H. SCHOENBERGER, State Bar No. 122190
RSchoenberger@WalkupLawOffice.com
MATTHEW D. DAVIS, State Bar No. 141986
MDavis@WalkupLawOffice.com
JADE SMITH-WILLIAMS, State Bar No. 318915
JSmithWilliams@WalkupLawOffice.com
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street
San Francisco, CA 94108
Telephone: 415-889-2919
Facsimile: 415-391-6965

ALAN A. GREENBERG, State Bar No. 150827
AGreenberg@GGTrialLaw.com
WAYNE R. GROSS, State Bar No. 138828
WGross@GGTrialLaw.com
DEBORAH S. MALLGRAVE, State Bar No. 198603
DMallgrave@GGTrialLaw.com
GREENBERG GROSS LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: 213-334-7000
Facsimile: 213-334-7001

SHANIN SPECTER, Pennsylvania State Bar No. 40928
shanin.specter@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Telephone: 215-772-1000
Pro Hoc Vice Petition Pending

Attorneys for All Plaintiffs

JOHN K. DIPAOLO, State Bar No. 321942
dipaolojohn@uchastings.edu
General Counsel
Secretary to the Board of Directors
Hastings College of the Law
200 McAllister Street
San Francisco, CA 94102
Telephone: 415-565-4787
Facsimile: 415-565-4825

Attorney for Plaintiff
HASTINGS COLLEGE OF THE LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California;
FALLON VICTORIA, an individual;
RENE DENIS, an individual;
TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association;
RANDY HUGHES, an individual; and
KRISTEN VILLALOBOS, an individual,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,

Defendant.

Case No. 4:20-cv-03033-JST

**PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JON S. TIGAR**

Action filed: 05/04/2020
Trial Date: (None yet set)

Plaintiffs take no position on the ACLU's Motion for Leave to File a Brief of Amicus Curiae.

Plaintiffs note that under Federal Rule of Civil Procedure 29(a)(3), for a Motion for Leave to be granted, the movant's must state in their brief: (1) their interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

By not support or opposing the ACLU's Motion, Plaintiffs do not waive any objections, including, but not limited to: standing, ripeness, presence of a case or controversy, justiciability, or political question – nor do Plaintiffs waive objection or reply to the ACLU's statements of fact or law.

The ACLU states it has a "strong interest in the issues before this Court" and

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

believes the information presented in their brief "will significantly aid the Court in the resolution of the questions raised herein." Amicus' Mot. for Leave 1:5, 1:15-16. However, the issues in its brief are not the issues in the above-captioned claim, and Plaintiffs are unsure how the ACLU's brief supports Proposed Intervenors' Motion for Intervention, which is before this Court and has yet to be decided on the merits.

The ACLU states several reasons for its support of Proposed Intervenors' Motion. First, the ACLU believes "[t]he Proposed Injunction likely violates several constitutional amendments." Brief of Amicus Curiae 3:10. The ACLU correctly asserts under *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), a municipality cannot criminalize sleeping outdoors, under the Eighth Amendment, when no sleeping space is practically available in any shelter.

The ACLU, similar to Proposed Intervenors, has seemingly misinterpreted *Martin* in several ways. First, the ACLU assumes the removal of encampments that block public sidewalks is *de facto* criminalization of homelessness. Brief of Amicus Curiae 3:23-24 ("Clearly 'enforcement measures' implies criminalization of those who may not elect to be 'enforced'"). However, a municipality's decision to require unhoused persons to vacate their encampment does not, by itself, implicate any criminal sanctions that trigger Eighth Amendment protections. *Shipp v. Schaaf*, 379 F.3d 1033, 1037 (N.D. Cal. 2019). *Martin* states: "Nor do we suggest that a jurisdiction with insufficient shelter can *never* criminalize the act of sleeping outside." *Martin*, 920 F.3d at 617 n.8. An ordinance barring the obstruction of public rights of way, such as sidewalks, or the erection of certain structures, such as tents, may well be constitutionally permissible under the Ninth Circuit's holding. *Id.* at 617 n.8.

In addition, the ACLU believes the Proposed Injunction "likely" violates Proposed Intervenors' rights to Fourth and Fourteenth Amendment protections under *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012). Similar to *Shipp*, Plaintiffs believe a municipality's decision to require unhouses persons to vacate

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

encampments that block public sidewalks does not necessarily implicate any Fourth or Fourteenth Amendment violations under *Lavan*.

By fundamentally misunderstanding these holdings, it is unclear how the ACLU's brief "significantly aids" the question of Proposed Intervenors' "significant protectable interest" in the above-captioned claim.

Second, the ACLU states the perspective and voices of Black people and Black transgender, gender variant, and intersex individuals are noticeably missing from the Proposed Injunction. Brief of Amicus Curiae 5:12. It is unclear how this assertion supports Proposed Intervenors' Motion. In their Complaint, Plaintiffs acknowledge and understand the Tenderloin is a diverse community. Compl. 1:3-6. Further, the issue of whether Plaintiffs adequately represent Proposed Intervenors' viewpoints, in the interest of clear, accessible sidewalks, is already before this Court. The ACLU's support does not demonstrate how their Brief "significantly aids" Proposed Intervenors' Motion for Intervention in the resolution of this issue.

Plaintiffs continue to request the Court enter the Stipulated Injunction, regardless of how it rules on this Motion for Leave to File a Brief of Amicus Curiae.

Dated: June 29, 2020 WALKUP, MELODIA, KELLY & SCHOENBERGER

By: ______________________________
MICHAEL A. KELLY
RICHARD H. SCHOENBERGER
MATTHEW D. DAVIS
JADE SMITH-WILLIAMS
Attorneys for ALL PLAINTIFFS

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210