DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JEREMY M. GOLDMAN, State Bar #218888
TARA M. STEELEY, State Bar #231775
RENEÉ E. ROSENBLIT, State Bar #304983
RYAN STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-6762 [Goldman]
                (415) 554-4655 [Steeley]
                (415) 554-3853 [Rosenblit]
                (415) 554-3975 [Stevens]
Facsimile:      (415) 554-3837
E-Mail:         jeremy.goldman@sfcityatty.org
                tara.steeley@sfcityatty.org
                renee.rosenblit@sfcityatty.org
                ryan.stevens@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>        Defendant. | Case No. 4:20-cv-3033 JST<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>Trial Date:          Not Set |

**INTRODUCTION**

Defendant City and County of San Francisco ("the City") respectfully submits this Administrative Motion moving for a court order finding that this case, *Hastings College of Law et al. v. County of San Francisco, et al.*, ("*Hastings*"), is related to two later filed actions regarding the City's response to the homeless crisis created by COVID-19 in the Tenderloin and neighboring areas. The second related action is *Daniel Giosso, James Giosso, and Richard Giosso, Trustees of the Giosso Children's Trust; Mike O'Neill and Sons, a California General Partnership*, 3:20-cv-04255-TSH, ("*Giosso*"), filed on June 26, 2020.  Declaration of Ryan Stevens ("Stevens Dec"), Ex. A.  The third related action is *Erin Maher, Jason Reindorp, Nick Medina, Monica Calmer, South of Market Business Association, 570 Jessie LLC, Sierrec LLC dba Montesacro Pinserie Romana, Megali Souvla Inc, dbd Souvla, Design like Whoa LLC v. City and County of San Francisco*, 4:20-cv-04771-KAW, ("*Maher*"), filed on July 16, 2020. (Stevens Dec, Ex. B.)  Plaintiffs in the *Hastings* action sought injunctive and declaratory relief requiring the removal of tents from sidewalks in the Tenderloin. Plaintiffs in the *Giosso* action seek nearly identical injunctive relief and sue regarding property that they allege is in the Tenderloin, although the City disputes that the property in that action is located within the bounds of the Tenderloin neighborhood.  Plaintiffs in the *Maher* action seek nearly identical relief in the "mid-market" neighborhood that borders the Tenderloin. While the *Hastings* action has settled pending approval by the San Francisco Board of Supervisors, a complaint-in-intervention remains pending and if the Board does not approve the settlement then litigation resumes.

Plaintiffs in this action have advised the City that they do not oppose this motion to relate the three actions; however, Plaintiffs in this action asked us to state that they do not consent to any consolidation or joinder of the actions.   Stevens Dec ¶ 3.  Intervenors in this action have stated that they do not oppose relation of all three cases. Stevens Dec ¶ 4.  Plaintiffs in the *Giosso* action had not responded to the City's email requesting their position regarding relation as of the time of this filing. Stevens Dec ¶ 5.  Plaintiffs in the *Maher* action had not responded to the City's email request their position regarding relation as of the time of this filing. Stevens Dec ¶ 6.

/ / /

/ / /

## II.  LEGAL STANDARD

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  Civ. L. R. 3-12(a). A party that believes that an action may be related to another action that 'is or was' pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11."  Civ. L. R. 3-12(b).

## III.  RELATIONSHIP OF THE ACTIONS

First, actions may be considered to "concern substantially the same parties, property, transaction, or event" under Local Rule 3-12(a)(1).  Civ. L. R. 3-12(a)(1).  Here, the plaintiffs in the actions are different, but both cases sue the City over the neighborhood impacts of the homeless crisis caused by COVID-19.  There is a substantial overlap in factual allegations and legal claims.  The *Giosso* action appears to be in large part copied and pasted from the *Hastings* action.  Stevens Dec, Ex. A, *Giosso* Complaint.   The *Maher* Complaint is similarly copied and pasted from the *Hastings* action. Stevens Dec, Ex. B, *Maher* Complaint.  Many paragraphs setting forth the causes of action in the *Giosso* Complaint seem to have been copied directly from the *Hastings* Complaint and all of the causes of action in the *Giosso* Complaint are contained within the *Hastings* Complaint. See *Giosso* Complaint ¶¶ 45-91.  All of the causes of action in the *Maher* Complaint are present in both the *Giosso* and *Hastings* complaints. These factors warrant treating the actions as related.  *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a different underlying FOIA request"); *In re Leapfron Enters., Inc. Sec. Litig.,* No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

/ / /

Second, the cases should be related to avoid an "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" under Civil Local Rule 3-12(a)(2).  Civ. L. R. 3-12(a)(2).  Given the similar nature of these cases, both would benefit by an order relating them and assigning them to the same judge, thereby avoiding duplication of effort and potentially conflicting rulings.  *See Pepper v. Apple,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal. Aug. 22, 2019)

The City is cognizant that this Court previously declined to relate an action that challenged a safe-sleeping site in the Haight neighborhood.  However, unlike that case, the *Giosso* and *Maher* actions both concern the exact same legal issues.  The *Giosso* action purports to sue regarding the very same neighborhood as the *Hastings* action, and the *Maher* action concerns the neighborhood that borders the Tenderloin.

### CONCLUSION

Because *Maher*, *Giosso,* and *Hastings* contain substantively similar allegations and claims, and because relating the cases would conserve judicial resources, the City moves this Court for an order finding the three cases related.

Dated:  July 29, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
JEREMY M. GOLDMAN
TARA M. STEELEY
RENEÉ E. ROSENBLIT
RYAN STEVENS
Deputy City Attorney


By:_____*/s/ Ryan Stevens*_____
RYAN STEVENS

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
