1  MICHAEL A. KELLY, State Bar No. 71460
     MKelly@WalkupLawOffice.com
2  RICHARD H. SCHOENBERGER, State Bar No. 122190
     RSchoenberger@WalkupLawOffice.com
3  MATTHEW D. DAVIS, State Bar No. 141986
     MDavis@WalkupLawOffice.com
4  JADE SMITH-WILLIAMS, State Bar No. 318915
     JSmithWilliams@WalkupLawOffice.com
5  WALKUP, MELODIA, KELLY & SCHOENBERGER
   650 California Street
6  San Francisco, CA  94108
   Telephone:  415-889-2919
7  Facsimile:  415-391-6965

8  [*additional counsel listed on next page*]

9  **UNITED STATES DISTRICT COURT**

10 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California;<br>FALLON VICTORIA, an individual;<br>RENE DENIS, an individual;<br>TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association;<br>RANDY HUGHES, an individual; and<br>KRISTEN VILLALOBOS, an individual;<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>                    Defendant. | Case No. 4:20-cv-03033-JST<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFFS TO DISMISS AND/OR TO STRIKE PORTIONS OF INTERVENORS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF**<br><br><u>Hearing</u><br>Date:       September 23, 2020<br>Time:       2:00 p.m.<br>Ctrm.:      6, 2nd Floor<br><br>Hon. Jon S. Tigar |

ALAN A. GREENBERG, State Bar No. 150827
 AGreenberg@GGTrialLaw.com
WAYNE R. GROSS, State Bar No. 138828
 WGross@GGTrialLaw.com
DEBORAH S. MALLGRAVE, State Bar No. 198603
 DMallgrave@GGTrialLaw.com
GREENBERG GROSS LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017
Telephone:  213-334-7000
Facsimile:  213-334-7001

SHANIN SPECTER (admitted *pro hac vice*)
 shanin.specter@klinespecter.com
PHILIP M. PASQUARELLO (admitted *pro hac vice*)
 philip.pasquarello@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  215-772-1000
Facsimile:  215-772-1359

Attorneys for All Plaintiffs

JOHN K. DIPAOLO, State Bar No. 321942
 dipaolojohn@uchastings.edu
General Counsel
Secretary to the Board of Directors
LAURA M. WILSON-YOUNGBLOOD, State Bar No. 330892
 wilsonyoungbloodl@uchastings.edu
Associate General Counsel
Hastings College of the Law
200 McAllister Street
San Francisco, CA  94102
Telephone: 415-565-4787
Facsimile:  415-565-4825

Attorneys for Plaintiff HASTINGS COLLEGE OF THE LAW

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on September 23, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6 of the above-captioned Court, which is located at 1301 Clay Street, 2nd Floor, Oakland, California 94612, Plaintiffs HASTINGS COLLEGE OF THE LAW, FALLON VICTORIA, RENE DENIS, TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, RANDY HUGHES, AND KRISTEN VILLALOBOS (collectively, "Plaintiffs") will, and hereby do, move the Court, pursuant to Rules 12(b) and 12(f) of the Federal Rules of Civil Procedure, for an Order dismissing and/or striking portions of the Amended Complaint filed by Intervenors HOSPITALITY HOUSE, the COALITION ON HOMELESSNESS, and FAITHFUL FOOLS (collectively, "Intervenors").

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs' instant Motion is supported by the Memorandum of Points and Authorities set forth below; any Reply Brief in support of this Motion and accompanying papers that Plaintiff may subsequently file; the [Proposed] Order granting this Motion lodged concurrently herewith; the pleadings and other papers of record in this action; any documents and other information of which this Court may take judicial notice; and the argument of counsel at the hearing (if any) on this Motion.

WALKUP, MELODIA, KELLY & SCHOENBERGER
GREENBERG GROSS LLP
KLINE & SPECTER, P.C.

