DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JEREMY M. GOLDMAN, State Bar #218888
TARA M. STEELEY, State Bar #231775
RENÉE E. ROSENBLIT, State Bar #304983
RYAN STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-6762 [Goldman]
               (415) 554-4655 [Steeley]
               (415) 554-3853 [Rosenblit]
               (415) 554-3975 [Stevens]
Facsimile:     (415) 554-3837
E-Mail:        jeremy.goldman@sfcityatty.org
               tara.steeley@sfcityatty.org
               renee.rosenblit@sfcityatty.org
               ryan.stevens@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>Defendant. | Case No. 4:20-cv-3033 JST<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>Trial Date:        Not Set |

**INTRODUCTION**

Defendant City and County of San Francisco ("the City") respectfully submits this Administrative Motion moving for a court order finding that this case, *Hastings College of Law et al. v. County of San Francisco, et al.*, ("*Hastings*"), is related to a later filed action regarding the City's response to the homeless crisis created by COVID-19 in the Tenderloin and neighboring areas. The later filed action is *Patrina Harrison v. City and County of San Francisco*, 20-cv-05178 WHA, ("*Harrison*"), filed on July 23, 2020. Declaration of Renee Rosenblit ("Rosenblit Dec"), Ex. A. Plaintiffs in the *Hastings* action sought injunctive and declaratory relief requiring the removal of tents from sidewalks in the Tenderloin. Plaintiff in the *Harrison* action seeks nearly identical injunctive relief and sues regarding her apartment in the Tenderloin. While the *Hastings* action has settled pending final approval by the San Francisco Board of Supervisors, if the Board does not approve the settlement then litigation resumes. Further, Intervenors have filed a complaint-in-intervention.

Plaintiffs in this action take no position on this motion to relate the cases. Rosenblit Dec ¶ 3. Intervenors in this action have stated that they do not oppose relation of the cases. Rosenblit Dec ¶ 4. Plaintiff in the *Harrison* action likely opposes relation. Rosenblit Dec ¶¶ 5-6.

**II.    LEGAL STANDARD**

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. L. R. 3-12(a). A party that believes that an action may be related to another action that 'is or was" pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civ. L. R. 3-12(b).

**III.   RELATIONSHIP OF THE ACTIONS**

First, actions may be considered to "concern substantially the same parties, property, transaction, or event" under Local Rule 3-12(a)(1). Civ. L. R. 3-12(a)(1). Here, the plaintiffs in the actions are different, but both cases sue the City over the impacts of the homeless crisis caused by COVID-19 in the Tenderloin neighborhood. There is a substantial overlap in factual allegations and

legal claims. The *Harrison* action appears to be in large part copied and pasted from the *Hastings* action. Rosenblit Dec, Ex. A, *Harrison* Complaint. Many paragraphs setting forth the causes of action in the *Harrison* Complaint seem to have been copied directly from the *Hastings* Complaint and all but two of the causes of action in the *Harrison* Complaint are contained within the *Hastings* Complaint. *See Harrison* Complaint ¶¶ 34-93. These factors warrant treating the actions as related. *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a different underlying FOIA request"); *In re Leapfron Enters., Inc. Sec. Litig.,* No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

Second, the cases should be related to avoid an "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" under Civil Local Rule 3-12(a)(2). Civ. L. R. 3-12(a)(2). Given the similar nature of these cases, both would benefit by an order relating them and assigning them to the same judge, thereby avoiding duplication of effort and potentially conflicting rulings. *See Pepper v. Apple,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal. Aug. 22, 2019).

The City is cognizant that this Court previously declined to relate an action that challenged a safe-sleeping site in the Haight neighborhood. However, unlike that case, the *Harrison* action concerns the exact same legal issues and the very same neighborhood as the *Hastings* action.

/ / /

/ / /

/ / /

**CONCLUSION**

Because *Harrison* and *Hastings* contain substantively similar allegations and claims, and because relating the cases would conserve judicial resources, the City moves this Court for an order finding the cases related.

