1  Registration# 2020-0000081
   Patrina Harrison
2  650 Eddy Street No. 207
   San Francisco, CA 94109
3  Tel: (415) 567-8182 | Fax: (415) 567-8182
4  harrisonempa@gmail.com
   courtsupport@hcoppllc.community
5

FILED

AUG 26 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

2020 AUG 26  P 3: 36

6

7           UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9             SAN FRANCISCO DIVISION

10

11  PATRINA HARRISON,                          Case No.: 20-cv-03033-JST

12          Plaintiff,

13  vs.                                         OPPOSITION TO DEFENDANT'S
                                                ADMINISTRATIVE MOTION TO
14                                              CONSIDER WHETHER CASES SHOULD
    CITY AND COUNTY OF SAN FRANCISCO,           BE RELATED; DECLARATION OF
15                                              PATRINA HARRISON IN SUPPORT
            Defendant
16

17

18

19

20

21

22

23

24

25                          1

26

27  OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
    TO CONSIDER WHETHER CASES SHOULD BE RELATED;
    DECLARATION OF PATRINA HARRISON
28

    CASE NO. 20-CV-05178-WHA

**INTRODUCTION**

Defendant City and County of San Francisco ("the City") attempt to relate Hastings College of Law et al. v. County of San Francisco, et al., ("Hastings"), with Patrina Harrison v. City and County of San Francisco, 20-cv-05178 WHA, ("Harrison"), filed on July 23, 2020, should fail because relating these cases will invite undue prejudice upon the Harrison Plaintiff.

**LEGAL STANDARD**

I.     **The Cases Do Not Meet The Requirements To Be Considered "Related"**

Civil Local Rule 12-3(a) states that an action is related to another when (1) "[t]he actions concern substantially the same parties, property, transaction or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These cases meet neither prong.

As regards the first requirement, it is clear this case concerns neither the same parties nor the same property.  And the "events" giving rise to this litigation are sufficiently dissimilar to require separate consideration of the two cases. While it is true the events surrounding these cases are similar in one respect – i.e, each case challenges the de facto policy of the City and County of San Francisco to use the Tenderloin community as a tent containment zone for the unhoused homeless during the onset of the COVID-19 pandemic, whereas the Harrison Plaintiff causes of action results from damages and loss of her personal property and

2

OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED;
DECLARATION OF PATRINA HARRISON

CASE NO. 20-CV-05178-WHA

1 injuries sustained due to the inhalation of smoke from two tents igniting into flames under her

2 window. Whereas the Hastings Plaintiff causes of action relates to injunctive and declaratory

3 relief requiring the removal of tents from sidewalks in the Tenderloin.

4

5       Even if it could be said that these cases involve "substantially the same legal

6 standards, it is absent of the same parties, property, transaction or event," the Defendant must

7 also show it is "likely that there will be an unduly burdensome duplication of labor and expense

8 or conflicting results if the cases" are not related. Civil L.R. 12-3(a) (emphasis added). They

9 have shown no such likelihood. If there is any duplication of labor and expense, that burden will

10 fall on Plaintiff Harrison.   Not one defendant is a party to both cases and not one of the attorneys

11 representing the Hasting Plaintiffs are counsel of record for both cases, and the Defendant must

12

13 show that both prongs of Rule 3-12 are met and because the Defendant ("The City") has shown

14 neither, its motion to relate this case with Hastings action should be denied.

15       For this further reason, the Court should find these cases are unrelated, and should

16 the Court find these cases are related; however, it should order that the timeline driving the

17 challenge in the Harrison action, should control this litigation to prevent undue prejudice to the

18

19 Harrison Plaintiff.

20 **CONCLUSION**

21       Defendant's request to have this case related to the Hastings action should be

22 denied.  the Court should find that these cases are not related because they do not concern the

23

24

25 3

26

27 OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED;
DECLARATION OF PATRINA HARRISON

28

CASE NO. 20-CV-05178-WHA

1    same "parties, property, transaction or event" and are unlikely to result in undue duplication of

2    efforts or conflicting results.

3

4

5

6

7

8

9

10

                    Dated: August 23, 2020              By: *Patrina Harrison*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                                      4

26

27   OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
     TO CONSIDER WHETHER CASES SHOULD BE RELATED;
     DECLARATION OF PATRINA HARRISON
28

     CASE NO. 20-CV-05178-WHA

**DECLARATION OF PATRINA HARRISON**

I, Patrina Harrison, declare as follows:

1. I am the plaintiff in the Harrison action.

2. On July 28, 2020, I filed the Case in Harrison v. City and County of San Francisco, Case No. 20-cv-05178-WHA

3. On August 21, 2020, I received a copy of Defendants' Administrative Motion and [Proposed] Order to Consider Whether Cases Should be Related through via E-mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the City and County of San Francisco on August 23, 2020.

By: *Patrina Harrison*

5

OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED;
DECLARATION OF PATRINA HARRISON

CASE NO. 20-CV-05178-WHA