DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JEREMY M. GOLDMAN, State Bar #218888
TARA M. STEELEY, State Bar #231775
RENEÉ E. ROSENBLIT, State Bar #304983
RYAN STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-6762 [Goldman]
              (415) 554-4655 [Steeley]
              (415) 554-3853 [Rosenblit]
              (415) 554-3975 [Stevens]
Facsimile:    (415) 554-3837
E-Mail:       jeremy.goldman@sfcityatty.org
              tara.steeley@sfcityatty.org
              renee.rosenblit@sfcityatty.org
              ryan.stevens@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>    Defendant. | Case No. 4:20-cv-3033 JST<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>Trial Date:        Not Set |

# INTRODUCTION

Defendant City and County of San Francisco ("the City") respectfully submits this Administrative Motion moving for a court order finding that this case, *Hastings College of Law et al. v. County of San Francisco, et al.*, ("*Hastings*"), is related to a later filed action regarding the City's response to the homeless crisis created by COVID-19 in the Tenderloin and neighboring areas. The later filed action is *Daniel Giosso, James Giosso, and Richard Giosso, Trustees of the Giosso Children's Trust; Mike O'Neill and Sons, a California General Partnership*, 3:20-cv-04255-TSH, ("*Giosso*"), filed on June 26, 2020. Declaration of Ryan Stevens ("Stevens Dec"), Ex. A. Plaintiffs in the *Hastings* action sought injunctive and declaratory relief requiring the removal of tents from sidewalks in the Tenderloin. Plaintiffs in the *Giosso* action seek nearly identical injunctive relief and sue regarding property that they allege is in the Tenderloin, although the City disputes that the property in that action is located within the bounds of the Tenderloin neighborhood. While the *Hastings* action settled as between the City and Plaintiffs, the Court retained jurisdiction to enforce the settlement and Intervenors have filed a complaint-in-intervention.

On July 29, 2020, Defendant filed an Administrative Motion to Relate two cases to this case: *Daniel Giosso, James Giosso, and Richard Giosso, Trustees of the Giosso Children's Trust; Mike O'Neill and Sons, a California General Partnership*, 3:20-cv-04255-TSH, ("*Giosso*"), filed on June 26, 2020, and *Erin Maher, Jason Reindorp, Nick Medina, Monica Calmer, South of Market Business Association, 570 Jessie LLC, Sierrec LLC dba Montesacro Pinserie Romana, Megali Souvla Inc, dbd Souvla, Design like Whoa LLC v. City and County of San Francisco*, 4:20-cv-04771-KAW, ("*Maher*"), filed on July 16, 2020. The Court denied the motion without prejudice to refiling. ECF 82. *Maher* was subsequently dismissed.

Plaintiffs in this action have advised the City that they do not oppose this motion to relate the actions; however, Plaintiffs in this action asked us to state that they do not consent to any consolidation or joinder of the actions. Stevens Dec ¶ 3; Rosenblit Dec ¶ 2. Intervenors in this action have stated that they do not oppose relation of the cases. Stevens Dec ¶ 4; Rosenblit Dec ¶ 2. Plaintiffs in the *Giosso* action do not oppose relation. Rosenblit Dec ¶ 3; Stevens Dec ¶ 5.

/ / /

Administration Motion to Relate to Cases
Case No. 4:20-cv-3033 JST
2
n:\lit\li2020\200917\01478530.docx

## II. LEGAL STANDARD

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. L. R. 3-12(a). A party that believes that an action may be related to another action that 'is or was" pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civ. L. R. 3-12(b).

## III. RELATIONSHIP OF THE ACTIONS

First, actions may be considered to "concern substantially the same parties, property, transaction, or event" under Local Rule 3-12(a)(1). Civ. L. R. 3-12(a)(1). Here, the plaintiffs in the actions are different, but both cases sue the City over the neighborhood impacts of the homeless crisis caused by COVID-19. There is a substantial overlap in factual allegations and legal claims. The *Giosso* action appears to be in large part copied and pasted from the *Hastings* action. Stevens Dec, Ex. A, *Giosso* Complaint. Many paragraphs setting forth the causes of action in the *Giosso* Complaint seem to have been copied directly from the *Hastings* Complaint and all of the causes of action in the *Giosso* Complaint are contained within the *Hastings* Complaint. *See Giosso* Complaint ¶¶ 45-91. These factors warrant treating the actions as related. *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a different underlying FOIA request"); *In re Leapfron Enters., Inc. Sec. Litig.,* No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

Second, the cases should be related to avoid an "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" under Civil Local Rule 3-12(a)(2). Civ. L. R. 3-12(a)(2). Given the similar nature of these cases, both would benefit by an order relating them and assigning them to the same judge, thereby avoiding duplication of effort

and potentially conflicting rulings. *See Pepper v. Apple,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal. Aug. 22, 2019).

