DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
EDMUND T. WANG, State Bar #278755
ZUZANA S. IKELS, State Bar #208671
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4655 [Steeley]
               (415) 554-3857 [Wang]
               (415) 355-3307 [Ikels]
Facsimile:     (415) 554-3837
E-Mail:        Tara.Steeley@sfcityatty.org
               Edmund.Wang@sfcityatty.org
               Zuzana.ikels@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTINGS COLLEGE OF THE LAW, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>       Defendant. | Case No. 4:20-cv-3033-JST<br><br>**SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED, PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |

Pursuant to Civil Local Rule 3-12, Defendant City and County of San Francisco ("City") moves to relate this case: *Hastings College of Law et al. v. County of San Francisco et al.*, ("*Hastings*") and *Coalition on Homelessness et al. v. City and County of San Francisco et al*, Case No. 4:22-cv-05502-DMR ("*COH*"). Although both cases are in distinct procedural postures and have different judges, they have become procedurally and substantively intertwined.

Recently, the *Hastings* Plaintiffs initiated the ADR procedures, under Section VI of the Stipulated Injunction, alleging a reversal in progress in the Tenderloin, that tent counts, crime and drug use have increased significantly, and that the City's efforts to comply with the Stipulated Injunction have been thwarted because of the Preliminary Injunction issued in the *COH* case. Judge Corley *sua sponte* referred (and this Court reassigned) the settlement process to Magistrate Judge Cisneros, because Judge Cisneros is the settlement judge in the *COH* case. On September 27, 2023, Judge Cisneros ruled, based on the request from the Plaintiff-Intervenors Coalition on Homelessness ("COH"), Hospitality House, and Faithful Fools (the "COH Intervenors"), that they should be involved in the settlement discussions in the instant case, even though they are not parties to the Stipulated Injunction.

The Court's treatment of these cases as related makes sense. The two lawsuits include substantially the same parties—the COH, the City, and residents in San Francisco. Both cases concern the same events—San Francisco's policies and response to the homeless, drug abuse and mental health crises, and involve purported constitutional, disability and property rights. N.D. Cal. Civ. R. 3-12 (a)(1). The COH successfully intervened here, arguing that the rights of the homeless must be considered, but then filed a separate action regarding the City's actions following the Stipulated Injunction. Relating the cases under a single judge avoids conflicting relief, ensures all interests are evaluated collectively, and harmonizes the legal issues and the Court's actions.  N.D. Cal. Civ.R. 3-12 (a)(2). Accordingly, the City moves for an order formally acknowledging that the two cases are related and assigned to a single judge, for judicial economy and efficiency.

## I.    THE *HASTINGS* LAWSUIT AND STIPULATED INJUNCTION

On May 4, 2020, the *Hastings* Plaintiffs initiated this action. (Dkt. No. 1 ("Complaint").) The *Hastings* Plaintiffs are a collection of individual residents, the law school and businesses in the

1   Tenderloin neighborhood. Complaint, at ¶¶ 13-18. They alleged the City had not done enough to

2   combat homeless encampments, drug abuse and crime, based on a 300% increase in homeless

3   encampments and related drug use and criminal activity. *Id.* at ¶¶ 26-36. The Complaint asserts

4   violations of their constitutional and property rights, and disability-based claims because encampments

5   blocked sidewalks and entrances to public buildings, praying for injunctive and declaratory relief

6   against San Francisco to remove tents and enforce drug laws. *Id.* at ¶¶ 77-82.

7          The Court assigned the parties to then-Magistrate Judge Jacqueline Corley for settlement. Dkt.

8   No. 20. On June 12, 2020, the parties agreed to a Stipulated Injunction (Dkt. No. 51), which was

9   entered on June 30, 2020 (Dkt. No. 71). Many of the terms are temporally confined to the "COVID-19

10  emergency" which ended on June 30, 2023. *Id.*, n.1.[1]  The *Hastings* Plaintiffs contend certain terms

11  remain in effect, including an effort to "employ enforcement measures for those who do not accept an

12  offer of shelter or safe sleeping sites to prevent re-encampment," to "make all reasonable efforts to

13  achieve the shared goal of permanently reducing the number of tents, along with all other encamping

14  materials and related personal property, to zero," and to advise unsheltered persons that they could not

15  block access to sidewalks, transit stops, schools, businesses, public areas, and homes. *Id.* at p. 3;

