1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  TARA M. STEELEY, State Bar #231775
   EDMUND T. WANG, State Bar #278755
4  ZUZANA S. IKELS, State Bar #208671
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, Sixth Floor
6  San Francisco, California 94102-5408
   Telephone:      (415) 554-4655 [Steeley]
7                  (415) 554-3857 [Wang]
                   (415) 355-3307 [Ikels]
8  Facsimile:      (415) 554-3837
   E-Mail:         Tara.Steeley@sfcityatty.org
9                  Edmund.Wang@sfcityatty.org
                   Zuzana.Ikels@sfcityatty.org
10

11 Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15 | HASTINGS COLLEGE OF THE LAW, a | Case No. 4:20-cv-3033-JST
   | public trust and institution of higher education |
16 | duly organized under the laws and the | **DECLARATION OF ZUZANA S. IKELS IN**
   | Constitution of the State of California; | **SUPPORT OF SAN FRANCISCO'S**
17 | FALLON VICTORIA, an individual; RENE | **ADMINISTRATIVE MOTION TO CONSIDER**
   | DENIS, an individual; TENDERLOIN | **WHETHER CASES ARE RELATED,**
18 | MERCHANTS AND PROPERTY | **PURSUANT TO CIVIL LOCAL RULES 3-12**
   | ASSOCIATION, a business association; | **AND 7-11**
19 | RANDY HUGHES, an individual; and |
   | KRISTEN VILLALOBOS, an individual, |
20 |  |
   |       Plaintiffs, |
21 |  |
   |       vs. |
22 |  |
   | CITY AND COUNTY OF SAN |
23 | FRANCISCO, a municipal entity, |
   |  |
24 |       Defendant. |

25

26

27

28

1    I, Zuzana S. Ikels, declare as follows:

2       1.      I am a Deputy City Attorney in the Office of the San Francisco City Attorney, and

3    represent Defendant City and County of San Francisco (the "City") in the above action. I have

4    personal knowledge of the contents of this declaration, except as to matters stated on information and

5    belief , and as to those matters, I am informed of those matters in my capacity as a deputy city attorney

6    and believe them to be true. I file this motion in support of the City's Administrative Motion to Relate,

7    pursuant to Civil Local Rule 3-12, this case: *Hastings College of Law et al. v. County of San*

8    *Francisco, et al.*, ( "*Hastings*") and the *Coalition on Homelessness, et al. v. City and County of San*

9    *Francisco, et al*, Case No. 4:22-cv-05502-DMR ("*COH*").

10      2.      We attempted to obtain a stipulation with the *Hastings* Plaintiffs and Plaintiff-

11   Intervenors Coalition on Homeless ("COH"), Hospitality House, and Faithful Fools (collectively,

12   "COH Intervenors") to join in the motion to relate the *Hastings* case and the *COH* case, pursuant to the

13   Court coordinating the cases for settlement purposes before Magistrate Judge Cisneros.

14      3.      Specifically, on September 29, 2023, I reached out to Matthew Davis, counsel for the

15   *Hastings* Plaintiffs, which are collectively: (1) Hastings College of the Law, now known as "UC Law

16   SF", (2) Fallon Victoria, (3) Rene Denis, (4) Tenderloin Merchant and Property Owners (the "TMA");

17   (5) Randy Hughes; and (6)  Kristen Villalobos, to determine if they would stipulate to the City's

18   motion to relate the two cases, before a single judge. Mr. Davis advised me that the *Hastings* Plaintiffs

19   will join, and do not oppose, a motion to relate the two actions.

20      4.      On October 2-3, 2023, I discussed with Lauren Hansen, Lili Graham, and Mike Keys,

21   counsel for the "COH Intervenors" the motion to relate and asked them whether they would stipulate

22   to relating the cases.  COH Intervenors' counsel requested I provide a draft, written stipulation, which

23   I did. Ms. Hansen then informed me that they would not stipulate and would oppose.

24             **Relevant Excerpts of the *COH* Complaint and the Recent Events in this Action**

25      5.      Two years after the Stipulated Injunction was entered in this case (June 30, 2020), the

26   COH filed a separate complaint (September 27, 2022). *COH* Case, Dkt. No. 1. The COH is

27   represented by the ACLU, which previously filed an Amicus Brief in support of the COH's Motion to

28   Intervene and Complaint in Intervention, objecting to the Stipulated Injunction. Dkt. Nos. 43, 65-1,

1  The COH Complaint asserts thirteen causes of action related to purported violations of state and

2  federal constitutional protections; violations of federal and state disability access laws; and

3  "conspiracy" to violate civil rights.  *COH* Case, Dkt. No. 1,  ¶¶ 259-334. The COH filed a Second

4  Amended Complaint on June 6, 2023 ("SAC"). *COH* Case, Dkt. No. 135. Because the SAC is over

5  100 pages, **Exhibit A** is a true and correct copy of excerpts of the SAC, highlighting COH's

6  allegations that show the chain of events, by dates and description of occurences, wherin the COH

7  alleged it began to monitor the City's efforts, following the Stipulated Injunction.

