MICHAEL A. KELLY, State Bar No. 71460
 MKelly@WalkupLawOffice.com
RICHARD H. SCHOENBERGER, State Bar No. 122190
 RSchoenberger@WalkupLawOffice.com
MATTHEW D. DAVIS, State Bar No. 141986
 MDavis@WalkupLawOffice.com
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street
San Francisco, CA  94108
Telephone:  415-889-2919
Facsimile:  415-391-6965

ALAN A. GREENBERG, State Bar No. 150827
 AGreenberg@GGTrialLaw.com
WAYNE R. GROSS, State Bar No. 138828
 WGross@GGTrialLaw.com
DEBORAH S. MALLGRAVE, State Bar No. 198603
 DMallgrave@GGTrialLaw.com
GREENBERG GROSS LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017
Telephone:  213-334-7000
Facsimile:  213-334-7001


_____
SHANIN SPECTER, Pennsylvania State Bar No. 40928
 shanin.specter@klinespecter.com
PHILIP M. PASQUARELLO
 philip.pasquarello@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Telephone: 215-772-1000
Pro Hoc Vice


Attorneys for All Plaintiffs

JOHN K. DIPAOLO, State Bar No. 321942
 dipaolojohn@uchastings.edu
General Counsel
Secretary to the Board of Directors
Hastings College of the Law
200 McAllister Street
San Francisco, CA  94102
Telephone:  415-565-4787
Facsimile:  415-565-4825

Attorney for Plaintiff
COLLEGE OF THE LAW, SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COLLEGE OF THE LAW, SAN FRANCISCO a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California;
FALLON VICTORIA, an individual;
RENE DENIS, an individual;
TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association;
RANDY HUGHES, an individual; and
KRISTEN VILLALOBOS, an individual,

                Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,

                Defendant.

Case No. 4:20-cv-03033-JST

**PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION**

*Filed concurrently with DECLARATIONS*

**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JON S. TIGAR**

Trial Date:     (None set yet)

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

# I.      OVERVIEW

Plaintiffs join defendant City and County of San Francisco's motion to relate this case, *College of the Law, San Francisco (f/k/a/ Hastings College of the Law) et al. v. County of San Francisco*, Case No. 4:20-cv-03033-JST (the "Tenderloin Case") and *Coalition on Homelessness et al. v. City and County of San Francisco et al.*, Case No. 4:22-cv-05502-DMR (the "COH Case").

Relating the two cases in this Court, where the first case was filed, would promote judicial efficiency and harmony and prevent forum shopping. It would also be fair.

Both cases involve San Francisco's unhoused population, the epicenter of which is in the Tenderloin.

Plaintiffs filed the Tenderloin Case first. (ECF no. 1.) Plaintiffs and City and County of San Francisco ("City") reached a prompt settlement, embodied in the Stipulated Injunction. (ECF no. 71.)

The COH and two other nonprofits (the "COH Intervenors") successfully intervened in the Tenderloin Case, arguing they needed to protect the rights of the unhoused population in the Tenderloin. (ECF no. 43.) This Court granted the COH Intervenors' motion to intervene and explicitly gave them the right to seek to "modify or improve upon" the Stipulated Injunction and to file a complaint in intervention. (ECF. No. 69.)

Indeed, in July of 2020, the COH Intervenors filed a complaint and then an amended complaint in this litigation. (ECF nos. 74, 80) They sought to ensure that any remedy obtained in the Tenderloin Case "honors and safeguards the constitutional and statutory rights of unhoused individuals living in the Tenderloin." (ECF no. 80 at ¶ 12.) The relief sought by the COH Intervenors in this case included a "declaratory judgment that the City must not violate unhoused persons' Eighth Amendment rights by taking action that criminalizes their homeless status." (ECF no. 80 at 40:1-2.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

Over the past three years, plaintiffs in the Tenderloin Case have regularly met-and-conferred with CCSF about the City's compliance with the Stipulated Injunction, especially the City's obligation to "make all reasonable efforts" to permanently reduce the number of tents and encampments to "zero." (Davis Declaration at ¶¶ 3-4.)

However, the COH has behaved differently. Rather than litigating the claims made in their complaint in intervention in this the Tenderloin Case, the COH filed a separate lawsuit against CCSF, the COH Case. <u>The COH asked for the same relief in that case as it seeks in the complaint in intervention it filed this case</u>.

Worse, plaintiffs in the Tenderloin Case have recently learned that the COH has been actively undermining compliance with the Stipulated Injunction, instead of exercising their right to seek to modify the Stipulated Injunction through proper judicial means.

## II.    PROCEDURAL HISTORY

"The Tenderloin's residents consist primarily of low-income and working class individuals, senior citizens, disabled people, and families with children." (ECF no. 01 at ¶ 26.) Nevertheless, for decades, policymakers, organizations and those with power have treated the Tenderloin as the City's "containment zone," where open-air-drug dealing and use was tolerated, and where unhoused people would be allowed to camp on the sidewalks. See Randy Shaw, "*SF's Drug Containment Zone*," BeyondChron, October 10, 2017 https://beyondchron.org/sfs-drug-containment-zone/ ("A containment zone is a place where the city allows activities they want to keep out of other neighborhoods").

