LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, pro hac vice
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Counsel for Plaintiffs in Case No. in 4:22-cv-05502-DMR*
*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual, <br> Plaintiffs, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, <br> Defendants. | Case No. 4:20-cv-03033-JST <br><br> **OPPOSITION OF PLAINTIFFS IN CASE NO. 4:22-CV-05502 TO SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED** |

Plaintiffs in *Coalition on Homelessness et al. v. City and County of San Francisco et al*, Case No. 4:22-cv-05502-DMR ("*COH*"), submit that that the untimely motion by San Francisco (the "City") to relate *COH* to the instant case ("*UC Law*") should be denied. The City is seeking, yet again, to avoid rulings in *COH* that are unfavorable to it. Relating these cases now would waste judicial resources, encourage "judge shopping," and prejudice the *COH* plaintiffs, who have been litigating that case extensively before Chief Magistrate Judge Ryu for over a year.[1]

## I.    THE CITY'S MOTION IS UNTIMELY

N. D. Cal. Civ. L. R. ("Local Rule") 3-12(b) requires a party to file a related case motion "promptly" upon learning of an action that is or may be related. The City has violated this rule by waiting over one year to file this motion, and offers no excuse for its delay. *COH* was filed on September 27, 2022 and assigned to Chief Magistrate Judge Ryu. All parties consented to Judge Ryu (*COH* Dkt. Nos. 19, 21), and the case has been litigated extensively, generating 196 docket entries. Last December, based on an extensive factual record, Judge Ryu issued a scathing 50-page preliminary injunction order, finding that the City's position on Plaintiffs' Eighth Amendment claims was "wholly unconvincing" and that Plaintiffs' had established a likelihood of success on both their Eighth Amendment and Fourth Amendment claims. *COH* Dkt. No. 65 at 37:21, 42:10-17, 45:7-10. The City unsuccessfully sought a "clarification" of this order (*COH* Dkt. No. 70), and then appealed it to the Ninth Circuit.

At this late stage of the litigation, the City now argues that the cases should be related because they concern "substantially the same parties" and the same events. Mot. at 1:16-18. But the City cannot deny that all of these purported similarities have been apparent and knowable since the day the *COH* complaint was filed. Worse, the City does not devote *a single word* to explaining why it waited *over a year* to file this motion.

These facts alone are sufficient reason to deny the motion. *Rezner v. Bayerische Hyper-Und Vereinsbank AG*, No. 06-cv-02064, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (denying motion to relate cases, citing "unjustified lapse of nearly a year" before motion brought).

---

[1] The *COH* plaintiffs do not object to Magistrate Cisneros conducting settlement discussions in both cases (even though, as discussed below, it is questionable whether any "settlement discussions" in *UC Law* are amenable to judicial involvement under the stipulated injunction).

1

2

## II.     THE CASES SHOULD NOT BE RELATED UNDER LOCAL RULE 3-12, AND THE CITY IS NOT SUBJECTED TO "CONFLICTING RULINGS"

3     The City argues that the two cases have now become "ripe for relation" because Magistrate

4 Judge Cisneros has been assigned to conduct settlement discussions in both. Mot. at 5:22-23. But

5 that assignment does not change the fact that while there is some overlap of parties and issues, the

6 cases involve different individual and organizational plaintiffs, intervenors, defendants,

7 geographic and temporal scope, and substantive claims. *Compare UC Law* Dkt. No. 1 ¶¶ 60-123

8 (substantive due process, nuisance, takings, and negligence claims arising out of street conditions

9 in the Tenderloin), *with COH* Dkt. No. 1 ¶¶ 259-334 (Fourth, Eighth, and Fourteenth Amendment

10 claims, state law claims, and disability claims arising out of illegal property destruction and

11 criminalization of homelessness without access to shelter, city-wide). "While there may be some

12 overlap in issues, that is not the test for relating cases; indeed, implicit in Civil Local Rule 3-12(a)

13 is the principle that single judges of this Court do not become responsible for all cases arising in

14 one area of law, even when some of the same parties are involved." *Allen v. City of Oakland*, No.

15 00-cv-04599, 2011 U.S. Dist. LEXIS 135556, at \*6 (N.D. Cal. Nov. 23, 2011).

16     The City's argument that it faces "inconsistent claims" and "conflicting rulings" (Mot. at

17 5:13-16) is also meritless. The *UC Law* injunction, to which the City agreed, plainly states that "all

18 parties shall respect the legal rights of the unhoused of the Tenderloin in all manners, including in

19 relation to relocating and removing the unhoused . . . ." Dkt. No. 71 at 3:26-27. The preliminary

20 injunction in *COH* merely spells out, in greater detail, *what those "legal rights" are*, and what the

21 City must do to "respect" them: it may not enforce or threaten enforcement of certain laws, and it

22 must adhere to its own "bag and tag" policy. *COH* Dkt. No. 65 at 50. There is no conflict here.

