Case 4:20-cv-03033-JST   Document 120   Filed 10/10/23   Page 1 of 12

```
Lauren Hansen (CA BAR NO. 268417)
Melissa A. Morris (CA BAR NO. 233393)
PUBLIC INTEREST LAW PROJECT
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: lhansen@pilpca.org

Lili V. Graham (CA BAR NO. 284264)
DISABILITY RIGHTS CALIFORNIA
350 S Bixel Street, Ste 290
Los Angeles, CA 90017-1418
Tel: (213) 213-8000
Fax: (213) 213-8001
Email: lili.graham@disabilityrightsca.org
```

**(Additional counsel on following page)**

Attorneys for INTERVENORS
HOSPITALITY HOUSE, COALITION ON
HOMELESSNESS and FAITHFUL FOOLS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>Defendant. | **Case No. 4:20-cv-3033-JST**<br><br>**INTERVENORS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED**<br><br>Action Filed: May 4, 2020<br><br>Action Closed: Oct. 7, 2020 |

---

**Case No. 4:20-cv-3033-JST**
**INTERVENORS' RESPONSE TO ADMIN. MOTION RE: RELATION**                                         1

Michael David Keys (CA BAR NO. 133815)
BAY AREA LEGAL AID
1454 43rd Avenue
San Francisco, CA 94122
Tel: (415) 982-1300
Fax: (415) 982-4243
Email: mkeys@baylegal.org

**(Counsel for Intervenors continued from previous page)**

## I. INTRODUCTION

Plaintiffs College of the Law, San Francisco, et al., and Defendants the City and County of San Francisco (City) inappropriately seek to relate *Coalition on Homelessness et al. v. City and County of San Francisco* (22-cv-05502-DMR) (*COH v. SF*) to this case, which has been dismissed and administratively closed since 2020. In contrast, *COH v. SF* has been in active litigation before Judge Ryu for over a year, with a preliminary injunction in place, trial scheduled, and substantive motion practice ongoing. Reassigning *COH v. SF* from Judge Ryu pursuant to Local Rule 3-12(f)(3) would increase the burden on the Court, mix distinct issues, and increase the risk of inconsistency. Accordingly, Intervenors Hospitality House, Coalition on Homelessness (COH), and Faithful Fools oppose relation of the two cases.

## II. BACKGROUND AND PROCEDURAL HISTORY

### A. *College of the Law, San Francisco, et al. v. City and County of San Francisco*

On May 4, 2020, amid the early months of the COVID-19 pandemic, College of the Law, San Francisco—then UC Hastings—the Tenderloin Merchants and Property Association, and four individuals (collectively, Plaintiffs) initiated this lawsuit. Dkt. No. 1. Plaintiffs alleged that tents and unsheltered homeless individuals in the Tenderloin created a nuisance and a state-created danger, and they sought the removal of these people and their belongings from public spaces. *Id*. Plaintiffs and the City immediately began settlement negotiations. Dkt. No. 19.

Hospitality House, COH, and Faithful Fools are nonprofit organizations that provide basic necessities to and advocate for unhoused people in the Tenderloin. Concerned that this case might be resolved without input by or participation from unhoused Tenderloin residents, they asked the City and Plaintiffs to stipulate to their intervention and to allow them to participate in settlement discussions. Plaintiffs and the City declined. *See* Dkt. No. 39 (Joint CMC Statement); Dkt. No. 66-2 (Hansen Decl. ISO Reply). On June 9, 2020, Intervenors filed a motion to intervene, which the Court granted on June 30, 2020. Dkt. No. 43; Dkt. No. 69. Intervenors' Complaint in Intervention pled two causes of action for disability discrimination related to the City's administration of shelter and services but focused primarily on responding to the allegations and requested relief set forth in Plaintiffs' Complaint. Dkt. No. 74.

