Lauren Hansen (CA BAR NO. 268417)
Melissa A. Morris (CA BAR NO. 233393)
PUBLIC INTEREST LAW PROJECT
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: lhansen@pilpca.org

Lili V. Graham (CA BAR NO. 284264)
DISABILITY RIGHTS CALIFORNIA
350 S Bixel Street, Ste 290
Los Angeles, CA 90017-1418
Tel: (213) 213-8000
Fax: (213) 213-8001
Email: lili.graham@disabilityrightsca.org

**(Additional counsel on following page)**

Attorneys for INTERVENORS
HOSPITALITY HOUSE, COALITION ON
HOMELESSNESS, and FAITHFUL FOOLS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>      Plaintiffs,<br><br>      v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>      Defendant. | Case No. 4:20-cv-3033-JST<br><br>**DECLARATION OF LAUREN HANSEN IN SUPPORT OF INTERVENORS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED**<br><br><br>Action Filed: May 4, 2020 |

Michael David Keys (CA BAR NO. 133815)
BAY AREA LEGAL AID
1454 43rd Avenue
San Francisco, CA 94122
Tel: (415) 982-1300
Fax: (415) 982-4243
Email: mkeys@baylegal.org

**(Counsel for Intervenors continued from previous page)**

I, Lauren Hansen, declare:

1. I am an attorney with the Public Interest Law Project, admitted to practice law in California and before this court. I represent Intervenors Hospitality House, Coalition on Homelessness, and Faithful Fools in Intervenors' Opposition to the City and County of San Francisco's Motion to Relate *Coalition on Homelessness et al. v. City and County of San Francisco*: Case No.: 4:22-cv-05502-DMR to this case.

2. The facts set forth below are known to me personally, and I have first-hand knowledge of these facts. If called as a witness, I could and would testify competently, under oath, to such facts.

3. After Plaintiffs College of Law, et al. filed their case against the City and County of San Francisco ("City") complaining about homelessness in the Tenderloin Neighborhood, I became aware that the parties had immediately entered into settlement negotiations.

4. On June 2, 2020, I sent a letter to Plaintiffs and the City asking them to stipulate to Hospitality House's, Coalition on Homelessness's, and Faithful Fools' intervention in the case to make sure that unhoused people had a say in the negotiations. Plaintiffs and the City declined this request.

5. Even though Plaintiffs and the City shut our clients out of the settlement discussions, we endeavored at every opportunity to provide input into the negotiated agreement and its implementation.

6. We communicated with Judge Corley about our clients' concerns with the Stipulated Injunction and we proposed changes, but those communications did not result in any amendments to the Stipulated Injunction.

7. On August 14, 2020, I sent a detailed letter to Jeremy Goldman of the San Francisco City Attorney's office that described Intervenors' concerns with the Stipulated Injunction and proposed potential modifications and/or agreements to address those concerns. After that I exchanged emails with Mr. Goldman, and we spoke multiple times. However, the City was not willing to agree to any modifications to the Stipulated Injunction.

8. Throughout the remainder of 2020 and much of 2021, my colleagues and I

1  continued to communicate with Mr. Goldman about potential improvements to the City's
2  Coordinated Entry System to address some of the issues that Intervenors had raised in this
3  lawsuit, and the City committed to several requested changes.

4  9. During the summer and fall of 2020, I also supported Hospitality House's,
5  Coalition on Homelessness's, and Faithful Fools' on-the-ground efforts to make sure the City
6  implemented the agreement in a fair and equitable way, especially for unhoused people who
7  have physical and mental health impairments. I spoke with Kelley Cutler and Brian Edwards,
8  staff for the Coalition on Homelessness, as well as Joe Wilson, Executive Director of Hospitality
9  House, and Sam Dennison at Faithful Fools regularly while the City implemented the Stipulated
10 Injunction. They were conducting outreach and speaking with City staff as they helped unhoused
11 people secure Shelter-in-Place hotels and other shelter placements. I reviewed videos of their
12 attempts to get City officials to offer available and appropriate shelter to unhoused people in the
13 Tenderloin, including people with disabilities.

14 10. Three years have passed since the case was administratively closed, and I was not
15 aware of any alleged dispute between Plaintiffs and the City regarding the Stipulated Injunction.

16 11. On September 8, 2023, I received a notification from the Court, referring the
17 parties to a pre-settlement conference. I called Tara Steeley, Deputy City Attorney on September
18 11, 2023, and left her a voicemail message inquiring about why the case was being referred to
19 settlement. She did not return my phone call. I also emailed Ms. Steeley and her colleague
20 Wayne Snodgrass, and received no reply.

21 12. I was not aware of the discussions about the Stipulated Injunction that Plaintiffs
22 and the City claim, in their moving papers, to have been for months. I did not know that the
23 Plaintiffs had initiated the ADR procedure described in Section VI of the Stipulated Injunction in
24 contemplation of a motion filed with the Court.

25 13. I also did not know that the Plaintiffs and the City had a settlement conference
26 with Judge Corley on September 8, 2023, and I would have tried to attend that settlement
27 conference on behalf of my clients if I had known about it. I am not aware of any notification
28 from the Court that this conference was set, or any minute entry showing that it was held.

14. I participated in a call with Judge Cisneros to discuss Intervenors' participation in the new round of discussions of the Stipulated Injunction on September 15, 2023. I also participated in a pre-settlement conference with all of the parties on October 2, 2023.

15. Later that afternoon on October 2, 2023, I received an email from Zuzana Ikels, Deputy City Attorney, asking if Intervenors' would join the City in a motion to relate the Coalition on Homelessness case to this one. She stated that the City was planning to file the motion the next day. After reviewing a draft stipulation, Intervenors' declined to stipulate to the Motion and indicated that we would oppose the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed on October 10, 2023 Oakland, California.

_____
Lauren Hansen
*Attorney for Intervenors*
*Hospitality House; Coalition on Homelessness; and Faithful Fools*