MICHAEL A. KELLY, State Bar No. 71460
  MKelly@WalkupLawOffice.com
RICHARD H. SCHOENBERGER, State Bar No. 122190
  RSchoenberger@WalkupLawOffice.com
MATTHEW D. DAVIS, State Bar No. 141986
  MDavis@WalkupLawOffice.com
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA  94108
Telephone:  415-889-2919
Facsimile:  415-391-6965

SHANIN SPECTER, (Pennsylvania State Bar No. 40928)
(Pro Hac Vice Application Pending)
  shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
  alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Telephone: 215-772-1000

Attorneys for All Plaintiffs


JOHN K. DIPAOLO, State Bar No. 321942
  dipaolojohn@uchastings.edu
General Counsel
Secretary to the Board of Directors
College of the Law, San Francisco
200 McAllister Street
San Francisco, CA  94102
Telephone:  415-565-4787
Facsimile:  415-565-4825

Attorney for Plaintiff
COLLEGE OF THE LAW, SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; <br> FALLON VICTORIA, an individual; <br> RENE DENIS, an individual; | Case No. 4:20-cv-03033-JST <br><br> **PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION** <br><br> **ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JON S. TIGAR. COURTROOM 6** |

| | |
|---|---|
| TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>Defendant. | Date:   04/18/2024<br>Time:   2:00 p.m.<br><br>Action Filed:   05/04/2020<br>Trial Date:      (TBD) |

///

///

///

PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

**TABLE OF CONTENTS**

Page

I. FACTUAL AND PROCEDURAL HISTORY ........................................................................ 1

II. LEGAL STANDARD ................................................................................................... 5

III. ARGUMENT ............................................................................................................. 6

    A. Judge Ryu's Order Only Applies to Individuals who are Involuntarily Homeless. ................................................................................ 6

    B. Judge Ryu Cannot Issue an Order that Negates the Stipulated Injunction. ................................................................................................. 7

IV. CONCLUSION .......................................................................................................... 8

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

i
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Armstrong v. Brown*, 857 F. Supp. 2d 919 (N.D. Cal. 2012) ........................................... 6

*Callie v. Near*, 829 F.2d 888 (9th Cir. 1987) ................................................................. 5

*Coal. on Homelessness v. City & Cnty. of San Francisco*, 90 F.4th 975 (9th Cir. 2024) ............................................................................................................... passim

*Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988) .............................................. 8

*Grants Pass, OR v. Johnson*, No. 23-175, 2024 WL 133820 (U.S. Jan. 12, 2024) 4, 5, 6, 7

*Green v. Citigroup, Inc.*, 68 F. App'x 934 (10th Cir. 2003) ............................................. 8

*Johnson v. City of Grants Pass*, 72 F.4th 868 (9th Cir. 2023) ........................................ 3

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673 (1994) ............................. 6

*Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) ..................................................... 3

*Pierce v. Obama*, 2014 WL 4959062, at *2 (S.D. Cal. Aug. 20, 2014) .......................... 8

*Ryan v. Editions Ltd. W., Inc.*, 2016 WL 7826651, at *2 (N.D. Cal. Sept. 23, 2016) ................................................................................................................................. 5

*United States v. Feathers*, 2016 WL 7337518, at *9 (N.D. Cal. Dec. 19, 2016) ............. 8

*Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202 (N.D. Cal. 2017) ...................... 4

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

ii
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

Plaintiffs, College of the Law, San Francisco, Fallon Victoria, Rene Denis, Randy Hughes, and Kristen Villalobos and Tenderloin Merchants and Property Association, by and through their undersigned counsel, submit this Motion to Enforce Stipulated Injunction.  Plaintiffs respectfully request that this Court order the City and County of San Francisco ("the City") to resume full compliance with the Stipulated Injunction, including by making "all reasonable efforts" to bring the number of homeless encampments and tents in the Tenderloin neighborhood to zero.

