| | |
|---|---|
| 1 | Lauren Hansen (CA BAR NO. 268417) |
| 2 | Melissa A. Morris (CA BAR NO. 233393)<br>PUBLIC INTEREST LAW PROJECT |
| 3 | 449 15th St., Suite 301<br>Oakland, CA 94612-06001 |
| 4 | Tel: (510) 891-9794<br>Fax: (510) 891-9727 |
| 5 | Email: lhansen@pilpca.org |
| 6 | |
| 7 | Lili V. Graham (CA BAR NO. 284264)<br>DISABILITY RIGHTS CALIFORNIA |
| 8 | 350 S Bixel Street, Ste 290<br>Los Angeles, CA 90017-1418 |
| 9 | Tel: (213) 213-8000<br>Fax: (213) 213-8001 |
| 10 | Email: lili.graham@disabilityrightsca.org |
| 11 | **(Additional counsel on following page)** |
| 12 | Attorneys for INTERVENORS |
| 13 | HOSPITALITY HOUSE, COALITION ON HOMELESSNESS, and FAITHFUL FOOLS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br><br>Defendant. | Case No. 4:20-cv-3033-JST<br><br>**DECLARATION OF JENNIFER FRIEDENBACH IN SUPPORT OF INTERVENORS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE STIPULATED INJUNCTION**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JON S. TIGAR, COURTROOM 6**<br><br>Date: 05/23/2024<br>Time: 2:00 p.m.<br><br>Action Filed: 05/04/2020<br>TRIAL DATE: (TBD) |

Case No. 4:20-cv-3033-JST
DECL OF J. FRIEDENBACH ISO INTVS' RESP TO PLTFS' MTN TO ENFORCE STIP INJUNCTION    1

1  Michael David Keys (CA BAR NO. 133815)
2  BAY AREA LEGAL AID
   1800 Market Street, 3rd Floor
3  San Francisco, CA 94102
   Tel: (415) 982-1300
4  Fax: (415) 982-4243
   Email: mkeys@baylegal.org
5
6  **(Counsel for Intervenors continued from previous page)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-3033-JST
DECL OF J. FRIEDENBACH ISO INTVS' RESP TO PLTFS' MTN TO ENFORCE STIP INJUNCTION   2

I, Jennifer Friedenbach, declare:

1. I am the Executive Director of the Coalition on Homelessness ("COH"). COH is an Intervenor in *UC SF Law, et al. v. City and County of San Francisco*: Case No.: 4:20-cv-03033-JST.  I make this Declaration in opposition to Plaintiffs' Motion to Enforce the Stipulated Injunction.

2. The facts set forth below are known to me personally, and I have first-hand knowledge of these facts.  If called as a witness, I could and would testify competently, under oath, to such facts.

3. Coalition on Homelessness has developed the leadership skills of unhoused San Franciscans to come up with genuine solutions to the housing crisis and to defend themselves against attacks on their civil rights. Our mission is to organize homeless people and front-line service providers to create permanent solutions to homelessness, while working to protect the human rights of those forced to remain on the streets.

4. We conduct daily outreach and weekly workgroup meetings to ensure our work is driven by the input and expertise of unhoused San Franciscans themselves. Through this, we lead campaigns for permanent solutions to homelessness which increase the amount of housing, services, and treatment programs available to homeless people, improve systems to access those programs, and ultimately get us closer to ending homelessness.

5. Currently, we are fighting to increase shower and water access for unhoused San Franciscans, who currently have little to no access to running water. Additionally, we are actively engaged with seniors and families living in their vehicles to secure housing placements and safe parking sites, enabling them to stabilize their living situation and transition from the streets. We are also fighting to expand access to housing, shelter, treatment and prevention for adults, families and youth, and to stave off proposed cuts to these programs.

6. Our work also coincides with ongoing efforts to reform San Francisco's Coordinated Entry System, which determines the allocation of the City's homelessness resources. These reforms are geared towards fostering a more accessible, equitable and responsive system that addresses the diverse needs and circumstances of San Francisco's unhoused community.

1   Additionally, we continue to defend the civil rights of unhoused people against criminalization
2   and property confiscation.
3       7.      The most recent Motion initiated by the University of California College of Law,
4   San Francisco poses a significant threat to the unhoused community, and will again cause harm
5   and trauma, if granted, by displacing unhoused residents with no other place to reside, lead to
6   property seizure and destruction, and continue the cycle of arrest and poverty. While the City has
7   previously committed to implementing strategies that take into account stakeholders' input and
8   are evidence-based, the demands outlined in the Motion would circumvent those strategies and
9   will not help the City reach its goals of addressing the homelessness crisis.
10      8.      The City cannot allow a narrow demand to displace unhoused individuals to take
11  the place of long-term strategies and approaches that will allow the City to address
12  homelessness. Enforcement actions against unhoused individuals are a near daily occurrence in
13  the City and the Tenderloin district. We strongly emphasize that enforcement actions should not
14  be taken unless housing with services model is prioritized and offered.
15      9.      Originally the lawsuit alleged that the City should follow their own policies,
16  which includes a services model, and the City should offer shelter before enforcement. However,
17  there is still a vigorous campaign to banish people with nowhere to go that does not align with
18  the policies set by the City to address homelessness.
19      10.     The Coalition on Homelessness is based in the Tenderloin district as is the
20  University, and so are the many unhoused people who reside there.  The University is asking the
21  City to kick out people who are from the community.
22      11.     It is my understanding that the court closed the case in 2020. However, after the
23  case was closed, the City has continued to schedule and conduct enforcement activities in the
24  Tenderloin as recent as this month. I receive regular reports of encampment cleanups. The City
25  has undertaken numerous encampment sweeps, particularly around the Dreamforce Conference
26  area. The City conducts encampment resolutions in the Tenderloin daily, seven days per week
27  starting at 9:00 a.m., entitled the Joint Force Operation (JFO). They cover four different
28  quadrants on a rotating basis. On Monday April 8, they started with quadrant 1 which is