Dated: August 18, 2020         By: /S/ Matthew D. Davis
                                   Michael A. Kelly
                                   Richard H. Schoenberger
                                   Matthew D. Davis
                                   Jade Smith-Williams
                                   Alan A. Greenberg
                                   Wayne R. Gross
                                   Deborah S. Mallgrave
                                   Shanin Specter
                                   Philip M. Pasquarello
                                   John K. DiPaolo
                                   Laura M. Wilson-Youngblood
                                   Attorneys for Plaintiffs HASTINGS COLLEGE OF
                                   THE LAW; FALLON VICTORIA; RENE DENIS;
                                   TENDERLOIN MERCHANTS AND BUSINESS

OWNERS ASSOCIATION; RANDY HUGHES; and KRISTEN VILLALOBOS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On June 9, 2020, HOSPITALITY HOUSE, COALITION ON HOMELESSNESS, and FAITHFUL FOOLS (hereinafter "Intervenors") filed a Motion to Intervene [Dkt. No. 43] in the above-captioned matter. Thereafter, on June 12, 2020, Plaintiffs and Defendant CITY AND COUNTY OF SAN FRANCISCO ("Defendant" or the "City") filed a Stipulated Injunction [Dkt. No. 51] for this Court's consideration. On June 30, 2020, this Court granted Plaintiffs' and Defendant's proposed Stipulated Injunction [Dkt. No. 71], which stayed Plaintiffs' claims. On the same day, this Court granted Intervenors' Motion to Intervene [Dkt. No. 69] and directed Intervenors to file their Complaint within seven days. Intervenors filed their initial Complaint [Dkt. No. 74] on July 7, 2020. Intervenors filed an Amended and Supplemental Complaint in Intervention for Declaratory and Injunctive Relief (the "Amended Complaint") [Dkt. No. 80] three weeks later, on July 28, 2020. Plaintiffs now make this Motion to Dismiss and/or Strike portions of Intervenors' Amended Complaint that are related to Plaintiffs' claims.

In their Amended Complaint, Intervenors are critical of, and express distaste for, certain of Plaintiffs' claims, describing them as vague, inadequately pled, and potentially violative of unhoused Tenderloin residents. (Am. Compl. at ¶¶ 167-93.) As it relates to the Stipulated Injunction, Intervenors allege in their Amended Complaint that "in implementing the Stipulated Injunction and carrying out its policies and practices as described herein, the City has used criteria and methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination based on disability," and thus violate the Americans with Disabilities Act (hereinafter "ADA"). (*Id.* at ¶¶ 207-08.) Similarly, the Intervenors assert that "[t]he City's implementation of the Stipulated Injunction has used its federal funds in a manner that discriminates against people with disabilities in violation of section 504 of the Rehabilitation Act." (*Id.* at ¶ 216.) Finally, Intervenors ask this Court for relief in the following forms:

    a.    Assert jurisdiction over Intervenors' claims;

  b. ***Reject Plaintiffs' First, Second Third, Fourth, Fifth, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Causes of Action, and deny relief under those claims***;

  c. Issue injunctive relief to compel Defendant to ensure that unhoused persons with disabilities are not excluded from participation in or denied the benefits of the services, programs, or activities, or subjected to discrimination;

  d. Issue injunctive relief compelling Defendant to provide meaningful access to federal and state-funded programs for unhoused persons with disabilities under Section 504 of the Rehabilitation Act of 1973;

  e. Issue a declaratory judgment that the City must not engage in seizure of unhoused persons' property that violates their Fourth or Fourteenth Amendment Rights;

  f. Issue a declaratory judgment that the City must not violate unhoused persons' Eighth Amendment rights by taking action that criminalizes their homeless status;

  g. Award reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees and costs under 42 U.S.C. §§ 1988 and 1920; and

  h. Grant any and such other and further relief as the Court may deem just and proper.

(*Id.* at 39-40 (emphasis added).)