Dated:  August 24, 2020

>     DENNIS J. HERRERA
>     City Attorney
>     MEREDITH B. OSBORN
>     Chief Trial Deputy
>     JEREMY M. GOLDMAN
>     TARA M. STEELEY
>     RENÉE E. ROSENBLIT
>     RYAN STEVENS
>     Deputy City Attorneys
>
>
> By: ___*/s/ Renee E. Rosenblit*___
>     RENÉE E. ROSENBLIT
>
>     Attorneys for Defendant
>     CITY AND COUNTY OF SAN FRANCISCO

# **PROOF OF SERVICE**

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 24, 2020, I served the following document(s):

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**

on the following persons at the locations specified:

| | |
|---|---|
| Michael A. Kelly, Esq.<br>Richard H. Schoenberger, Esq.<br>Matthew D. Davis, Esq.<br>Jade Smith-Williams, Esq.<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street<br>San Francisco, CA 94108<br>*mkelly@walkuplawoffice.com*<br>*rschoenberger@walkuplawoffice.com*<br>*mdavis@walkuplawoffice.com*<br>*jsmithwilliams@walkuplawoffice.com*<br><br>Attorneys for All Plaintiffs<br><br>(415) 889-2919 (Telephone)<br>(415) 391-6965 (Facsimile) | Alan A. Greenberg, Esq.<br>Wayne R. Gross, Esq.<br>Deborah S. Mallgrave, Esq.<br>Greenberg Gross LLP<br>601 S. Figueroa Street, 30th Floor<br>Los Angeles, CA 90017<br>*agreenberg@GGTrialLaw.com*<br>*wgross@GGTrialLaw.com*<br>*dmallgrave@GGTrialLaw.com*<br><br>Attorneys for All Plaintiffs<br><br>(213) 334-7000 (Telephone)<br>(213) 334-7001 (Facsimile) |
| John K. Dipaolo, Esq.<br>General Counsel<br>Secretary to the Board of Directors<br>Hastings College of the Law<br>200 McAllister Street<br>San Francisco, CA 94102<br>*dipaolojohn@uchastings.edu*<br><br>Attorneys for Plaintiff<br>Hastings College Of The Law<br><br>(415) 565-4787 (Telephone)<br>(415) 565-4825 (Facsimile) | Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001<br>*lhansen@pilpca.org*<br><br>Attorneys for Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools<br><br>(510) 891-9794 (Telephone)<br>(510) 891-9727 (Facsimile) |
| Lili V. Graham, Esq.<br>Tiffany L. Nocon, Esq.<br>Disability Rights California<br>350 S. Bixel Street, Suite 290<br>Los Angeles, CA 90017-1418<br>*lili.graham@disabilityrightsca.org*<br><br>(213) 213-8000 (Telephone)<br>(213) 213-8001 (Facsimile) | Patrina Harrison<br>650 Eddy Street, No. 207<br>San Francisco, CA 94109<br>*harrisonempa@gmail.com*<br><br>Plaintiff in Pro Per<br><br>(415) 567-8182 (Telephone)<br>(415) 567-8182 (Facsimile) |

| | |
|---|---|
| Shanin Specter, Esq. | Michael David Keys, Esq. |
| Philip M. Pasquarello, Esq. | Jessica Berger, Esq. |
| Kline & Specter, P.C. | Bay Area Legal Aid |
| 1525 Locust Street | 1800 Market Street, 3rd Floor |
| Philadelphia, PA 19102 | San Francisco, CA 94102 |
| *Shanin.specter@klinespecter.com* | *mkeys@baylegal.org* |
| *Philip.pasquarello@klinespecter.com* | |
| | Attorneys for Intervenors |
| Attorneys for All Plaintiffs | Coalition on Homelessness |
| (215) 772-1000 (Telephone) | (415) 982-1300 (Telephone) |
| | (415) 982-4243 (Facsimile) |

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 24, 2020, at San Francisco, California.

_____
ANNAMARIE DAVIS