The City is cognizant that this Court previously declined to relate an action that challenged a safe-sleeping site in the Haight neighborhood. However, unlike that case, the *Giosso* action concerns the exact same legal issues. The *Giosso* action purports to sue regarding the very same neighborhood as the *Hastings* action. Indeed, the *Giosso* action is similar to *Harrison v. City and County of San Francisco*, 20-cv-05178 JST, which this Court recently ordered related to *Hastings*. ECF 91.

## CONCLUSION

Because *Giosso* and *Hastings* contain substantively similar allegations and claims, and because relating the cases would conserve judicial resources, the City moves this Court for an order finding the cases related.

Dated: September 17, 2020

        DENNIS J. HERRERA
        City Attorney
        MEREDITH B. OSBORN
        Chief Trial Deputy
        JEREMY M. GOLDMAN
        TARA M. STEELEY
        RENEÉ E. ROSENBLIT
        RYAN STEVENS
        Deputy City Attorney

By:   */s/ Renee E. Rosenblit*
      RENEÉ E. ROSENBLIT

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# **PROOF OF SERVICE**

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On September 17, 2020, I served the following document(s):

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**

on the following persons at the locations specified:

| | |
|---|---|
| Michael A. Kelly, Esq.<br>Richard H. Schoenberger, Esq.<br>Matthew D. Davis, Esq.<br>Jade Smith-Williams, Esq.<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street<br>San Francisco, CA 94108<br>*mkelly@walkuplawoffice.com*<br>*rschoenberger@walkuplawoffice.com*<br>*mdavis@walkuplawoffice.com*<br>*jsmithwilliams@walkuplawoffice.com*<br><br>Attorneys for All Plaintiffs<br><br>(415) 889-2919 (Telephone)<br>(415) 391-6965 (Facsimile) | Alan A. Greenberg, Esq.<br>Wayne R. Gross, Esq.<br>Deborah S. Mallgrave, Esq.<br>Greenberg Gross LLP<br>601 S. Figueroa Street, 30th Floor<br>Los Angeles, CA  90017<br>*agreenberg@GGTrialLaw.com*<br>*wgross@GGTrialLaw.com*<br>*dmallgrave@GGTrialLaw.com*<br><br>Attorneys for All Plaintiffs<br><br>(213) 334-7000 (Telephone)<br>(213) 334-7001 (Facsimile) |
| John K. Dipaolo, Esq.<br>General Counsel<br>Secretary to the Board of Directors<br>Hastings College of the Law<br>200 McAllister Street<br>San Francisco, CA  94102<br>*dipaolojohn@uchastings.edu*<br><br>Attorneys for Plaintiff<br>Hastings College Of The Law<br><br>(415) 565-4787 (Telephone)<br>(415) 565-4825 (Facsimile) | Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001<br>*lhansen@pilpca.org*<br><br>Attorneys for Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools<br><br>(510) 891-9794 (Telephone)<br>(510) 891-9727 (Facsimile) |
| Lili V. Graham, Esq.<br>Tiffany L. Nocon, Esq.<br>Disability Rights California<br>350 S. Bixel Street, Suite 290<br>Los Angeles, CA 90017-1418<br>*lili.graham@disabilityrightsca.org*<br><br>(213) 213-8000 (Telephone)<br>(213) 213-8001 (Facsimile) | Patrina Harrison<br>650 Eddy Street, No. 207<br>San Francisco, CA 94109<br>*harrisonempa@gmail.com*<br><br>Plaintiff in Pro Per<br><br>(415) 567-8182 (Telephone)<br>(415) 567-8182 (Facsimile) |

| | |
|---|---|
| Shanin Specter, Esq.<br>Philip M. Pasquarello, Esq.<br>Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102<br>*Shanin.specter@klinespecter.com*<br>*Philip.pasquarello@klinespecter.com*<br><br>Attorneys for All Plaintiffs<br><br>(215) 772-1000 (Telephone) | Michael David Keys, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1800 Market Street, 3rd Floor<br>San Francisco, CA 94102<br>*mkeys@baylegal.org*<br><br>Attorneys for Intervenors<br>Coalition on Homelessness<br><br>(415) 982-1300 (Telephone)<br>(415) 982-4243 (Facsimile) |

in the manner indicated below:

☒ **BY ELECTRONIC MAIL:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: annamarie.davis@sfcityatty.org in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed September 17, 2020, at San Francisco, California.

_____
ANNAMARIE DAVIS