16  Section IV.

17         Before the Stipulated Injunction was entered, on June 4, 2020, the COH Intervenors filed a

18  Complaint in Intervention against the City and objected to the Stipulated Injunction. Dkt. No. 43 at

19  4:6-21, 12:23-24, 43-1.  The COH alleged that: (a) it is a "Tenderloin-based organization" and that the

20  Tenderloin is the "geographic center" of the COH's work, (b) more than 70% of homeless individuals

21  in San Francisco live in the Tenderloin, and (c) the COH supplies tents, and other supplies and

22  "opposed the removal of tents." Dkt. No. 43-1, at ¶¶ 45, 47, 49 and 77-78; Dkt. No. 59-2, ¶ 3. The

23  COH also alleged that "following intensive advocacy by Intervenor Coalition on Homelessness, the

24  City stopped sweeping encampments and committed to not taking tents." Dkt. No. 43-1, ¶ 108; *see*

25

26         [1] The COVID-19 state of emergency was ended, by proclamation of the Mayor, on June 30,
    2023.  San Francico Board of Supervisors, Mayor's Proclamation of COVID-19 Local Emergency and
27  Supplemental Declarations, *Termination of Proclamation of Local Emergency* (May 3, 2023),
    https://sfbos.org/mayor%E2%80%99s-proclamation-covid-19-local-emergency-and-supplemental-
28  declarations (last visited Oct. 3, 2023).

1     *also* Dkt. No. 59-2 (Friedenbach Decl.), ¶¶ 8-14 (by 2020, the COH claimed it persuaded San

2     Francisco to cease law enforcement and tent clearance, and was "achieving balance in implementing

3     health-centered services to the Tenderloin's unhoused residents."). The *Hastings* Plaintiffs, by

4     contrast, complained that the City had been directed not to remove encampments or address criminal

5     activity. Dkt. No. 1, ¶¶ 32, 56-58. The genesis of the *Hastings* Plaintiffs' claims – of purported failure

6     to remove tents and police inaction– was, according to its own admissions, the COH. The ACLU filed

7     an Amicus Brief, arguing "enforcement efforts" and prevention of "reencampment," under the

8     Stipulated Injunction, violated the 4th and 8th Amendment. Dkt. No. 65-1 at 3:23-24.

9          This Court allowed the COH Intervenors to intervene, considered but overruled their and the

10    ACLU's objections, and entered the Stipulated Injunction. Dkt. No. 69. The order states that the COH

11    Intervenors "<u>will be free to attempt to modify or improve upon the original parties' settlement by</u>

12    <u>negotiation or motion</u>." *Id.* at p. 7 (emphasis added). This Court retains jurisdiction over the Stipulated

13    Injunction. Dkt. No. 99.

14    **II.**      **THE *COH* LAWSUIT AND PRELIMINARY INJUNCTION**

15          The COH Intervenors did not "attempt to modify or improve" the Stipulated Injunction.

16    Instead, bypassing this Court, on September 27, 2022, the COH, represented by the ACLU, filed a

17    separate action and moved for a preliminary injunction. The chain of events alleged in their pleadings

18    show that the COH began to monitor the City because of the Stipulated Injunction, and raised identical

19    arguments first made here. *Cf.* Ikels Decl., Exh. A (*COH* Case, Dkt. No. 1 (highlighted excerpts) *to*

20    Dkt. Nos. 65-1, 43, 43-1; Ikels Decl., ¶¶ 5-6 (chart comparing the COH representations).

21          In December 2022, Magistrate Judge Ryu entered a preliminary injunction enjoining the City

22    from enforcing or threatening to enforce certain state or local laws as to the homeless and removal of

23    encampments. *Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 22-CV-05502-DMR,

24    2022 WL 17905114 (N.D. Cal. Dec. 23, 2022) (the "*COH* Order"). The City sought clarification of the

25    *COH* Order in light of the *Hastings* Stipulated Injunction; while the COH took the position that there

26    were "no exceptions." (Ikels Decl., ¶ 6-7, Exhs. B-C.) Judge Ryu denied the motion. (*Id.*, ¶ 7.)

27          After the *COH* Order was issued and the City complied, the *Hastings* Plaintiffs began to

28    complain that the conditions in the Tenderloin had deteriorated since the *COH* Order. *Id.* at ¶¶ 9-10.