8

| COH's Allegations in the COH Action | Comparison to COH Allegations in the *Hastings* Case |
|---|---|
| "Over the past ***several years***, the Coalition made the difficult choice to depart from its mission-related activities—proactive housing and homelessness prevention and support work—to focus on the dire need to protect unhoused people from the City's ongoing criminalization and property destruction practices. The Coalition has also spent some of its limited donor dollars to replace survival gear for unhoused people that the City of San Francisco has destroyed." Ikels Decl., Exh. A, ¶ 22 (emphasis added).<br><br>"In 2021, the Coalition was forced to engage staff from all program areas to help monitor and stop Defendants' sweeps – including producing a report on sweeps, monitoring police activities at sweeps, setting up a volunteer network, and setting up administrative clinics to file claims related to property confiscated at sweeps." *Id*., at ¶ 182.<br><br>The COH alleges it began spending money "on tents and survival belongings in the face of HSOC's sweeps to replace what the City took from unhoused people." *Id*., at ¶ 181. | In the COH Complaint in Intervention, the COH describes its focus, as of June 2020, as providing housing and health services to the homeless Dkt. No. 42, ¶¶  40-48.<br><br>The COH alleged: "following intensive advocacy by Intervenor Coalition on Homelessness, the City stopped sweeping encampments and committed to not taking tents." Dkt. No. 43-1, ¶ 108; Dkt. No.  59-2 (J. Friedenbach Decl.),  ¶¶ 8-12 (by 2020, the COH persuaded San Francisco to cease police enforcement, and was "achieving balance in implementing health-centered services to the Tenderloin's unhoused residents").<br><br>**Compared to:** The *Hastings* Plaintiffs pleading, filed in May 2020, complaining that the City's cessation of law enforcement efforts and failure to remove tents and prevent reencampments, caused the civil rights and disability claims and injuries to the *Hastings* Plaintiffs. Dkt. No. 1 at ¶¶ 2-6, 32. |

| COH's Allegations in the COH Action | Comparison to COH Allegations in the *Hastings* Case |
|---|---|
| The COH applauds the City's "Shelter-in-Place ("SIP") program that began during COVID-19", but complained that the SIP Hotels would be ending. Ikels Decl., Exh. A, ¶ 24, n.18, and ¶ 29. | In the Stipulated Injunction, at Section II, "the City agrees that it shall cause seventy percent (70%) of the number of tents as counted on June 5, 2020 to be removed along with all other encamping materials and related personal property, and their occupants relocated to a hotel room, safe sleeping site, off-street sites, or other placement by July 20, 2020. The City will take action to prevent re-encampment." Dkt. No. 71, p. 3.<br><br>Pursuant to Covid-19 health guidelines, San Francisco had to reconfigure its congregate shelters and also leased Shelter-in-Place ("SIP") hotel sites for temporary non-congregate shelter. At its highest capacity, San Francisco's SIP Hotel Program provided 2,411 rooms across 25 sites. *See* San Francisco Admin. Code, Chapter 118 ("PLACE FOR ALL PROGRAM), Sec. 118.2 (o).<br><br>The SIP Hotels then sued the City for property damage and drug overdoses. The City settled with the hotels for millions of dollars. KQED, *San Francisco to Pay Hotel Whitcomb $19.5 Million in Property Damage*, https://www.kqed.org/news/11952041/san-francisco-to-pay-hotel-whitcomb-19-5-million-in-property-damage (last visited Oct. 3, 2023). |
| "In her remarks and actions, Mayor London Breed has also raised the specter that unhoused people are a blight to be removed from sight. *See* David Marks, SF Mayor Breed Declares State of Emergency in Tenderloin, KQED (Dec. 17, 2021)." *Id.*, ¶ 67, n.59. | In the Stipulated Injunction, the City agreed that drug laws would be enforced "consistently across" San Francisco. Dkt. No. 71, Sec. V. |
| The COH contends taxpayers are better off as a result of the COH's political advocacy and arguments, and that "[t]he criminal | The *Hastings* Plaintiffs complained, in May 2020, that the cessation of law enforcement efforts and the City's failure to prevent |

| COH's Allegations in the COH Action | Comparison to COH Allegations in the *Hastings* Case |
|---|---|
| eviction of unhoused people from public areas also has no discernible impact on economic activity at storefront businesses." Ikels Decl., Exh. A, ¶¶ 75-76. | reencampment were the cause of the *Hastings* Plaintiffs' injuries and lack of safety. Dkt. No. 1, ¶¶ 2-6 (describing businesses and low income residents are suffering personal civil rights violations, and businesses have an "existential risk to their future" because of the encampments); ¶ 32. |
| The plaintiffs in the COH Complaint are comprised of the COH, and five individuals all of whom have housing. The ACLU is counsel of record. Ikels Decl., Exh. A at pp. 1, 21.<br><br>The *Hastings* Plaintiffs are not in the *COH* case, while the COH Intervenors argued in this case that the COH should be involved for the Court to consider all the interests. | The COH alleged the *Hastings* Plaintiffs and Stipulated Injunction elevated the constitutional rights and interests of the *Hastings* Plaintiffs and all other residents in San Francisco over the homeless. Dkt. No. 43-1, ¶ 133.<br><br>In the motion to intervene, the COH argued that this Court should consider and balance the interests and rights of the homeless as well as the *Hastings* Plaintiffs' claims, rights and interests. Dkt. No. 43, *passim*.<br><br>The ACLU filed an Amicus Brief, arguing "enforcement efforts" and prevention of "reencampment," in the Stipulated Injunction, violated the 4th and 8th Amendment of the unhoused. Dkt. No. 65-1. The ACLU argued that the Stipulated Injunction "criminalized homelessness" and required the confiscation of property. *Id.* at 3:23-24 ("Clearly 'enforcement measures' implies criminalization of those who may not elect to be 'enforced'"); *and* 3:10 (ACLU believes the Proposed Injunction violates Proposed Intervenors' rights to Fourth and Fourteenth Amendment protections). |

6.     On January 3, 2023, the City moved to clarify the scope of the *COH* Preliminary Injunction in light of the Stipulated Injunction. *COH* Case, Dkt. No. 70. A true and correct copy of San Francisco's Administrative Motion is attached as **Exhibit B**.

7.     The COH filed an opposition. *COH* Case, Dkt. No. 81. A true and correct copy of the COH's Opposition is attached as **Exhibit C.** The COH argued that the "[t]he only qualification is that

1  this [the enforcement efforts] prohibition is in effect 'as long as there are more homeless individuals in

2  San Francisco than there are shelter beds available. There are otherwise no exceptions." *Id.* at 2:8-11,

3  *and see* n.2.)

4  8.   The City's motion to clarify was denied on January 12, 2023, and the City appealed on

5  January 23, 2023, which remains pending before the Ninth Circuit Court of Appeals.  *COH* Case, Dkt.

6  No. 88.

7  9.   The *Hastings* Plaintiffs, through their counsel Matt Davis, began raising concerns about

8  the Stipulated Injunction with various City attorneys, including Ryan Stevens (who has since departed

9  the City Attorney's Office), Ed Wang, Yvonne Meré and, later, myself. In recent months, Mr. Davis

10  has stated that there had been a reversal in progress in the Tenderloin and tent counts, and crime and

11  drug use have now increased significantly since the *COH* Order was issued. After months of informal

12  discussions, on August 30, 2023, the *Hastings* Plaintiffs initiated the confidential, initiated the ADR

13  procedure in contemplation of a motion filed with the Court. Dkt. No. 71, Section VI (the confidential

14  ADR process "will be submitted to Magistrate Judge Corley").

15  10.   Magistrate Judge Lisa Cisneros was assigned in December 15, 2022 as the settlement

16  judge in the *COH* Case.  Attached as **Exhibit D** is a true and correct copy of the December 15, 2022

17  order referring Judge Cisneros as the settlement judge, by Magistrate Judge Ryu, in the *COH* case.

18  11.   I attended the settlement conference on September 8, 2023 before Judge Corley. Judge

19  Corley then referred the settlement process to Magistrate Judge Lisa Cisneros. Attached as **Exhibit E**

20  is a true and correct copy of the referral to Judge Cisneros on the same day, September 8, 2023.

21  12.   Later on the same day of September 8, 2023, this Court issued a formal order re-

22  assigning Judge Cisneros as the settlement judge under the Stipulated Injunction. Dkt. No. 102.

23  Thereafter, the COH Intervenors petitioned to participate in the settlement discussion process (Dkt.

24  Nos. 103-111), although they are not parties to the Stipulated Injunction. On September 27, 2023,

25  pursuant to their request, Judge Cisneros issued a settlement conference process schedule, ruling that

26  the COH could participate in the settlement procedure. Dkt. No. 112. As a result of the activity, I met

27  and conferred with counsel for the *Hastings* Plaintiffs and COH Intervenors, as discussed in paragraph

28  3-4, above, asking them to stipulate that the two cases should be related.

1   I declare under penalty of perjury under the laws of the State of California that the foregoing is

2   true and correct.  Executed October 3, 2023 in San Francisco, California.

3

4   _____
        ZUZANA S. IKELS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. Ikels ISO Mtn to Consolidate                          7                          n:\lit\li2023\200917\01708421.docx
CASE NO.  3:20-cv-3033 JST