No other part of the City has been mistreated in a similar fashion for so many years. (*Id*.) Conditions in the Tenderloin became unbearable at the start of the COVID pandemic–many sidewalks literally became impassable–prompting plaintiffs to file the Tenderloin Case on May 4, 2020. (ECF no. 1.)

Plaintiffs and the City engaged in prompt settlement discussions. (ECF nos.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

35-36, 41.) On June 5, this Court held a CMC and noted that settlement discussions in the Tenderloin Case were ongoing. (ECF no. 40.)

On June 9, 2020, the COH and two other nonprofit organizations (the "COH Intervenors") moved to intervene in the Tenderloin Case, arguing that the "relief sought would directly affect unsheltered Tenderloin residents…. [T]hese residents have a constitutional right to be free from criminalization if they are residing outside with no available shelter options." (ECF no. 43 at p. 2 [citing *Martin v. City of Boise*, 920 F.3d 584, 616-17 (9th Cir. 2019)].)

Plaintiffs and the City reached a tentative settlement and on June 11, 2020, and jointly asked this Court to enter a Stipulated Injunction that reflected the terms of their agreement. (ECF 51.)

On June 16, 2020, this Court asked the COH Intervenors to file a supplemental brief, "stating what effect, if any, the parties' settlement has on their motion to intervene." (ECF no. 55.) Both plaintiffs and the City took no position on the COH's request to intervene in this case. (ECF Nos. 63, 64.) While the motion to intervene was pending, CCSF and the COH Intervenors engaged in settlement discussions. (ECF Nos. 61, 62.)

On June 24, the COH Intervenors filed a brief that asked that the "Court require all parties to return to negotiation" so that the COH Intervenors may "modify the agreement" and "ensure that a settlement of this litigation is drafted and implemented in a way that better protects unhoused people's rights." (ECF No. 66 at 2, 8).

On June 30, 2020, this Court granted the motion to intervene, but denied the COH Intervenors' request to require order the parties to return to negotiations and modify the proposed Stipulated Injunction. This Court explained:

> [The COH Intervenors] will be free to attempt to modify or improve upon the original parties' settlement by negotiation or motion. And, as recent events make clear, there are yet additional parties whose interests are at stake in the Tenderloin and who are affected by "the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

confluence of the COVID-19 emergency and the City's longstanding homelessness crisis." They too will wish to be heard. And with each proposed alteration to the original parties' agreement comes "the possibility that modification [will] 'unravel' the original settlement." (ECF no. 69 at 7 [citations omitted].)

Also on June 30, this Court entered the Stipulated Injunction. (ECF no. 71).

The Stipulated Injunction mandates that the parties meet-and-confer if either side believes the other to be in breach. If the parties are unable to reach a resolution, then they must participate in a settlement conference before submitting the dispute to this Court. (*Id*. at Section VI.)

The COH Intervenors have never made an "attempt to modify or improve" the Stipulated Injunction. Instead, bypassing this Court, on September 27, 2022, the COH and others filed a separate action, the COH Case, and moved for a preliminary injunction.

In the meantime, in the three years since this Court entered the Stipulated Injunction, the Tenderloin Case plaintiffs initiated numerous efforts to meet-and-confer with the City about its compliance with the injunction. Most of those discussions have centered on plaintiffs' belief that City had breached its obligation under the Stipulated Injunction to "make all reasonable efforts" to permanently reduce the number of tents and encampments to "zero." Until recently, the parties were able to resolve the dispute without a settlement conference, let alone bringing the dispute to attention of this Court. (Davis decl. at ¶¶ 3-4.)

In the immediate months following the entry of the Stipulated Injunction, tremendous progress was made with respect to the sidewalk camps in the Tenderloin; on some days the number of tents and encampments dropped to the single digits. (Davis decl. at ¶ 5.)

However, in 2021, a backslide began; the number of tents and encampments slowly increased. Beginning late last year, the problem rapidly become much worse. Once again, some sidewalks became completely impassable. The plaintiffs in the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1    Tenderloin Case ramped up their meet-and-confer discussions with the City. By June

2    2023, conditions on the sidewalks of the Tenderloin again became so bad that the

3    plaintiffs carefully documented them in anticipation of having to present the dispute

4    to this Court. (Davis decl. at ¶¶ 6, 7 and Declaration of Lidon Lilly.)

5          At about the same time, plaintiffs in the Tenderloin Case learned for the first

6    time (during meet and confer discussions with the City) that the COH was allegedly

7    instructing people camping on the Tenderloin's sidewalks to refuse the City's offers of

8    shelter by citing to a preliminary injunction issued in the COH Case. The City

9    reported that it felt that it could not comply with the Stipulated Injunction and was

10   stuck between a rock and hard place. That is what prompted plaintiffs to request a

11   formal settlement conference in this case. (Davis decl. at ¶9.)

12         Plaintiffs in the Tenderloin Case also recently learned that the COH, rather

13   than seeking to modify the Stipulated Injunction through judicial means, has been

14   engaged in other efforts to undermine compliance with the injunction. For example, a

15   year after the Stipulated Injunction was entered the COH blatantly encouraged

16   people to camp out on the neighborhood's sidewalks through its tent giveaway

17   program. For example, the following post appeared on the COH's Twitter feed in

18   December 2021:

19         ///

20         ///

21         ///

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22
Source: https://twitter.com/kattenburger/status/1707085556834869587/photo/1 (accessed on 10/7/2023 at 2:09 p.m.) (Davis decl. at ¶10-11.)

## III.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully join the City's Administrative

motion to relate the cases in this Court.

///

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

1   Dated:  October 6, 2023          WALKUP, MELODIA, KELLY & SCHOENBERGER

2

3                                    By:  ___ /S/ Matthew D. Davis ___

4                                         MICHAEL A. KELLY
                                          RICHARD H. SCHOENBERGER
5                                         MATTHEW D. DAVIS
                                          Attorneys for All Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

9
PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

1

## PROOF OF SERVICE

**Hastings v. City and County San Francisco**
**Case No. 4:20-cv-3033-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

- **PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION**

- **DECLARATION OF LINDON LILLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION**

- **DECLARATION OF MATTHEW D. DAVIS IN SUPPORT OF PLAINTIFFS' RESPONSE TO ADMINIDTRATIVE MOTION OF DEFENDANT CCSF TO RELATE CASES**

to:

Edmund T. Wang**,** Deputy City Attorney
David Chiu, City Attorney
James F. Hannawalt, Acting Chief Trial Deputy
Jeremy M. Goldman, Esq.
Tara M. Steeley, Esq.
Renée E. Rosenblit, Esq.
Zuzana S. Ikels, Esq.
1390 Market Street, Sixth Floor
San Francisco, CA 94102

**Attorneys for Defendant City and County of San Francisco**

Wang Direct: (415) 554-3857
Goldman Direct:  (415) 554-6762
Steeley Direct:  (415) 554-4655
Rosenblit Direct:  (415) 554-3975
Stevens Direct:  (415) 554-3975
Ikels Direct: (415) 355-3307
Fax:  (415) 554-3837
jeremy.goldman@sfcityattny.org
tara.steeley@sfcityattny.org
renee.rosenblit@sfcityattny.org
edmund.wang@sfcityatty.org
anita.murdock@sfcityatty.org,
celena.sepulveda@sfcityatty.org,
sophia.garcia@sfcityatty.org,
winnie.fong@sfcityatty.org
Zuzana.ikels@sfcitvattnv.org

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST

| 1 | Lauren Hansen, Esq. | **Counsel for Proposed** |
| 2 | Melissa A. Morris, Esq.<br>Public Interest Law Project | **Intervenors Hospitality House;<br>coalition on Homelessness; and** |
|   | 449 15th Street, Suite 301 | **Faithful Fools** |
| 3 | Oakland, CA  94612-06001 | |
| 4 | | Office:  (510) 891-9794<br>Fax:  (510) 891-9727 |
| 5 | | lhansen@pilpca.org<br>mmorris@pilpca.org |
| 6 | Lili V. Graham, Esq. | **Counsel for Proposed** |
| 7 | Tiffany L. Nocon, Esq.<br>Disability Rights California | **Intervenors Hospitality House;<br>coalition on Homelessness; and** |
|   | 350 S. Bixel Street Suite 290 | **Faithful Fools** |
| 8 | Los Angeles, CA  90017-1418 | |
| 9 | | Office:  (213) 213-8000<br>Fax:  (213) 213-8001 |
| 10 | | lili.graham@disabilityrightsca.org<br>tiffany.nocon@disabilityrightsca.org |
| 11 | Michael David Keys, Esq. | **Counsel for Proposed** |
| 12 | Jessica Berger, Esq.<br>Bay Area Legal Aid | **Intervenors Hospitality House;<br>coalition on Homelessness; and** |
|   | 1454 43rd Avenue | **Faithful Fools** |
| 13 | San Francisco, CA  94122 | |
| 14 | | Office:  (415) 982-1300<br>Fax:  (415) 982-4243 |
| 15 | | mkeys@baylegal.org<br>jberger@baylegal.org |
| 16 | William S. Freeman, Esq. | **Counsel for Amicus Curiae** |
| 17 | John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California | **(ACLU Foundation of Northern<br>California)** |
| 18 | 39 Drumm Street | (415) 621-2943 |
| 19 | San Francisco, CA 94111 | wfreeman@aclunc.org<br>jdo@aclune.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2023, at San Francisco, California.

Kirsten Benzien

LAW OFFICES OF<br>WALKUP, MELODIA, KELLY<br>& SCHOENBERGER<br>A PROFESSIONAL CORPORATION<br>650 CALIFORNIA STREET<br>26TH FLOOR<br>SAN FRANCISCO, CA  94108<br>(415) 981-7210

PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION - CASE NO. 4:20-cv-03033-JST