23     The City unsuccessfully raised the "conflicting rulings" argument *nine months ago* before

24 Judge Ryu. *See* Admin. Motion for Clarification of PI Order, *COH* Dkt. No. 70, at 4:12-13 ("[T]he

25 *UC Law* Injunction and the [*COH* preliminary injunction] Order impose conflicting obligations on

26 San Francisco"). Judge Ryu denied the motion as procedurally improper, but also noted that she

27 saw no conflict. Transcript of Hearing, *COH* Dkt. No. 91 at 24:9-14 ("And when I read Judge

28

1    Tigar's order, I didn't understand what the conflict was."). Judge Ryu  invited the City to file a

2    noticed motion to reconsider. Order, *COH* Dkt. No. 84 at 2. The City never did so.

3            The *UC Law* plaintiffs *agree* that there is no conflict, and so argued over three pages of

4    briefing as *amicus curiae* in the City's Ninth Circuit Appeal. *See* UC College of Law, Amicus Br.,

5    Ninth Cir. No. 23-15087, Dkt. No. 17-2 at 10-12 ("As a threshold matter, Judge Ryu's Order does

6    not conflict with the Stipulated Injunction"). *see also COH* Dkt. No. 81, at 3:2-4:6 (Plaintiffs in

7    the *COH* case noting the same in detail).

8    **III.     RELATION WOULD WASTE JUDICIAL RESOURCES**

9            The *UC Law* case was never substantively litigated in this Court. It was filed on May 4,

10   2020 and resolved by agreement barely one month later. Dkt. Nos. 1, 51. The plaintiffs—

11   institutions and individuals that did not include unhoused persons—alleged injury resulting from

12   San Francisco's failure to "ensure safe and secure living conditions in the Tenderloin." *Id.* at 35,

13   ¶ 61. Several organizations representing unhoused persons sought to intervene 36 days later—a

14   lapse of time that the City ironically claimed rendered the motion "untimely"—but the motion to

15   intervene was not granted until June 30, 2020, the day the settlement was approved by the Court

16   and the stipulated injunction was entered. Dkt. No. 63 at 2-3; Dkt. Nos. 69, 71. No discovery took

17   place, and no substantive motions were heard or decided.

18           Following approval of the stipulated injunction by the City's Board of Supervisors, the

19   case was dismissed and closed on October 7, 2020 (Dkt. Nos. 98, 99), and has remained closed for

20   over three years. The City does not argue that this Court has greater familiarity with the underlying

21   facts and circumstances than Judge Ryu; the opposite is the case. In addition to the preliminary

22   injunction, Judge Ryu has denied two motions to dismiss and a motion for stay pending appeal

23   (*COH* Dkt. Nos. 119, 128, 169), and has ruled on numerous discovery issues (*e.g., COH* Dkt. Nos.

24   44, 113, 122, 127, 129, 163). A motion for enforcement of the preliminary injunction remains

25   pending. *COH* Dkt. No. 180. On September 20, 2023, Judge Ryu set the trial date for October 1,

26   2024, over the City's objection. *COH* Dkt. No. 190. Reassignment of *COH* at this time would

27   disrupt ongoing proceedings and potentially interfere with the trial date.

28           In *Rezner*, the court found that where discovery in the later-filed case was well under way

1  and the judge there had already issued a lengthy substantive order, judicial economy was "better

2  served" by declining to relate the cases. 2009 WL 3458704 at *2. Judge Ryu's depth of experience

3  with *COH* is far greater. Relating these cases would be inefficient because it would substitute a

4  judicial officer who would have to get up to speed on the complex details of the existing factual

5  and procedural record for one who is immersed in that record. None of the cases cited by the City

6  involved facts remotely similar to those presented here, where the City litigated the *COH* case

7  aggressively for over a year, and then, after a series of adverse rulings, filed a belated motion for

8  consolidation based on facts and circumstances it had been aware of all along.

9  **IV.    THE SUPPOSED BASIS FOR THE MOTION IS DUBIOUS**

10       A close examination of the stipulated injunction in *UC Law* (Dkt. No. 71) casts serious

11  doubt whether there is even any basis for continued judicial involvement in *UC Law* at this time.

12  The only enforceable, specific mandates in the *UC Law* injunction are set forth in Sections II-V,

13  which provide that "[d]uring the COVID-19 emergency"—described as the time until "the Mayor

14  lifts the San Francisco emergency order"— the City will take certain actions to remove unhoused

15  residents from the Tenderloin. *Id.* at 3-4 and n.1. As the City concedes (Mot. at 2 n.1), the Mayor

16  has declared the COVID-19 emergency over, and therefore the key provisions of the stipulated

17  injunction are no longer in effect. The *only* portion of the stipulated injunction that may survive is

18  the vague promise in Section VII that "[a]fter the COVID-19 emergency … [t]he parties agree to

19  work together to improve living conditions in the Tenderloin for the long term." *Id.* at 5:1-5. This

20  general statement of intent does not entitle the *UC Law* plaintiffs to relief from this Court.

21       The *UC Law* plaintiffs' joinder in this motion does not contradict any of these facts. All

22  the *UC Law* plaintiffs say is that at "[o]ver the past three years" they have met with the City about

23  its compliance with "reasonable efforts" language contained in Section II of their injunction—a

24  section that is effective only "[d]uring the Covid-19 emergency." They do not say when they met

25  with the City, or how often. Most significantly, they do not even attempt to explain why those

26  provisions of the injunction have any force or effect now that the emergency is over.[2] The *UC Law*

27  ───────────────

28  [2] The Court should disregard the *Hastings* Plaintiffs' double-hearsay accusations that they heard, through discussions with the City, that the Coalition on Homelessness, by providing tents to unhoused persons, was seeking to "undermine compliance with the injunction" or "instructing

1   plaintiffs' "concerns" after the expiration of the COVID-19 emergency do not provide a basis to

2   move *COH* from the court where it has been litigated for the past year.

3   **V.      THE MOTION APPEARS TO BE AN ATTEMPT AT "JUDGE SHOPPING"**

4          The City is clearly frustrated by Judge Ryu's rulings in *COH*, including the preliminary

5   injunction; the denial of its motions to dismiss and its "administrative motion" for "clarification;"

6   the denial of its motion for a stay of the preliminary injunction pending appeal; and the recent

7   order accelerating the trial date. It has complained loudly and often about these rulings. To name

8   but one example, in a recent *amicus curiae* brief to the U.S. Supreme Court, the City complained

9   that "the U.S. District Court for the Northern District of California has adopted rulings … [that]

10  have "severely constrained San Francisco's ability to enforce its laws," and that "judicial

11  intervention has led to painful results." Brief of *Amicus Curiae* on Petition for Writ of Certiorari,

12  *City of Grants Pass v. Oregon,* No. 23-175, at 4. It is not surprising that the City might wish  to

13  have *COH* transferred away from Judge Ryu, which would be the normal result of an order relating

14  the cases. *See* Local Rule 3-12(f).[3] But even the *appearance* of judge-shopping weighs against

15  relating cases. *Rezner,* 2009 WL 3458704, at *2 ("[Movant's] attempt to transfer its case so soon

16  after receiving an adverse ruling from Judge Conti has at least the appearance of judge shopping,

17  which also weighs heavily against relating the cases.").

18  **VI.     CONCLUSION**

19         The City's motion to relate *UC Law* and *COH* is the latest in a long line of attempts by the

20  City to avoid the full consequences of the preliminary injunction issued by Judge Ryu—an order

21  that was firmly based on the detailed factual record of the City's misconduct. For all of the

22  foregoing reasons, the motion should be denied.

23

24  Dated:  October 10, 2023                         Respectfully submitted,

25                                                   By: */s/ Alfred C. Pfeiffer, Jr.*

26  people … to refuse the City's offers of shelter." Dkt. No. 118 at 7:6-8, 14. The City has not made
    these assertions in its own filing.

27

28  [3] The *COH* Plaintiffs would not oppose an order that the cases be related under Chief Magistrate
    Ryu, given Judge Ryu's extensive involvement in *COH*, and the fact that Judge Ryu is already
    familiar with the *Hastings* matter because the City has addressed it in filings before her.

1                LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
2                Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
3                Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
4                San Francisco, CA 94111
Telephone: (415) 391-0600
5                al.pfeiffer@lw.com
wesley.tiu@lw.com
6                kevin.wu@lw.com
tulin.gurer@lw.com

7

8                LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
9                Costa Mesa, CA 92626
Telephone: (714) 540-1235
10               joseph.lee@lw.com

11               LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12               12670 High Bluff Drive
San Diego, CA 92130
13               Telephone: (858) 523-5400
rachel.mitchell@lw.com

14               By: */s/ Zal K. Schroff*

15               LAWYERS' COMMITTEE FOR CIVIL
16               RIGHTS OF THE SAN FRANCISCO BAY
AREA
17               Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
18               San Francisco, CA 94105
Telephone: (415) 543-9444
19               zshroff@lccrsf.org
edellapiana@lccrsf.org
20

21               By: */s/ John T. Do*

22               ACLU FOUNDATION OF NORTHERN
CALIFORNIA
23               John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
24               39 Drumm Street
San Francisco, CA 94111
25               Telephone: (415) 293-6333
jdo@aclunc.org
26               wfreeman@aclunc.org

27               *Counsel for Plaintiffs in Case No. in 4:22-cv-05502-DMR*

28

1

**<u>ATTESTATION</u>**

2

     I, Alfred C. Pfeiffer, Jr., am the ECF user whose use ID and password authorized the

3

filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4

have concurred in the filing.

5

6

Dated:  October 10, 2023                                        */s/ Alfred C. Pfeiffer, Jr.*          

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28