On the same day it granted intervention, the Court entered the Stipulated Injunction that Plaintiffs and the City had already negotiated and executed without Intervenors' involvement or input. Dkt. No. 71. In denying Intervenors' request to delay entry of the Injunction so that they could weigh in on its terms, the Court stated that Intervenors "will be free to attempt to modify or improve upon the original parties' settlement by negotiation or motion." Dkt. No. 69 at 7.

The Injunction's terms related to the City's placement of unhoused people in shelter-in-place (SIP) hotels; reduction of tents in the Tenderloin by July 20, 2020; establishment of "safe sleeping villages"; and various other actions to be taken before July 20, 2020. Dkt. No. 71 at 2-4. The Injunction pertained to the period of the COVID-19 emergency, which, as acknowledged by the City, has since ended. *See* Dkt. No. 116 at 3, fn. 1; *see also* Dkt. No. at 2.

Contrary to Plaintiffs' assertions, Intervenors made repeated attempts to modify the Injunction and influence its implementation, many of which are documented in the record of this case. *See, e.g.,* Dkt. No. 66-1 (Cutler Decl. ISO Reply) at ¶¶ 11-18; Dkt. No 66-2 (Hansen Decl. ISO Reply) at ¶¶ 5-16; Dkt. No. 75 (Joint CMC Statement) at 1-2; Dkt. No. 80 (Am. & Supp. Complaint) at. ¶¶ 34, 57, 146-166; *see also* Hansen Decl. at ¶¶ 4, 5-9; Friedenbach Decl. at ¶¶9-12. The City rejected attempts to negotiate a formal agreement that would safeguard the rights of unhoused individuals. Consequently, Intervenors focused their efforts on the implementation of the Injunction by engaging in on-the-ground advocacy to ensure that unsheltered individuals were appropriately placed into SIP hotels. Hansen Decl. at ¶¶ 8-9; Friedenbach Decl. at ¶¶10-12.

Following the execution of the Injunction, Plaintiffs and Intervenors stipulated to dismiss their claims (Dkt. No. 98), and the Court issued an order dismissing and closing the case on October 7, 2020. Dkt. No. 99.

Nearly three years later, on September 8, 2023, Intervenors' counsel received notification of the Court's referral of the case to Magistrate Judge Cisneros for settlement. Dkt. No. 102. Intervenors had not been aware of any dispute between Plaintiffs and the City, or of preparations to initiate Section VI's dispute resolution process. Hansen Decl. at ¶ 12; *see also* Dkt. No. 71 at 4. The alleged dispute between the City and Plaintiffs that gave rise to the dispute resolution process is unclear. The City's motion is vague, but Plaintiffs reference this language from

Section II: "After July 20, 2020, the City will make all reasonable efforts to achieve the shared goal of permanently reducing the number of tents, along with all other encamping materials and related personal property, to zero." *See* Dkt. No. 116 at 2-3; Dkt. No. 118 at 6-7; Dkt. No. 71 at 3. Plaintiffs, however, do not state how the City has failed to "make reasonable efforts." Rather, Plaintiffs make unsubstantiated, hearsay, and factually untrue accusations that COH actively discourages people from accepting shelter *See* Dkt. No. 118 at 4, 7; Dkt. No. 118-2 (Davis Decl.) at ¶9; Friedenbach Decl. at ¶¶6-8. Plaintiffs' disingenuous allegations are irrelevant to the question of relation and appear designed solely to prejudice the Court against COH; Intervenors request that the Court ignore paragraph nine of Mr. Davis's declaration (Dkt. No. 118-2).

    **B.**  *Coalition on Homelessness et al. v. City and County of San Francisco et al.*

    COH and seven unhoused residents sued the City, the Mayor, the police, and certain other departments and officials, on September 27, 2022. *COH v. SF* Dkt. No. 1. They allege that the City's ongoing pattern and practice of criminalizing homelessness in the absence of adequate shelter and its seizure of individuals' personal property violate their constitutional rights; they also allege disability discrimination under the Americans with Disabilities Act and Government Code Section 11135. *COH v. SF* Dkt. No. 1. The plaintiffs moved for a preliminary injunction, and on December 23, 2022, Judge Ryu granted their motion, prohibiting the City from enforcing or threatening to enforce certain laws and ordinances against people who are involuntarily homeless. *COH v. SF* Dkt. Nos. 9, 65 at 48-50. The City's appeal of the preliminary injunction is pending before the Ninth Circuit, and the plaintiffs' motion to enforce the preliminary injunction is pending before Judge Ryu. The City raised the *College of Law* Injunction in a January 3, 2023, administrative motion to "clarify" the preliminary injunction. *COH v. SF* Dkt. No. 70. Judge Ryu denied the motion as procedurally improper and invited the City to file a noticed motion, which it never did. *COH v. SF* Dkt. No. 88.

**III.**  **ARGUMENT**

    Per Local Rule 3-12, cases are related when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted

before different Judges. Neither is the case here.

### A. *COH v. SF* is brought by different parties asserting different claims covering a different geographic area and a different time period.

Despite both pertaining to unsheltered homelessness in San Francisco and having two parties in common, the two cases have distinct parties, claims, and procedural postures. *See* LR 3-12(a)(1); *Hodges v. Akeena Solar*, Nos. CV 09–02147 JW, CV 10–02735 JF, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010)(cases not related where "the Court finds that although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different"). Unlike *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-cv-5421-RMW at *1 (N.D. Cal. July 5, 2005), cited by the City, these two cases involve different interests, different time periods, and different events. *See* Dkt. No. 116 at 6. *College of the Law v. SF* was brought to advance the interests of a law school, housed individuals, and businesses in the Tenderloin neighborhood in 2020. In contrast, *COH v. SF* was brought to advance the interests of unhoused individuals and pertains to ongoing practices Citywide. *COH v. SF* is being actively litigated, with a preliminary injunction in place, a trial scheduled, and discovery and substantive motion practice ongoing. In contrast, all claims in *College of the Law v. SF* were dismissed three years ago. This situation is very different from the cases cited by the City. *See, e.g. Pepper v. Apple, Inc.*, No. 11-cv-06714-YGR, 2019 WL 4783951 *2 (N.D. Cal. Aug. 22, 2019), cited at Dkt. No. 116 at 5 (noting that "[a]ll three cases are currently in a similar procedural posture and have yet to begin substantial discovery").

The City and Plaintiffs suggest that COH should have tried to modify or enforce the Stipulated Injunction instead of filing *COH v. SF*. Dkt. No. 116 at 4; Dkt. No. 118 at 6-7. Their preference for COH to choose a different course of action is irrelevant to whether the two cases are related. Further, Plaintiffs and the City deliberately excluded COH from the Stipulated Injunction. Consequently, it does not contain any provisions that COH agreed to or might have utilized to rectify the legal violations alleged in *COH v. SF*.

### B. Relating the cases would not promote efficiency or consistency.

The second prong of Local Rule 13-2(a) seeks to conserve judicial resources and avoid

inconsistent results. For over a year, *COH v. SF* has been before Judge Ryu, who has overseen multiple substantive motions and scheduled trial. In *Rezner v. Bayerische Hypo-UND Vereinsbank AG*, Nos. C 06–02064 JW, C 08–03479 SC, 2009 WL 3458704 *1 (N.D. Cal. Oct. 23, 2009), the Court denied a similar request to relate a case that had been pending for over a year, and where the judge had already heard and decided significant substantive issues, to two older cases. In doing so, it noted "the significant time and energy Judge Conti has already invested in the case" and found that judicial economy would be better served by allowing the newer case to remain with its current judge. The same can be said of the significant time and energy Judge Ryu has invested in *COH v. SF*. Further, duplication is unlikely because *College of the Law v. SF* has been closed for three years. See *Rezner,* 2009 WL 3458704 at *1 (finding little risk of duplication where one case was closed and on appeal and another was stayed pending mediation); *see also Carlyle Fortran Trust v. NVIDIA Corp.*, Nos. C 05-00427 JW, C 08-04634 RMW, 2008 WL 4717467 *1 (N.D. Cal. Oct. 24, 2008)(noting the "current inactive or on-appeal status of the allegedly related cases" in determining cases were not related). Finally, the City did not "promptly file in the lower-numbered case." LR 3-12(b). *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), cited by the City, is inapplicable because it was about consolidation, not relation, and because the question of whether the court should have consolidated the cases are not at issue. *Id.* at 1204. And, notably, the court there did not bring the newer case within the ambit of the older one; it terminated the injunctive orders from the older case.

## IV.     CONCLUSION

For the foregoing reasons, Intervenors respectfully request that the Court deny the City's administrative motion to relate *COH v. SF* to this case.

DATED:  October 10, 2020          Respectfully submitted,

                                  THE PUBLIC INTEREST LAW PROJECT
                                  DISABILITY RIGHTS CALIFORNIA
                                  BAY AREA LEGAL AID

                                  By:           /s/
                                              Melissa A. Morris
                                              Attorneys for Intervenors

**ATTESTATION**

I, Lili V. Graham, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in the filing.

Dated: October 10, 2023                                                                                                   */s/ Lili V. Graham*

# PROOF OF SERVICE
## Hastings v. City and County San Francisco
## Case No. 4:20-cv-3033-JST

I, GABRIELLE HOVERTER, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the Disability Rights California, 350 S. Bixel Street, Suite 290, Los Angeles CA 90017.

On October 10, 2023, I served the following document(s):

1. **INTERVENORS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED**
2. **DECLARATION OF LAUREN HANSEN IN SUPPORT OF INTERVENORS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED**
3. **DECLARATION OF JENNIFER FRIEDENBACH IN SUPPORT OF INTERVENORS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED**
4. **[PROPOSED] ORDER DENYING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

on the following persons at the locations specified:

| | |
|---|---|
| Michael A. Kelly, Esq.<br>Richard H. Schoenberger, Esq.<br>Matthew D. Davis, Esq.<br>Jade Smith-Williams, Esq.<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street<br>San Francisco, CA 94108<br>mkelly@walkuplawoffice.com<br>rschoenberger@walkuplawoffice.com<br>mdavis@walkuplawoffice.com | Alan A. Greenberg, Esq.<br>Wayne R. Gross, Esq.<br>Deborah S. Mallgrave, Esq.<br>Greenberg Gross LLP<br>601 S. Figueroa Street, 30th Floor<br>Los Angeles, CA 90017<br>agreenberg@GGTrialLaw.com<br>wgross@GGTrialLaw.com<br>dmallgrave@GGTrialLaw.com<br><br>Attorneys for All Plaintiffs |

| | | |
|---|---|---|
| 1 | jsmithwilliams@walkuplawoffice.com | (213) 334-7000 (Telephone) |
| 2 | Attorneys for All Plaintiffs | (213) 334-7001 (Facsimile) |
| 3 | (415) 889-2919 (Telephone)<br>(415) 391-6965 (Facsimile) | |
| 4 | John K. Dipaolo, Esq.<br>General Counsel | Lauren Hansen, Esq.<br>Melissa A. Morris, Esq. |
| 5 | Secretary to the Board of Directors<br>College of the Law, San Francisco | Public Interest Law Project<br>449 15th Street, Suite 301 |
| 6 | 200 McAllister Street | Oakland, CA 94612-06001 |
| 7 | San Francisco, CA 94102<br>dipaolojohn@uchastings.edu | lhansen@pilpca.org |
| 8 | Attorneys for Plaintiff | Attorneys for Intervenors Hospitality<br>House; Coalition on Homelessness; |
| 9 | COLLEGE OF THE LAW, SAN<br>FRANCISCO | and Faithful Fools |
| 10 | | (510) 891-9794 (Telephone) |
| 11 | (415) 565-4787 (Telephone)<br>(415) 565-4825 (Facsimile) | (510) 891-9727 (Facsimile) |
| 12 | | |
| 13 | Shanin Specter, Esq.<br>Philip M. Pasquarello, Esq. | Michael David Keys, Esq.<br>Bay Area Legal Aid |
| 14 | Kline & Specter, P.C.<br>1525 Locust Street | 1800 Market Street, 3rd Floor<br>San Francisco, CA 94102 |
| 15 | Philadelphia, PA 19102<br>Shanin.specter@klinespecter.com | mkeys@baylegal.org |
| 16 | Philip.pasquarello@klinespecter.com | Attorneys for Intervenors |
| 17 | Attorneys for All Plaintiffs | Coalition on Homelessness |
| 18 | (215) 772-1000 (Telephone) | (415) 982-1300 (Telephone)<br>(415) 982-4243 (Facsimile) |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | Curtis F. Dowling, Esq.<br>Jak S. Marquez, Esq. | William S. Freeman, Esq.<br>John Thomas H. Do, Esq. |
| 23 | Dowling & Marquesz, LLP<br>625 Market Street, 4th Floor | ACLU Foundation of<br>Northern California 39 |
| 24 | San Francisco, CA 94105<br>curtis@dowlingmarquez.com | Drumm Street San Francisco,<br>CA 94111 |
| 25 | Attorneys for Plaintiff | wfreeman@aclunc.org<br>jdo@aclune.org |
| 26 | | |
| 27 | (415) 977-0444 (Telephone)<br>(415) 977-0156 (Facsimile) | Counsel for Amicus Curiae<br>(ACLU Foundation of Northern |
| 28 | | California) |

POS-Intervenors' Response to Defendant's Admin Mtn to Consider Whether Cases Should be Related
Case No. 4:20-cv-3033-JST                                                                                    2

| | |
|---|---|
| | (415) 621-2943 |
| Edmund T. Wang, Deputy City Attorney<br>David Chiu, City Attorney<br>James F. Hannawalt, Acting Chief Trial Deputy<br>Jeremy M. Goldman, Esq.<br>Tara M. Steeley, Esq.<br>Renée E. Rosenblit, Esq.<br>Zuzana S. Ikels, Esq.<br>1390 Market Street, Sixth Floor<br>San Francisco, CA 94102<br>jeremy.goldman@sfcityattny.org<br>tara.steeley@sfcityattny.org<br>renee.rosenblit@sfcityattny.org<br>edmund.wang@sfcityatty.org<br>anita.murdock@sfcityatty.org,<br>celena.sepulveda@sfcityatty.org,<br>sophia.garcia@sfcityatty.org,<br>winnie.fong@sfcityatty.org<br>Zuzana.ikels@sfcityattny.org<br><br>Attorneys for Defendant City and County of San Francisco<br><br>Wang Direct: (415) 554-3857<br>Goldman Direct: (415) 554-6762<br>Steeley Direct: (415) 554-4655<br>Rosenblit Direct: (415) 554-3975<br>Stevens Direct: (415) 554-3975<br>Ikels Direct: (415) 355-3307<br>Fax: (415) 554-3837 | Laura Wilson-Youngblood<br>College of the Law, San Francisco<br>200 McAllister St<br>San Francisco, CA 94102<br>wilsonyoungbloodl@uchastings.edu<br><br>Attorney for Plaintiff<br>COLLEGE OF THE LAW, SAN FRANCISCO<br><br>415-565-4851 |

**CHAMBERS COPY LODGED WITH THE FOLLOWING JUDGES**

| JUDGE | CASE |
|---|---|
| District Judge Jon S. Tigar | Hastings College of the Law et al v. City and County of San Francisco, case no. 4:20-cv-03033-JST |

POS-Intervenors' Response to Defendant's Admin Mtn to Consider Whether Cases Should be Related
Case No. 4:20-cv-3033-JST                                                                                                      3

| | |
|---|---|
| Magistrate Judge Donna M. Ryu | Coalition on Homelessness, et al. v. City and County of San Francisco, et al, case no. 4:22-cv-05502-DMR ( "COH") |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 10, 2023, at Los Angeles, California.

_____
Gabrielle Hoverter, Declarant