## I.   FACTUAL AND PROCEDURAL HISTORY

In May 2020, Plaintiffs initiated a lawsuit in this Court against the City, alleging that unsanitary and unsafe conditions in the Tenderloin neighborhood, including the growing number of makeshift shelters and tents on the sidewalks, violated the civil rights of those who lived there, including residents, visitors, employees of local businesses and their patrons, persons with disabilities, and others who were deprived of the safe use and enjoyment of its sidewalks and streets.  *See* Dkt. No. 1.  In June 2020, the parties reached a settlement and entered a Stipulated Injunction.  *See* Dkt. No. 71.  As part of the Stipulated Injunction, the City agreed to:

- "[M]ake all reasonable efforts to achieve the shared goal of permanently reducing the number of tents, along with all other encamping materials and related personal property, [in the Tenderloin] to zero."

- "[D]iscourage additional people from erecting tents in the neighborhood."

- "[T]ake action to prevent re-encampment."

- "[E]mploy enforcement measures for those who do not accept an offer of shelter or safe sleeping sites to prevent re-encampment."

*Id.* at pp. 3-4.  Upon dismissal of the action, the Court retained jurisdiction over the Stipulated Injunction.  *See* Dkt. 99.

Far from making all reasonable efforts to reduce the number of tents and encampments to zero as required per the Stipulated Injunction, the City has lost ground. The City initially showed significant success, reducing the number of tents in the Tenderloin from 448 in May 2020 to 22 in October 2020. *See* Decl. of Rhiannon

Bailard at ¶¶ 3–5. But the number of tents now sits at more than triple that figure. *See id.* at ¶ 7. A new count conducted at 11pm on February 14, 2024 found that there were 71 tents in the Tenderloin. *Id.*

Plaintiffs have engaged in extensive discussion with the City to address this backsliding, but these discussions have been fruitless. The City has failed to "make all reasonable efforts" to "reduce the number of tents" in the Tenderloin "to zero" or "to prevent re-encampment," as required by the Stipulated Injunction. *See* Dkt. No. 71 (Stipulated Injunction) at p. 3. For example, the City has access to approximately 300 unused shelter spaces[1] but has failed to make all reasonable efforts to relocate occupants of tents to these alternative locations as required by the Stipulated Injunction. Thus, the City is in breach of its obligations under the Stipulated Injunction to make all reasonable efforts and take associated measures to achieve clear sidewalks in the Tenderloin. *See* page 1, *supra*.

Plaintiffs' counsel met and conferred with counsel for the City on June 14, 2023 and raised these failures on the part of the City.  The parties then submitted their dispute to Magistrate Judge Cisneros, as required by the Stipulated Injunction *See* Dkt. No. 71 at p. 4.  The parties attended settlement conferences before Judge Cisneros on September 20, October 2, and November 15, 2023, but were unable to negotiate a resolution. *See* Dkt. Nos. 110, 115, 122, 123, 124.

The City's position is that it is barred from taking the enforcement measures required under the Stipulated Injunction by an order handed down by Chief Magistrate Judge Ryu in another matter, *Coalition on Homelessness, et al. vs. City and County of San Francisco, et al* on December 23, 2022 ("Judge Ryu's Order"). Judge Ryu's Order states:

> Defendants are preliminary enjoined from enforcing or threatening to enforce, or using California Penal Code

---

[1] *See* "Shelter and Crisis Interventions," San Francisco Department of Homelessness and Supportive Housing, *available at* https://hsh.sfgov.org/services/the-homelessness-response-system/shelter/#:~:text=Shelter%20guests%20who%20need%20to,moving%20to%20Shelter%20Overflow%20units

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

> section 148(a) to enforce or threaten to enforce, the following laws and ordinances to prohibit involuntarily homeless individuals from sitting, lying, or sleeping on public property:
>
> - California Penal Code section 647(e)
> - California Penal Code section 370
> - California Penal Code section 372
> - San Francisco Police Code section 168
> - San Francisco Police Code section 169
>
> This preliminary injunction shall remain effective as long as there are more homeless individuals in San Francisco than there are shelter beds available.

*Coal. on Homelessness v. City & Cnty. of San Francisco,* 647 F. Supp. 3d 806, 842 (N.D. Cal. 2022), *aff'd in part, remanded in part*, No. 23-15087, 2024 WL 125340 (9th Cir. Jan. 11, 2024), and *aff'd*, 90 F.4th 975 (9th Cir. 2024)

In support of her order, Judge Ryu cited two Ninth Circuit cases holding that cities are prohibited by the Eight Amendment from punishing involuntary homelessness, *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) and *Johnson v. City of Grants Pass*, 72 F.4th 868 (9th Cir. 2023). *Id.* at 832-833.

The City appealed Judge Ryu's Order to the Ninth Circuit Court of Appeals. On appeal, the City argued that to the extent an individual has refused available shelter, he or she is not involuntarily homeless and therefore *Boise* and *Grants Pass* do not apply. *Coal. on Homelessness v. City & Cnty. of San Francisco*, 90 F.4th 975, 977 (9th Cir. 2024). On January 11, 2024, the panel unanimously issued a Memorandum limiting Judge Ryu's Order and holding, *inter alia,* that "a person who has refused a specific offer of available shelter is not involuntarily homeless" and can be lawfully relocated by the City. *Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 23-15087, 2024 WL 125340, at *1 (9th Cir. Jan. 11, 2024). The panel remanded the case to the district court to reconsider the preliminary injunction in light of this holding. *Id.* at *2.

The City further argued in its appeal that enforcing the cited laws and ordinances would not "prohibit involuntarily homeless individuals from sitting, lying,

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

or sleeping on public property," as Judge Ryu had held, because enforcement would only "require individuals to relocate from specific encampment sites and only at certain times." *Coal. on Homelessness*, 90 F.4th at 977. For example, the City noted that homeless individuals removed from encampment sites could relocate to parks, beaches, or plazas. *Id.* at 980-981. In its separate Opinion, the court held that the City waived this argument by not raising it below. *Id.* at 977-98. Importantly, as Judge Bumatay emphasized in dissent to the holding in the Opinion, "the majority d[id] not endorse" the district court's reasoning, but "simply conclude[d] that San Francisco's arguments on appeal were waived." *Id.* at 983 (Bumatay, J., dissenting). Thus, "the district court's legal rulings are not the law of [the Ninth Circuit]" and "should be disregarded by other judges in this circuit." *Id.*

The day after the panel issued its rulings in *Coalition on Homelessness*, the United States Supreme Court granted certiorari in *Grants Pass*. *See Grants Pass, OR v. Johnson*, No. 23-175, 2024 WL 133820 (U.S. Jan. 12, 2024). The Question Presented is: "Does the enforcement of generally applicable laws regulating camping on public property constitute 'cruel and unusual punishment' prohibited by the Eighth Amendment?" *See Grants Pass, OR v. Johnson*, Petition for a Writ of Certioriari, 2023 WL 5530379 (U.S.), *i.

The City filed an amicus brief in support of the petition for writ of certiorari in *Grants Pass*. *See* Brief for Amici Curiae City and County of San Francisco and Mayor Breed in Support of Petitioner, *Grants Pass, OR v. Johnson* (attached hereto as Exhibit "A"), at 4-5.[2] In its amicus brief, the City aptly described the deplorable conditions in San Francisco's "poorest and most vulnerable neighborhoods," a category that certainly includes the Tenderloin, and conceded that the City has chosen not to enforce its laws in response to this problem – which certainly falls short

---

[2] Plaintiffs are filing a request for judicial notice of the City's amicus brief together with this Motion. The City's brief "is judicially noticeable because it is a court filing from another judicial proceeding." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017).

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

of its "all reasonable efforts" commitment. *Id.* The City's purported rationale for not doing more to reduce the number of tents and encampments is that Judge Ryu's Order prevents it from doing so. *Id.* In the City's words:

> This judicial intervention [i.e., Judge Ryu's Order] has led to painful results. The sad fact is that thousands of persons experiencing homelessness sleep on San Francisco streets in sleeping bags, tents, and makeshift structures. Many of them refuse offers of services and shelter. These encampments block sidewalks, prevent employees from cleaning public thoroughfares, and create health and safety risks. Local businesses, residents, and visitors also need to use these same public spaces, but frequently cannot. Often, encampments exist just outside of apartment buildings, schools, senior centers, and other community buildings, forcing families with children, persons with disabilities, and older community members to navigate them. Even worse, the City's poorest and most vulnerable neighborhoods are often those wrestling hardest with the formidable challenges that encampments present. Without the ability to fully enforce its laws during the injunction, San Francisco has seen over half of its offers of shelter and services rejected by unhoused individuals. *Id.*

But contrary to the City's assertions, nothing in Judge Ryu's Order prevents the City from clearing tents and encampments once the occupants have "refused a specific offer of available shelter," which the Ninth Circuit further clarified on appeal. *Coal. On Homelessness*, 2024 WL 125340, at *1 (Memorandum). Thus, Plaintiffs respectfully request that this Court order the City to resume full compliance with the Stipulated Injunction, including by making all reasonable efforts to reduce the number of tents and encampments in the Tenderloin to zero.

## II. LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "An agreement must meet two requirements before it can be enforced. First, the agreement must be complete. Second, both parties must have agreed to the terms of the settlement." *Ryan v. Editions Ltd. W., Inc.*, 2016 WL 7826651, at *2 (N.D. Cal. Sept. 23, 2016). A federal court has authority to enforce a settlement after a case has been dismissed where, as here, it expressly retained

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

authority to enforce the settlement upon dismissal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673 (1994). Likewise, where a party is subject to an injunction and the movant demonstrates *prima facie* evidence of non-compliance, the district court is empowered to enforce the injunction. *See Armstrong v. Brown*, 857 F. Supp. 2d 919, 950-51 (N.D. Cal. 2012) (granting plaintiffs' motion to enforce injunction mandating defendants to provide prisoners with ADA-compliant accommodations).

## III. ARGUMENT

### A. Judge Ryu's Order Only Applies to Individuals who are Involuntarily Homeless.

Judge Ryu's Order does not conflict with the Stipulated Injunction because it only applies to individuals who are *involuntarily* homeless. As the Ninth Circuit clarified on appeal, the Order does not apply to individuals who have "refused a specific offer of available shelter." *Coal. On Homelessness*, 2024 WL 125340, at *1 (Memorandum); *accord Boise*, 920 F.3d 617 (holding that anti-camping laws can still be enforced against "individuals who *do* have access to adequate temporary shelter, whether because they have the means to pay for it or because it is realistically available to them for free, but who choose not to use it."); *Grants Pass*, 50 F.4th at 813 (holding that cities can enforce local ordinances to remove homeless individuals so long as there are "other place[s] in the City for [the homeless individuals] to go").

There are currently approximately 300 unused shelter spaces in San Francisco.[3] The City is obligated to offer these shelter spaces to the occupants of the Tenderloin's homeless encampments pursuant to the Stipulated Injunction, which provides that the City will, *inter alia*, "make all reasonable efforts" to "permanently reduc[e] the number of tents" in the Tenderloin "to zero." *See* Dkt. No. 71 (Stipulated Injunction) at p. 3. Homeless individuals who refuse these shelter spaces would not qualify as involuntarily homeless, and thus, Judge Ryu's Order would not bar the

---

[3] *See* note 1, *supra*.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

City from clearing the encampments.

Alternatively, as the City itself argued on appeal in *Coalition on Homelessness*, homeless individuals who are removed from encampments on sidewalks are free to relocate to other locations such as beaches and plazas. Thus, even absent available shelter spaces, there are "other place[s] in the City for [homeless individuals] to go." *Grants Pass*, 50 F.4th at 813. This is a second, independent reason why the Eighth Amendment and this circuit's precedent do not prohibit the City from complying with the Stipulated Injunction. While the City waived this argument in *Coalition on Homelessness*, this Court is free to consider it here and to conclude that the City must comply with the Stipulated Injunction regardless of the availability of unused shelter spaces.

In sum, the City may enforce any laws regarding removal of tents, encamping materials, and related personal property in the Tenderloin without violating Judge Ryu's Order or Ninth Circuit precedent—and the City is obligated to do so under the terms of the Stipulated Injunction.

### B. Judge Ryu Cannot Issue an Order that Negates the Stipulated Injunction.

Judge Ryu did not purport in her Order to overrule or modify the Stipulated Injunction, and for the reasons discussed above, the Stipulated Injunction does not conflict with Judge Ryu's Order. However, even if the City's interpretation were correct and Judge Ryu's Order did conflict with the Stipulated Injunction, this Court would not be bound by Judge Ryu's Order. As Judge Bumatay noted in his dissent, Judge Ryu's "legal rulings are not the law of our court and they should be disregarded by other judges in this circuit." *Coal. on Homelessness*, 90 F.4th at 983 (Bumatay, J., dissenting). Moreover, this Court issued the Stipulated Injunction prior to the issuance of Judge Ryu's Order, and it is well-settled that one district judge (or magistrate judge) does not have the authority to countermand or negate the prior order of another district judge. *See, e.g., United States v. Feathers*, 2016 WL

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

7337518, at *9 (N.D. Cal. Dec. 19, 2016); *Green v. Citigroup, Inc.*, 68 F. App'x 934, 936 (10th Cir. 2003) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court."); *Pierce v. Obama*, 2014 WL 4959062, at *2 (S.D. Cal. Aug. 20, 2014); *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). Thus, to the extent the Stipulated Injunction and Judge Ryu's Order conflict, the Court can and should enforce the terms of the prior-in-time Stipulated Injunction.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and order the City to resume full compliance with the Stipulated Injunction, including by taking enforcement measures as needed.

Dated: March 14, 2024          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____/S/ Matthew D. Davis_____
MICHAEL A. KELLY
RICHARD H. SCHOENBERGER
MATTHEW D. DAVIS
Attorneys for All Plaintiffs

Dated: March 14, 2024          KLINE & SPECTER, P.C.

By: _____/S/ Shanin Specter_____
SHANIN SPECTER
ALEX VAN DYKE
Attorneys for All Plaintiffs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

Dated: March 14, 2024             COLLEGE OF THE LAW, SAN FRANCISCO

                                  By:    */S/ John K. Dipaolo*
                                         JOHN K. DIPAOLO
                                         LAURA M. WILSON-YOUNGBLOOD
                                         Attorneys for Plaintiff College of the Law,
                                         San Francisco

**CERTIFICATE OF SERVICE**

I, Matthew D. Davis, Esquire, hereby certify that I electronically filed the following document by using the CM/ECF system on March 14, 2024.

                                  By:    */S/ Matthew D. Davis*
                                         MATTHEW D. DAVIS

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

# PROOF OF SERVICE

**Hastings v. City and County San Francisco**
**USDC-Northern California Case No. 4:20-cv-3033-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

- **PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION**

- **DECLARATION OF RHIANNON BAILARD IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION**

- **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

- **[PROPOSED] ORDER**

to:

| | |
|---|---|
| Shanin Specter, Esq.<br>(Pennsylvania State Bar No. 40928)<br>(Pro Hac Vice Application Pending)<br>Alex Van Dyke, Esq.<br>(CA State Bar No. 340379)<br>KLINE & SPECTER, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | **Co-Counsel for All Plaintiffs**<br><br>Office: (215) 772-1000<br>Facsimile: (215) 772-1359<br>shanin.specter@klinespecter.com<br>alex.vandyke@klinespecter.com |
| John K. Dipaolo, Esq.<br>General Counsel<br>Secretary to the Board of Directors<br>College of the Law, San Francisco<br>200 McAllister Street<br>San Francisco, CA 94102 | **Counsel for Plaintiff**<br>**College of the Law, San Francisco**<br><br>Telephone: (415) 565-4787<br>Facsimile: (415) 565-4825<br>dipaolojohn@uchastings.edu |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

| | | |
|---|---|---|
| 1 | Edmund T. Wang, Deputy City Attorney<br>David Chiu, City Attorney | **Counsel for Defendant City and County of San Francisco** |
| 2 | James F. Hannawalt, Acting Chief Trial Deputy | |
| 3 | Jeremy M. Goldman, Esq.<br>Tara M. Steeley, Esq. | Wang Direct: (415) 554-3857<br>Goldman Direct: (415) 554-6762<br>Steeley Direct: (415) 554-4655 |
| 4 | Renée E. Rosenblit, Esq.<br>Zuzana S. Ikels, Esq. | Rosenblit Direct: (415) 554-3975<br>Stevens Direct: (415) 554-3975 |
| 5 | John H. George, Esq.<br>1390 Market Street, Sixth Floor | Ikels Direct: (415) 355-3307<br>George Direct: (415) 554-4223 |
| 6 | San Francisco, CA 94102-4682 | Fax: (415) 554-3837<br>jeremy.goldman@sfcityattny.org |
| 7 | | tara.steeley@sfcityattny.org<br>renee.rosenblit@sfcityattny.org |
| 8 | | edmund.wang@sfcityatty.org<br>Zuzana.ikels@sfcityattny.org |
| 9 | | john.george@sfcityatty.org<br>anita.murdock@sfcityatty.org, |
| 10 | | celena.sepulveda@sfcityatty.org,<br>sophia.garcia@sfcityatty.org, |
| 11 | | winnie.fong@sfcityatty.org |
| 13 | Lauren Hansen, Esq.<br>Melissa A. Morris, Esq. | **Counsel for Proposed Intervenors Hospitality House; coalition on Homelessness; and Faithful Fools** |
| 14 | Public Interest Law Project<br>449 15th Street, Suite 301 | |
| 15 | Oakland, CA 94612-06001 | Office: (510) 891-9794<br>Fax: (510) 891-9727 |
| 16 | | lhansen@pilpca.org<br>mmorris@pilpca.org |
| 18 | Lili V. Graham, Esq.<br>Tiffany L. Nocon, Esq. | **Counsel for Proposed Intervenors Hospitality House; coalition on Homelessness; and Faithful Fools** |
| 19 | Disability Rights California<br>350 S. Bixel Street Suite 290 | |
| 20 | Los Angeles, CA 90017-1418 | Office: (213) 213-8000<br>Fax: (213) 213-8001 |
| 22 | | lili.graham@disabilityrightsca.org<br>tiffany.nocon@disabilityrightsca.org |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION - CASE NO. 4:20-cv-03033-JST

| | |
|---|---|
| Michael David Keys, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1454 43rd Avenue<br>San Francisco, CA 94122 | **Counsel for Proposed Intervenors Hospitality House; coalition on Homelessness; and Faithful Fools**<br><br>Office: (415) 982-1300<br>Fax: (415) 982-4243<br>mkeys@baylegal.org<br>jberger@baylegal.org |
| William S. Freeman, Esq.<br>John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111 | **Counsel for Amicus Curiae (ACLU Foundation of Northern California)**<br><br>(415) 621-2943<br>wfreeman@aclunc.org<br>jdo@aclune.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 14, 2024, at San Francisco, California.

*/s/ Kirsten Benzien*
Kirsten Benzien