Case No. 4:20-cv-3033-JST
DECL OF J. FRIEDENBACH ISO INTVS' RESP TO PLTFS' MTN TO ENFORCE STIP INJUNCTION   4

DocuSign Envelope ID: A3F7C3F3-4548-4998-8269-41DB4921272B

Larkin/Willow Street. The next day on April 9, they did Zone 2 which is Leavenworth and Eddy. That was followed by Quadrant 3 on the April 10, Taylor and Ellis. On the 11th, they did the last zone, 6th and Stevenson, and then started again with Quadrant 1 on the 12th and repeated the cycle.  The data I have received most recently states that there are two encampment resolutions each day City-wide on April 16, 17, and two more scheduled for April 18.

12.	During the COVID-19 pandemic, it is my understanding that the City received funding from the federal government to house people in Shelter in Place hotels and other safe sleeping sites. Our organization, in collaboration with other organizations, ensured that when the City addressed unhoused Tenderloin residents at the encampments, the unhoused residents were offered and moved into Shelter in Place hotels with the appropriate services and reasonable accommodations.

13.	Based on our experience, the Shelter in Place hotels led to a reduction in encampment numbers, and we were able to work with service providers to transition people into more trauma-informed, accessible accommodations.  The success of the Shelter in Place hotels really illustrated how accessible shelters, combined with coordinated services, can facilitate a pathway out of homelessness and into permanent housing. The City continues to have similar resources and programs that are similar to the Shelter in Place hotel model that can provide solutions to homelessness. It is important to continue the work of addressing homelessness with models and programs that have proven effective.

14.	We also know that there are still many people experiencing homelessness in San Francisco. According to the last San Francisco Point in Time Count, there were 7,754 people experiencing homelessness and San Francisco currently has just under 3,500 shelter beds. There are 160 people on the waitlist for shelter as of April 15, 2024 and there are more unhoused people than available shelter beds, especially following sweeps. Homelessness sweeps exacerbate issues of homelessness by leading to lost paperwork, interrupted or lost contact with service providers and outreach workers, heightened health risks and increased morbidity.

15.	To address the crisis, our organization emphasizes the need to prioritize several key actions: increase housing access like rental assistance; create cost effective ways to prevent

homelessness; fill vacancies; build new construction and acquire housing stock; and leverage federal and local programs to expand the private rental market.

16. In the meantime, we need to increase the shelter capacity and the ability to move people into more permanent housing faster while preventing individuals from becoming homeless. Homelessness is caused by deep structural inequities and attempting to removing people from site by citing arresting and destroying their property is not only cruel but wastes resources on the above-mentioned solutions.

17. Decades of criminalization, removing tents, confiscating property has demonstrated it does not solve homelessness, it simply makes it more difficult for unhoused people to survive. It also focuses on a structure as opposed to meeting the material needs of those living on the streets inside and outside of tents.

18. Coalition on Homelessness has also worked with the City and other stakeholders on the transformation of the Coordinated Entry System to prioritize expanding access points to comprehensively assess individuals, including ones with disabilities, within a unified system, and ensuring well trained and quality case management that results in housing placement.

19. Long term solutions also need to include adding a Special Family Count to the Point in Time Count, transform Coordinated Entry, implement the San Francisco Homeless family definition and craft a family homelessness strategic plan. The San Fransisco Homeless Family Definition should ensure all families who are homeless as defined by the official city definition passed in 2001 are eligible for housing and shelter and that specific needs of various homeless family populations are addressed. The City should also use the Family in Point Time Count results to design, resource, and execute outcomes to measure success in reducing family homelessness.

20. For the City to effectively tackle homelessness, it must adhere to its strategic plan in the Home by the Bay report. Strategic and effective policies must go beyond strict enforcement of a zero-tent policy like in this Injunction. To address poverty and homelessness, we need a multiprong approach.

21. The University's Motion to Enforce the Injunction should be denied because it

DocuSign Envelope ID: A3F7C3F3-4548-4998-8269-41DB4921272D

exacerbates homelessness, engages in a failed strategy, and does not include a multiprong approach to addressing homelessness in the Tenderloin district or San Francisco as a whole.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on April 17, 2024 San Francisco, California.

*Jennifer Friedenbach*
Jennifer Friedenbach
*Executive Director, Coalition on Homelessness*

Case No. 4:20-cv-3033-JST
DECL OF J. FRIEDENBACH ISO INTVS' RESP TO PLTFS' MTN TO ENFORCE STIP INJUNCTION   7