Plaintiffs now file the instant motion to dismiss and/or strike the following paragraphs from Intervenors' Amended Complaint related to Plaintiffs' claims:

- ¶¶ 167-173, wherein Intervenors allege that Plaintiffs' constitutional claims, or Plaintiffs' First, Second, Third, Fourth, Twelfth, and Thirteenth causes of action are vague and fail adequately to state claims;

/ / /

- ¶¶ 174-180, wherein Intervenors allege that Plaintiffs' disability claims, or Plaintiffs' Sixth, Seventh, and Fourteenth causes of action "fail to protect the constitutional rights of unhoused Tenderloin residents";
- ¶¶ 181-184, wherein Intervenors allege that Plaintiffs' negligence and nuisance claims, or Plaintiffs' Eighth, Ninth, and Tenth causes of action fail adequately to state claims; and
- Subparagraph b of Intervenors' Request for Relief, wherein they request that this Court "[r]eject Plaintiffs' First, Second Third, Fourth, Fifth, Eighth, Ninth, Tenth, Twelfth, and Thirteenth Causes of Action, and deny relief under those claims."

For the reasons set forth more fully below, this Court should grant Plaintiffs' Motion to Dismiss and/or Strike the above-referenced paragraphs of Intervenors' Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure because there is no case or controversy establishing jurisdiction in this Court, Intervenors lack standing, and Intervenors' Amended Complaint fails to state a claim or defense.[1]

/ / /

/ / /

/ / /

---

[1] As this Court noted when it granted Intervenors' Motion for Intervention, with each proposed alteration to the original parties' agreement comes "the possibility that modification [will] 'unravel' the original settlement." *Empire Blue Cross & Blue Shield v. Janet Greeson's a Place for Us, Inc.*, 62 F.3d 1220 (9th Cir. 1995). Further, "[w]hile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986). This Court's order granting intervention explicitly states that "[g]iven the 'urgent, dangerous and unprecedented conditions' that the Stipulated Injunction seeks to improve, the Court will not freeze the status quo or delay the agreement between the original parties to the lawsuit to accommodate the intervenors." (Order Granting Motion to Intervene [Dkt. No. 69] at 7 (citing the City's Statement of No Position on Motion for Intervention [Dkt. No. 63] at 2).) Yet, Intervenors seek to unravel the Stipulated Injunction by asking this Court to reject or dismiss 10 of Plaintiffs' 14 claims. This type of obstructive conduct is explicitly precluded by *Local No. 93*, 478 U.S. at 529. Rejecting 10 out of Plaintiffs' 14 claims this would materially disturb the foundation on which the Stipulated Injunction was formed, and Intervenors' attempts to do so should be rejected.

## II. QUESTION PRESENTED

Should this Court grant Plaintiffs' Motion to Dismiss and/or Strike Intervenors' claims against Plaintiffs set forth in ¶¶ 167-184 of Intervenors' Amended Complaint and in subparagraph b of their Request for Relief pursuant to Rule 12 because:

1. This Court lacks jurisdiction over Intervenors' claims under Article III of the United States Constitution because there is no pending case or controversy and thus Intervenors' claims are moot;

2. This Court lacks jurisdiction over Intervenors' claims because Intervenors lack standing; and

3. Intervenors' Amended Complaint fails to state a claim or defense against Plaintiffs upon which relief can be granted?

***Suggested Answer:*** Yes.

## III. LEGAL STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss must be granted where the court lacks subject matter jurisdiction. The United States Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1. The Supreme Court of the United States has "interpreted this requirement to demand that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). "The term 'controversies,' if distinguishable at all from 'cases,' is so in that it is less comprehensive than the latter, and includes only suits of a civil nature." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239 (1937). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Id.* at 240. The settlement of an individual claim typically moots any issues associated with it. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 400 (1977) (Powell, J. dissenting on different grounds) (citing 13 C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3533 (1975)).

/ / /

Essential to the cases and controversies doctrine is the requirement that a party asserting a claim have standing to assert the claim. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." *National Organization for Women, Inc., v. Scheidler*, 510 U.S. 249, 255 (1994). An intervenor of right must demonstrate Article III standing when he or she seeks additional relief beyond that the plaintiff requests. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1647 (2017). "For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a co-plaintiff, or an intervenor of right." *Id.* at 1647.

To establish standing, an intervenor invoking federal jurisdiction bears the burden of establishing (1) an injury in fact; (2) fairly traceable to the challenged conduct of the party against which it brings the claim(s); and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016) (citing *Lujan*, 504 U.S. at 560-61).

The injury-in-fact condition requires a party to demonstrate that he or she has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1543 (quoting *Lujan*, 504 U.S. at 560). A "concrete" injury must be "de facto"; that is, it must actually exist. *Id.* at 1548 (citing Black's Law Dictionary 479 (9th. ed. 2009)). The redressability prong of standing requires that it be "likely" rather than "speculative" that a favorable judicial decision will provide redress. *Lujan*, 504 U.S. at 560. The causation and redressability prongs of constitutional standing requires that a party demonstrate, where certain conduct caused a claimed injury, preventing such conduct will provide redress for that injury. 33 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 8342 (2d ed.).

Similarly, pursuant to Rule 12(b)(6), a motion to dismiss must be granted when a party fails to state a claim upon which relief can be granted. A pleading properly states a claim for relief when it contains a short and plain statement of the grounds for the court's jurisdiction, notice of the claim for relief, and notice of the grounds of the claim for relief.

Fed. R. Civ. P. 8(a).  Further, a complaint must plead sufficient facts, which are accepted as true, in support of its claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).  To survive a motion to dismiss, the proponent must show that it has made plausible factual allegations in support of its claim, and it must contain more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:  (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  "The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues."  *Reed v. Avis Budget Grp.*, No. C 09-01480 CW, 2009 WL 1299122, at *1 (N.D. Cal. May 11, 2009).  "Decisions to grant motions to strike lie within the discretion of the court."  *Id.*

## IV.  ARGUMENT

### A.  This Court Should Dismiss Intervenors' Claims and Defenses Against Plaintiffs Because This Court Lacks Jurisdiction.

#### 1.  This Court lacks subject matter jurisdiction over Intervenors' claims and defenses against Plaintiffs because there is no case or controversy.

Intervenors assert that certain of Plaintiffs' claims are vague, fail to state a claim upon which relief can be granted, and thus should be rejected.  In asking this Court to "reject" 10 of Plaintiffs' claims, Intervenors seek a solution that is not justiciable.  Pursuant to the Stipulated Injunction, Plaintiffs' claims against the City and County of San Francisco are stayed while the City and County of San Francisco are implementing the terms of the Stipulated Injunction in good faith and until the Board of Supervisors votes to approve the Stipulated Injunction.  (Stipulated Injunction [Dkt. No. 51] at 5.)  Such a settlement moots Intervenors' claims against Plaintiffs.  As such, Plaintiffs currently have no claims pending against the City and County of San Francisco; this Court has no jurisdiction over Intervenors' requests for hypothetical relief to "reject" certain of Plaintiffs' claims because there are no

claims to reject. Thus, because there is no case or controversy before this Court relating to Plaintiffs' stayed claims against the City and County of San Francisco, Intervenors' claims against Plaintiffs are moot and must be dismissed and/or stricken.

> **2.    This Court lacks subject matter jurisdiction over Intervenors' claims and defenses against Plaintiffs because Intervenors lack standing.**

Intervenors cannot meet their burden of establishing standing in this matter. Intervenors argue that the Stipulated Injunction agreed to by Plaintiffs and the City, and approved by this Court, will result in violations of their clients' constitutional rights. As a threshold matter, many of the injuries Intervenors describe are anticipatory and hypothetical injuries. For example, Intervenors claim that Plaintiffs' constitutional claims "could have very real impacts on the property rights of unhoused persons, including violation of their rights under the Fourth and Fourteenth Amendments." (Am. Compl. at ¶ 173.) Similarly, as it relates to Plaintiffs' Disability Discrimination claims, Intervenors assert that "Plaintiffs alone cannot define disability rights within the Tenderloin . . . Plaintiffs fail to assert or protect the constitutional rights of unhoused Tenderloin residents." (*Id.* at ¶ 179.) Such conjectural or hypothetical injuries as described throughout Intervenors' Amended Complaint are not sufficiently concrete to aver injury in fact to establish standing.

Further, Intervenors fail to demonstrate that any injuries they suffer, even those that are hypothetical and anticipatory, are traceable to Plaintiffs' claims or were caused by Plaintiffs. Intervenors assert that Plaintiffs' currently stayed lawsuit is aimed at violating the rights of unhoused Tenderloin residents. Such an assertion is, at best, conclusory, misguided, and speculative. In fact, when granting Intervenors' Motion to Intervene, this Court noted as much, stating that "[p]roposed Intervenors do not identify any provision of the Stipulated Injunction that is unlawful or would violate the rights of unhoused persons." (Order Granting Motion to Intervene [Dkt. No. 69] at 6.) Contrary to Intervenors' speculation regarding Plaintiffs' intentions, Plaintiffs and the City included in their Stipulation Injunction that "[a]ll parties shall respect the legal rights of the unhoused of the Tenderloin in all manners, including in relation to relocating and removing the unhoused, the tents, the other encamping

materials and other personal property." (Stipulated Injunction [Dkt. No. 51] at 6.) As such, Intervenors have not established, and cannot establish, causation and redressability, as "rejecting" certain of Plaintiffs' claims and/or attempting to vacate the Stipulated Injunction will provide no redress for Intervenors' claimed speculative injuries. To the contrary, as this Court noted in granting Intervenors' Motion, the Stipulated Injunction settling Plaintiffs' claims does not violate the rights of the unhoused. Thus, Intervenors have no standing here, and their claims must be dismissed and/or stricken.

### B. This Court Should Dismiss Intervenors' Claims and Defenses Against Plaintiffs Because They Fail Adequately to State a Claim or Defense.

As a threshold matter, Intervenors cannot assert a claim or defense with respect to Plaintiffs' claims because Plaintiffs have no claims remaining against the City. When this Court granted the Stipulated Injunction proposed by Plaintiffs and the City, Plaintiffs' claims were stayed, pending approval of the Stipulated Injunction by the Board of Supervisors. (Stipulated Injunction [Dkt. No. 51] at 5.)

Even assuming Intervenors can assert a claim or defense with respect to Plaintiffs' claims against the City, which they cannot because Plaintiffs have no pending claims, Intervenors nonetheless do not state a plausible claim for relief against Plaintiffs. Intervenors devote the overwhelming majority of their Amended Complaint to criticizing the City's response to the crisis in the Tenderloin. However, Intervenors only lodge threadbare allegations and make conclusory statements that Plaintiffs' claims are not "adequately stated" and are "vague and unsupported assertions" without any factual basis for such assertions. (*See generally* Am. Compl. at ¶¶ 167-198.)

First, this Court approved the Stipulated Injunction providing relief to Plaintiffs with respect to the same claims Intervenors seek to undermine. Further, in granting intervention, this Court rejected Intervenors' assertion that Plaintiffs' currently stayed claims violate the rights of the unhoused. (Order Granting Motion to Intervene [Dkt. No. 69] at 6.) Intervenors do not allege any factual allegations, let alone facts that raise establish a right to relief above a speculative level, as required under *Twombly* to warrant "rejection" or dismissal of Plaintiffs'

claims besides baldly asserting that they are vague and/or fail to state a claim upon which relief can be granted. Although Intervenors express dissatisfaction with Plaintiffs' lawsuit and the Stipulated Injunction, they have failed to state a claim or defense with respect to Plaintiffs' currently stayed claims. Thus, Plaintiffs' motion to dismiss and/or strike Intervenors' claims must be granted.

## V. **CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Dismiss and Strike Intervenors' claims against Plaintiffs pursuant to Rule 12 of the Federal Rules of Civil Procedure and should deny Intervenors' claims for relief with respect to Plaintiffs' claims.

WALKUP, MELODIA, KELLY & SCHOENBERGER
GREENBERG GROSS LLP
KLINE & SPECTER, P.C.

Dated: August 18, 2020

By: /S/ Matthew D. Davis
Michael A. Kelly
Richard H. Schoenberger
Matthew D. Davis
Jade Smith-Williams
Alan A. Greenberg
Wayne R. Gross
Deborah S. Mallgrave
Shanin Specter
Philip M. Pasquarello
John K. DiPaolo
Laura M. Wilson-Youngblood

Attorneys for Plaintiffs HASTINGS COLLEGE OF THE LAW; FALLON VICTORIA; RENE DENIS; TENDERLOIN MERCHANTS AND BUSINESS OWNERS ASSOCIATION; RANDY HUGHES; and KRISTEN VILLALOBOS