Following months of informal discussions, in September 2023, the *Hastings* Plaintiffs initiated the ADR procedure, under Section VI. Dkt. No. 71 (the confidential ADR process "will be submitted to Magistrate Judge Corley"). Judge Corley *sua sponte* referred Magistrate Judge Cisneros as the settlement judge because Judge Cisneros is also the settlement judge in the *COH* case; and this Court issued an Order of reassignment.  Dkt. Nos. 102 & 103; Ikels Decl., Exh. D. On September 27, 2023, Judge Cisneros permitted the COH Intervenors, at their request, to participate in the settlement discussions although they are not a party to the Stipulated Injunction.  Dkt. No. 112. The *Hastings* Plaintiffs advised us that they do not oppose this motion to relate.  The COH Intervenors oppose the motion. Ikels Decl., ¶¶ 3-4, 11.

## III.   THE *HASTINGS* AND *COH* CASES SHOULD BE RELATED

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  When an action is related to an action which "is or was pending in this District," an administrative motion to relate must be filed "in the lowest-numbered case pursuant to Civil L.R. 7-11."  N.D. Cal. Civ. R. 3-12(b).

Here, the two lawsuits concern the same parties. San Francisco is the defendant and the COH is a plaintiff in both cases. The ACLU filed an Amicus Brief here, and is counsel of record in the *COH* case. Ikels Decl., Exh. A, p. 99. Both cases relate to the same issues of fact and law – the City's policies and response to the homelessness, drug abuse and mental health crises. Dkt. No. 1; Ikels Decl., Exhs. A- C. In sum, the *Hastings* Plaintiffs claimed that the City's efforts did not go far enough *before* the Stipulated Injunction, while the COH argues the City's response went too far *after* the Stipulated Injunction. *Since* the *COH* Order, the *Hastings* Plaintiffs now contend that the City's efforts under the Stipulated Injunction have been thwarted by the City's compliance with the COH Order. The two cases involve the same property (tents and other encamping materials and related personal property on public sidewalks and streets), the same issue/event (the homelessness, drug and mental health crises), and the same legal issues (competing allegations of constitutional, ADA and property rights).  *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* Nos. 14-cv-1130 SC,

14-4365 SC, 2015 WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties"); *In re Leapfrog Enters., Inc. Sec. Litig.,* No. 03-cv-5421-RMW at *1 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections" of the securities laws).

In *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), the Ninth Circuit upheld a district court's *sua sponte* consolidation of two cases against the same defendant-county's jail system, with a similar procedural posture. The earlier case resulted in a permanent injunction, while the new lawsuit asserted a putative class action of civil rights violations as well as deviations from the injunction. *Id.* at 1198, 1203. Although *Pierce* utilized Federal Rule of Civil Procedure 42, the same factors – judicial economy, efficiency, consistency in rulings and the same defendant related to the same facts and legal issues – are determinative under Civil Local Rule 3-12. If the cases are not related, it will prejudice San Francisco as it now faces perpetual and conflicting claims and rulings because of fractured legal proceedings. Two courts will have to familiarize themselves with the same facts and law that share substantive commonalities, which will duplicate labor and expense. Not only is there a significant risk of inconsistent rulings and relief if the two cases are not related, that inconsistency now plagues both matters. San Francisco is currently being accused of breaching the Stipulated Injunction, because it complied with a Preliminary Injunction issued in the *COH* action.

The voices, interests and legal claims in this action are missing from the *COH* case, while the COH is present in both. Dkt. No. 43, pp. 2-3 (arguing the Court must consider competing rights). The lack of parity is not logical, it is unfair and prejudicial to San Francisco, and it is not judicially efficient. The Court recently recognized the need for coordination. The issue is now ripe for relation given Judge Cisneros has been assigned as the settlement judge in both cases *sua sponte*, and ruled that the COH Intervenors could participate in settlement discussions. Relating and assigning the cases to the same judge ensures judicial economy, avoids duplication of effort, and eliminates the risk of conflicting relief and rulings. *See* Order Granting Administrative Motions to Relate Cases, *In re Apple iPhone Antitrust Litig.,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal Aug. 22, 2019).

Dated:  October 3, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
TARA M. STEELEY
EDMUND T. WANG
ZUZANA S. IKELS
Deputy City Attorneys


By:_____
ZUZANA S. IKELS

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO